# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Teresa M. Gaffney.
 Individually,
Sarah K. Sussman,
Individually, and as,
Trustee of the
Sussman Family Trust,
Plaintiffs
vs.

**Circuit Court Judges:**
Chief Judge Ronald Ficarrotta,
In his individual capacity and in his
official capacity;
Judge Paul Huey,
in his individual capacity and
in his official capacity,
Judge Rex Barbas,
in his individual capacity and
in his official capacity,
Judge Caroline Tesche Arkin,
in her individual capacity and
in her official capacity,
Hillsborough County, a Municipal Entity,
And the State of Florida, Dept of Fin. Services,
Division of Risk Management;
Defendants.

Case No.:
CIVIL RIGHTS COMPLAINT

42 U.S.C. 1983, 1985
Fifth and Fourteenth
Amendments;

Florida Constitution:
Article I, section 9,
Article X, section 4
Fla.Stat. 817.535
Common Law Claims
Trial by Jury Requested

**ATTORNEYS FOR PLAINTIFFS:**
**James J. Macchitelli**
**Illinois Bar Number 6208773**
**1501 Perimeter Drive #400**
**Schaumberg, Illinois 60173**
**(847)-414-4532**
**jimmymacclaw@gmail.com**

**To be admitted**
**Pro Hac Vice**

**Sheldon McMullen**
**FBN: 0610674**
**1501 S. Dale Mabry Hwy.**
**Suite A-10**
**Tampa, FL33629**
**(813) 992-2889**
**sdm@sdmlawfirm.com**

**Dov Sussman**
**FBN:518920**
**P.O. Box 18112**
**(813) 992-2889**
**Tampa, Florida 33679**
**Tel.: (813) 287-1159**
**e-mail: dovsussman91@gmail.com**

# THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Teresa M. Gaffney.
 Individually,
Sarah K. Sussman,
Individually, and as,
Trustee of the
Sussman Family Trust,
Plaintiffs
vs.

<u>Circuit Court Judges</u>:
Chief Judge Ronald Ficarrotta,
In his individual capacity and in his
official capacity;
Judge Paul Huey,
in his individual capacity and
in his official capacity,
Judge Rex Barbas,
in his individual capacity and
in his official capacity,
Judge Caroline Tesche Arkin,
in her individual capacity and
in her official capacity,
Hillsborough County, a Municipal Entity,
And the State of Florida, Dept of Fin. Services,
Division of Risk Management;
Defendants.

Case No.:
CIVIL RIGHTS COMPLAINT

42 U.S.C. 1983, 1985
Fifth and Fourteenth
Amendments;

Florida Constitution:
Article I, section 9,
Article X, section 4
Fla.Stat. 817.535
Common Law Claims
Trial by Jury Requested

## ATTORNEYS FOR PLAINTIFFS

*/s/ Sheldon D. McMullen*
**Sheldon D. McMullen**

/s/ *Dov Sussman*
**DovSussman**

## COMPLAINT

NOW COMES, Teresa M. Gaffney, Sarah K. Sussman and Sarah K. Sussman as Trustee of the Sussman Family Trust, by and through their undersigned attorneys and files these claims as to Hillsborough County, a municipal entity; Hillsborough County Circuit Court Judges: Chief Judge Ronald Ficarrotta, in his individual and official capacity; Judge Paul Huey, in his individual capacity and in his official capacity; Judge Rex Barbas, in his individual capacity and in his official capacity; Judge Caroline Tesche Arkin, in her individual capacity and in her official capacity, and, as noted above,  Hillsborough County, a municipal entity, The State of Florida, Department of Financial Services, Division of Risk Management. The Plaintiffs request Trial by Jury on all counts in which Trial by Jury is available.

## JURISDICTION AND VENUE

1. This is an action for injunctive relief and damages pursuant to *42 U.S.C., sections 1983, 1985* based upon the continuing violations of Plaintiffs' rights under the *Fifth and Fourteenth Amendments to the United States Constitution*. Jurisdiction exists pursuant to *28 U.S.C., sections 1331 and 1343*, based upon *42 U.S.C., section 1983, 42 U.S.C., section 1985* and questions of federal constitutional law. Jurisdiction also exists under the

*Declaratory Judgment Act, 28 U.S.C., sections 2201(a) and 2202.*

*Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28*

*U.S.C., section 1367.*

2. Venue is proper in the Middle District of Florida, [Tampa Division], in that the events and conduct complained of herein all occurred in the Middle District of Florida, [Tampa Division].

## The Parties

3. The Plaintiff, Teresa M. Gaffney is a resident of Hillsborough County, Florida. The Plaintiff, Sarah K. Sussman is a legal resident of Hillsborough County, Florida; The Plaintiff, The Sussman Family Trust is a Florida Trust whose Trustee, is Sarah K. Sussman.

4. The Defendants are: Chief Judge Ronald Ficarrotta in his individual capacity and in his official capacity; Circuit Court Judge Paul Huey, in his individual capacity and in his official capacity; Circuit Court Judge Rex Barbas, in his individual capacity and in his official capacity; Circuit Court Judge Caroline Tesche Arkin in her individual capacity and in her official capacity; Hillsborough County, a municipal entity; the State of Florida, Department of Financial Services, Division of Risk Management.

## STATEMENT OF FACTS

5.  The underlying litigation evolves from an untimely filed action, (i.e., filed approximately one year beyond the Statute of Limitation) in the Circuit Court in and for Hillsborough County and otherwise referenced as Case No.: 14-CA-3762. (hereinafter referenced as, "3762"). The Plaintiffs in this matter, (Defendants below), uncovered the theft of approximately $1,000,000.00 from the Estate of John J, Gaffney. The theft of assets was documented as to the administrator ad litem and brought to the attention of the Plaintiffs, (Defendants below), listed in this complaint.

6.  The listed Defendants, in this action, acting in collusion, have statutory liability as well as common law, (state claims), liability for the actions and transgressions set forth in this complaint. Further, it is alleged by the Plaintiffs that Defendant Judge Ronald Ficarrotta, Defendant Judge Paul Huey, Defendant Judge Rex Barbas, and, Defendant Judge Carolyn Tesche Arkin, acting in concert with Hillsborough County, and/or with the tacit approval of Hillsborough County, together with additional and currently unknown/unnamed personnel, conspired, combined and colluded to deprive the Plaintiffs of their property, their reputation and their Federal and State Constitutional rights under color of law in contravention of the *5th and 14th Amendments to the U.S. Constitution and of those rights enumerated under*

*the Florida Constitution, including but not limited to: Article I, section 9 and Article X, section 4.*

7.  The undisputed facts are that on October 25, 2017 the Plaintiffs were unlawfully evicted from the Homestead Property belonging to the Plaintiffs in violation of Article I section 9 of the Florida Constitution and Article X Section 4 of the Florida Constitution as well as the provisions of HCHRO. The Plaintiffs were further denied the protections afforded them under the 5th and 14th Amendments to the United States Constitution, under color of law, as part of the collusive conduct of the parties named as Defendants herein.

8.  The unlawful eviction arose from a lawsuit filed after the expiration of the statute of limitations; the state court never had Subject Matter Jurisdiction and the state court filers lacked standing. The state court judges, acting in excess of all or any possible jurisdictional basis, elected to disregard/abrogate the Constitutional and Statutory rights to which the Plaintiffs herein were, and are, entitled. The defendants further elected to act as a rump legislature and re-write Florida Statute 415.1111 and Florida Statute 95.11 to further accommodate their goal of confiscation of the Plaintiffs property. To achieve this goal, the Defendants colluded, conspired and combined to bring about their unlawful purpose and took the necessary steps to perfect their conspiracy. Having utilized an unlawful means to effectuate an unlawful goal

the Defendants confiscated the property of the Plaintiffs; the Defendants then conspired, combined and colluded to award attorney fees and costs against Teresa Gaffney and Sarah Sussman on a flawed judgment in a case which the bench described as "dead on arrival", i.e., meritless. The collusive and conspiratorial actions taken by the Defendants, individually and as a collective body, were taken in furtherance of a conspiracy to seize valuable property from the Plaintiffs. There was no jurisdictional ambit of authority for the actions set forth in this complaint. The actions were taken under color of law so that the Defendants, individually and collectively, could successfully defraud the Plaintiffs and punish the Plaintiffs for exposing the theft of property and the outing of Defendant Judge Paul Huey for his predatory sexual conduct and other related acts effectuated in contravention of the law and which acts were set in motion under color of law.

9.  As an initial step in this conspiracy, Judge Paul Huey, in concert with other Defendants, named and unnamed, struck the pleadings of the Petitioners after Petitioner Teresa Gaffney refused to engage in a sexual relationship for a favorable ruling. The evidence is uncontroverted, and transcripts are available. There are witnesses to this morally repugnant extortion; those witnesses were not permitted to testify as to their firsthand knowledge of Judge Huey's behavior as described above and in other cases. Affidavits and other

materials were filed in the state court proceeding but were ignored by the several state court judges named in this complaint. In short, the gravamen of the actions taken by the defendants in this action evolve from two causes: (a) the Plaintiff Teresa M. Gaffney refused to engage in an illicit sexual act/acts with Defendant Judge Huey; (b) the Plaintiffs, (Defendants below), exposed Judge Huey's conduct and the overall pillaging of the Estate of John J. Gaffney.

10. Judge Paul Huey engaged in *ex parte* communications with opposing counsel in the state court matter in order to "fix" the case. Petitioners have the documents prepared by and/or on behalf of Judge Huey establishing the ex parte communications. Those documents were filed in the state court proceeding and were similarly ignored by the several state court judges named in this complaint. The determined indifference to the sexual extortion of Defendant Judge Huey was in furtherance of the conspiracy on the Part of the Defendants to mask the prohibited conduct of Defendant Judge Huey and the theft of approximately $1,000,000.00 of assets by the attorneys who filed the meritless lawsuit and who engaged in the documented ex parte communications with the Defendants. The Defendants are as responsible as these attorneys in the theft of the assets as the Defendants aided and abetted, covered up and relied on false and fraudulent orders.

11. Defendant Judge Huey recused himself from the case.

12. Defendant Judge Rex Barbas succeeded Defendant Judge Huey and became the presiding Judge. Defendant Judge Barbas, engaged in ex parte communications with other Defendants and, as yet, unnamed Defendants. Defendant Judge Barbas admitted to discussing this case with other judges, (at least 6). In reviewing the documented sexual extortion on the part of Judge Huey, Judge Barbas stated, on the record, that he found that Judge Huey did not do anything wrong.

13. Judge Barbas has admitted to conducting round table discussions in his division with other judges in his division as to cases and attorneys. Judge Huey and Judge Barbas have filed a significant number of bar grievances against attorneys as a means of "controlling" attorneys who do not bend to their unlawful commands. The filing of bar grievances by these two conspirators is in furtherance of their enterprise which enterprise is designed to intimidate attorneys to accede to the extortionate demands made by the judicial defendants and thereby further the goals of their unlawful enterprise.

14. The frequent ex parte communications, theft of assets from the Estate, fabrication of court orders, the perjury and subornation of perjury which occurred in this matter, (i.e., 3762), have been uniformly ignored, by the

Defendants; no oversight was provided. The county was at all times aware of these transgressions and elected to do nothing to remediate same.

15. The witnesses to this conduct have not been allowed to testify; the documentation of the above referenced conduct, which was filed by the Plaintiffs in the underlying case has been ignored by the Defendants in this matter.

16. Without a hearing and/or opportunity to be heard, Judge Barbas unlawfully seized and expropriated the Homestead Property and personal property of the Plaintiffs. Judge Barbas was, at all times relevant, without Jurisdictional or Constitutional authority; due process was ignored by the Defendants. The Defendant Judge Barbas, in furtherance of the conspiracy to defraud, seize and expropriate the Homestead Property/Residence of the Plaintiffs, collectively, granted relief in excess of the jurisdiction of Defendant Barbas which relief was not sought in any pleadings knowing that such relief was in contravention of the Florida Constitution, Florida Statutes, Florida caselaw, the U.S. Constitution, the U.S. Code and Federal cases involving the Florida Homestead exemption, (Article X, section 4), the HCHRO and Advisory opinions that have been sought by the 11th Circuit Court of Appeals from the Florida Supreme Court. The legal research performed by the Plaintiffs covering approximately 150 years of jurisprudence has failed to disclose any

case(s) supporting the actions taken by the Defendants to confiscate and expropriate the Homestead Property/Residence belonging to the Plaintiffs. On 13 September 2019 Defendant Judge Barbas, in an admission against interest, stated in open court, on the record, with the media present both audio and visual, that he, the Defendant Judge Barbas, took the Homestead Property of Sarah Sussman as a sanction against Teresa Gaffney for discovery orders that Judge Barbas issued. A review of the docket shows that Judge Barbas never issued such discovery orders. The transcript and docket reflective of this matter, were filed, and ignored, by the Defendants.

17. On 5 November 2019 Judge Barbas, at an Inns of Court Board meeting, conducted in Hillsborough County, Florida, engaged in ex parte communications with Samuel Salario, a Second District Court of Appeal Judge in the presence of witnesses. Judge Barbas knew that a Writ, (subsequently a Non-Final Appeal), was pending before the Second DCA and that such Writ was filed by the attorney for the present Plaintiffs, (Defendants below). Judge Barbas attempted to influence the Appellate Judge so as to rule against the Plaintiffs. On 7 November 2019 Judge Barbas stated in open court that he had discussed the case with six Judges. The identities of the six judges were never disclosed by Judge Barbas and such judges may have occupied positions on the circuit court as well as the appellate court. (Since the above

referenced ex parte incident, Judge Salario has resigned from the Second DCA).

18. Judge Barbas, in concert with the other Defendants, as well as presently unnamed Defendants, by his own admission, took the Homestead Property as a sanction in violation of Article X Section 4 of the Florida Constitution. There was no legal or constitutional authority or statutory authority for this tyrannical act; there was simply the collusion of the named Defendants to seize the Homestead Property/Residence of the Plaintiffs for the personal aggrandizement of the Defendants.

19. Subsequently Judge Barbas granted a Motion to Disqualify himself stating that he, the Defendant Judge Barbas, could not be fair and/or impartial as to the Plaintiffs or their attorney. The Defendant, upon information and belief, has appointed the successor Judge(s) on this case: Defendant Judge Caroline Tesche Arkin, thus violating the Disqualification Order and perverting the policy of blind rotation. Hillsborough County is responsible for the assignment of cases. The Defendant Judge Barbas, in so doing, acted in furtherance of the conspiracy to deprive the Plaintiffs of their rights under Florida Statute, the Florida Constitution, HCHRO as well as the Federal Constitution. In his disqualification order Judge Barbas stated that he could not be fair and impartial as to the Plaintiffs or their attorney.

20. Judge Caroline Tesche Arkin refused to allow any opportunity to be heard or due process and upheld the taking of Homestead Property as a Sanction in violation of Article X Section 4 of the Florida Constitution and therefore, without any legal, constitutional authority or statutory authority.

21. The Second District Court of Appeal Judge was Samuel Salario. He has resigned from the bench subsequent to the conversation with Judge Barbas.

22. There was an admission against interest made by Judge Huey - admitting to the sexual harassment and stating that the underlying state court case was never viable and should have been dismissed. Judge Huey further stated that he wants to get away from this case because he knows that he is "in trouble".

23. In a recent order issued by Defendant Judge Tesche Arkin, the Defendant Judge Arkin also admitted that the underlying state court lawsuit was "dead on arrival", i.e., meritless, but notwithstanding her assessment that the underlying case, (i.e., 3762), was meritless the Defendant Judge Arkin awarded significant sums of money in attorney fees against Teresa Gaffney and Sarah Sussman. The Defendant Judge Arkin relied on a Probate Court Order, alleged to exist by adverse counsel, which Probate Order does not exist. The Defendant Judge Arkin is aware that the alleged Probate Order does not exist. The Defendant Judge Arkin has prevented the use of discovery to compel the proponents of the mythical order to produce same. In obstructing

discovery calculated to disclose the non-existence of the mythical order, the Defendant Judge Arkin has perverted the ends of justice and has acted in furtherance of the conspiracy of the Defendants to confiscate the Homestead Property/Residence of the Plaintiffs.

24. The vitriol from these Judges is derivative from the refusal of the Plaintiff to engage in sexual acts, (which were specifically enumerated by Defendant Judge Huey, and which can be specifically corroborated by witnesses). The price for refusing the sexual advances of a reprobate judge is the conspiracy to teach the Plaintiffs a lesson. The Plaintiffs have lost their home their personal property, their business and, without any proof, or the necessity of a hearing/trial, the Plaintiff, Teresa Gaffney, has been found guilty of a quasi-criminal statute, which is not applicable to her, all in contravention of the law, all without due process, all in excess of the jurisdiction of the Defendants.

25. The Defendants have allowed manufactured "evidence" to be received by the court. The Defendants have given credence to such manufactured evidence, colluded in the introduction of manufactured evidence and based their rulings in this matter upon evidence which they knew, or should have known, was materially false.

26. The manufactured evidence includes, but is not limited to, the acceptance of false testimony under oath, which evidence was known to be false, the

allowance of perjured testimony and disregard for the textual interpretation of the Constitution of the United States, the Constitution of the State of Florida and the Statutes of the State of Florida.

27. Rather than perform the judicial work required under their oath of office, the Defendants conspired among themselves, and with others, to shortcut the judicial process. Specifically, the judicial and non-judicial Defendants singled out the Plaintiffs for retribution for "outing" Defendant Judge Huey. The Defendants created a false hypothesis, unjustly singled out the Plaintiffs and successfully endeavored to stretch the truth, obfuscate the law, pervert the ends of justice and apply a false narrative to inimical to the Plaintiffs which false narrative has resulted in substantial harm to the Plaintiff which harm continues and may be impossible to remediate.

28. In addition to the misconduct discussed in this complaint, which misconduct is attributable to the Defendants, in their collusive and conspiratorial plan to disregard dispositive evidence, exculpatory in nature, to wit: reports, affidavits, testimony, et cetera that should have been utilized by the Defendants and who, in their orders, claimed to be knowledgeable as to the court file. They were not familiar with the court file, or the Defendants choose to engage in willful blindness and ignore the overwhelming facts and citations to the law and Constitution as were contained in the court file.

29. As a proximate and direct result of the numerous instances of documented misconduct the Plaintiffs have suffered egregious losses, will continue to suffer egregious losses, have been subjected to a meritless award of attorney fees and have suffered the loss of homestead property, personal property, chattels and other items associated with the family. The Plaintiffs have been defamed and such defamatory practices have been engaged in by the Defendants in conscious and deliberate disregard for the truth, with the requisite scienter as to falsity of their calumny. But for the misconduct of the Defendants the devastation visited upon the Plaintiffs would not have occurred. Moreover, as set forth in the succeeding counts of this complaint there exist further and sundry damages attributable to the Defendants which damages are proximately and directly caused by the conduct of the Defendants in furtherance of their conspiracy to deprive the Plaintiffs of their Constitutionally protected rights and in contravention of those rights and privileges afforded to the Plaintiffs.

30. At all times relevant the Defendants were, individually and collectively, on notice as to the multiple instances of malfeasance attributable to each of the Defendants. At no time did any of the Defendants take action to enforce the law and thereby impede the violations occasioned by the actions complained of in this Complaint. All Defendants, individually and collectively, were on

notice as to the pendency of this Complaint.

31. The Defendants have no judicial immunity because the acts complained of and attributable to the Defendants are in excess of their jurisdictional authority and are not Judicial Acts. There is no judicial immunity for non-judicial acts which in this case includes, but is not limited to, sexual extortion, sexual discrimination, sexual harassment, covering up sexual extortion, sexual discrimination, sexual harassment, ex parte communications with opposing counsel in the frivolous lawsuit,  ex parte communications with Appellate Judges, aiding and abetting and covering up the theft of property and monies, aiding and abetting and covering up the theft of Homestead Property and administrative duties.

32. Hillsborough County was at all times relevant on notice of the acts complained of. The acts complained of are in contravention of the policies of the State of Florida and the policies of Hillsborough County and HCHRO.

33. Hillsborough County had a nondelegable duty to oversee the implementation of the HCHRO; Hillsborough County failed in its duty of oversight, thereby breaching its assumed obligations under the HCHRO.

34. Hillsborough County acquiesced in the conduct of the co-Defendants.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

**I.      Nature of the First Cause of Action:**

35. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-34, Statement of Facts, as set forth in the Complaint.

36. This is an action seeking Declaratory Relief pursuant to 28 U.S.C. sections 2201 and 2202. The Plaintiffs seek relief by way of a declaration that they have no liability, nor can such liability arise, in contravention of Article X, section 4 of the Florida Constitution, (Homestead Exemption), which would allow a trial court to accept an alleged, but un-proven putative creditor claim, as a basis to confiscate the Homestead Property of the Plaintiff in satisfaction of a non-existent and un-proven claim.

37. The subject property was at all times relevant Homestead Property, subject to the protections afforded Homestead Property as set forth at Article X, section 4 of the Florida Constitution. The Defendants at all times relevant conspired to confiscate the property and did so by way of an unlawful order issued by Defendant Judge Rex Barbas.

38. The Homestead Property is located in Hillsborough County, Florida and more fully described as:

ALL of Lot 30 and the South 31 Feed of Lot 29 of
KENTEL PARK SUBDIVISION, as per the recordation
In Plat Book 12 on Page 665 of the Public Records of
Hillsborough County, Florida.
The address is 119 South Clark Avenue,
Tampa, Florida 33609

39. On or about 4 April 2014, the Defendants conspired to utilize an order of the
    Probate Court which order was forged and was known by the Defendants to
    be forged.

40. The forged order was utilized by the Defendants to empower third parties to
    evict the family in residence at the Homestead Property. The family was
    allowed 15 minutes to depart.

41. At the time of the unlawful eviction the property was classified as Homestead
    Property, The Property was classified as such from its construction in
    approximately 1971 and is so classified presently.

42. Neither the Defendants or their agents at any time held any right, title or
    interest in the subject property

43. There is no caselaw extant in the State of Florida which would permit the
    taking of Homestead Property by a non-creditor under these facts.

44. The Defendant Judge Barbas stated that he caused the Homestead Property to
    be confiscated because the present Plaintiff Teresa Gaffney had violated his
    discovery order. In short, the Defendant Judge Barbas confiscated the

Homestead Property of one of the present Plaintiffs as a sanction against a second present Plaintiff. The Florida Constitution does not permit the taking of Homestead Property as a sanction. There were no orders issued by the Defendant Judge Barbas relative to Teresa Gaffney as to discovery.

45. In furtherance of the concerted action of expropriation of Homestead Property the Defendants, as set forth in paragraphs 5-34, conspired in the expropriation of Homestead property and having admitted that the underlying claim was "dead on arrival", (i.e., meritless), the Defendants caused to be awarded against the Plaintiffs a significant sum in the form of attorney fees which amounts to a judicially disguised act of theft.

46. This Cause of Action is part of an action brought pursuant to 42 USC 1983, 1985 and which takes up several additional causes of action brought under the Florida Constitution and Florida Law.

47. It is established law, Constitutionally and case made, that Homestead Property cannot be seized and/or levied against except under three Constitutional exceptions to the Homestead Exemption. None of the three exceptions to the Homestead exemption are applicable in this matter.

48. Testimony offered by a witness in the lower proceeding, i.e., 3762, unequivocally stated that the subject real property was Homestead Property.

This statement was unchallenged by the presiding Defendant Judge Barbas and/or adverse counsel. No testimony was offered by adverse counsel in opposition to the referenced testimony. Adverse counsel cited this evidentiary submission in its pleadings without contrary argument.

49. A Notice of Homestead was filed and served as to the subject property by the holder/declarer of Homestead Status of the property confiscated.

50. No response or challenge to the Declaration of Homestead was offered by adverse counsel.

51. There are no cognizable facts which would undermine the Homestead Status of the subject property.

52. There is no cognizable law which would support the confiscation of Homestead Property by the Defendants in this matter under the controlling facts.

**WHEREFORE,** The Plaintiffs, by and through undersigned counsel move this Court: (a) for a Declaration that the subject property was, and is, Homestead Property, as recognized by the Florida Courts, including without limitation the Florida Supreme Court; (b) pursuant to Article X, section 4 of the Florida Constitution Homestead Property cannot be confiscated by judicial whim; (3) the judiciary cannot amend the Constitution of the State of Florida; only the citizens of the State of Florida possess that authority.

## SECOND CAUSE OF ACTION
## Violation of Civil Rights---42 U.S.C., section 1983
## Due Process

53. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-34, Statement of Facts, as set forth in the Complaint.

54. As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law, and within the scope of their employment, deprived the Plaintiffs of their Constitutional right to Notice and Opportunity to be Heard as well as their right to a fair and impartial trial.

55. In the manner described more fully above, the Defendants prevented the taking of testimony by numerous key witnesses and deliberately ignored exculpatory evidence such as the affidavits of Gilbert Singer, Esq., J. Kevin Carey, Esq., and Teresa M. Gaffney, Esq. **Those affidavits are attached hereto as Plaintiffs Composite Exhibit "1".**

56. The prevention of the admission of exculpatory evidence is a per se violation of the due process rights of the Plaintiffs and constitutes a violation of 42 U.S.C section 1983.

57. The prevention of the admission of exculpatory evidence is a per se violation of the due process rights of the Plaintiffs in contravention of 42 U.S.C. section 1983 and where such obstruction of the due process rights of the Plaintiffs has been effectuated by the Defendants, in concert, constitutes conspiracy and as such is a violation of 42 U.S.C. section 1985(3).

58. In the course and scope of the underlying meritless litigation, (i.e., 3762), as described more fully above, the Defendants fabricated evidence and obstructed discovery which would have exposed the fabrication of evidence. The Plaintiffs presented evidence, by way of court filings, which conclusively demonstrated the presence of fabricated evidence, subornation of perjury and perjury to which the Defendants colluded. The Plaintiffs were at all times relevant prevented, by the Defendants, from utilizing live testimony to demonstrate the legal inexactitude of the causes of action asserted against them.

59. The Defendants failed to follow the law, failed to honor their oath of office, ignored evidence, exercised willful blindness as to the flagrant dishonesty which the Defendants allowed to continue. Had the Defendants honored their

oath and followed the law the court sanctioned crimes against the Plaintiffs would not have occurred.

60. The misconduct, deceit and fabrication of evidence exercised by the Defendants was the sine qua non necessary for the Defendants to visit harm on the Plaintiffs.

61. The Defendants deliberate actions taken without any jurisdictional basis but under color of law resulted in the denial of the constitutional rights of the Plaintiffs, particularly with respect to notice and opportunity to be heard as well as the deprivation of their collective rights, guaranteed pursuant to the U.S. Constitution, to a fair trial.

62. All of the above was perpetrated by the Defendants in their conspiratorial drive to deny the Plaintiffs their rights, particularly their rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and in violation of 42 U.S.C., section 1983 and section 1985(3).

63. As a result of this violation of their constitutional rights as to due process as well as to a fair trial, the Plaintiffs have suffered, at the hands of the Defendants, individually and collectively, and will continue to suffer, injuries, economic damages, emotional distress, loss of valuable property, pain, embarrassment and humiliation while the Defendants reap the benefits of their ill-gotten gains.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

### THIRD CAUSE OF ACTION
### Violation of Civil Rights---42 U.S.C., section 1983
### Equal Protection

64. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-34, Statement of Facts, as set forth in the Complaint.

65. As described more fully above, the Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law, denied the Plaintiffs of equal protection of the law in contravention of their constitutional rights.

66. Specifically, the Defendants actively participated in, or personally caused, the abuse of the Plaintiffs in a manner calculated to coerce submission to the nefarious goals of the Defendants and, for the Defendants to unlawfully secure money and property belonging to the Plaintiffs. The modus operandi described in this complaint appears to be motivated by animus and/or bias, which racial bias and/or gender bias constituted a purposeful discrimination.

67. As a result of this violation, Plaintiff suffered and continues to suffer economic loss and emotional distress as set forth in this complaint.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

## FOURTH CAUSE OF ACTION

**Violation of Civil Rights---42 U.S.C., section 1985(3)**
**Conspiracy to Deprive Constitutional Rights**

68. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-34, Statement of Facts, as set forth in the Complaint.

69. As set forth in the incorporated paragraphs, each of the Defendants conspired, directly or indirectly, for the purpose of depriving the Plaintiffs of Equal Protection of the Law.

70. In so doing, each of the Defendants took actions in furtherance of this conspiracy, causing injury to Plaintiffs.

71. The unlawful conduct complained of and described in this complaint was undertaken with malice, willfulness and reckless indifference to the rights of others.

72. The unlawful conduct described in this complaint was undertaken pursuant to the policy and practice of the Defendants in the manner described more fully in those paragraphs of this Complaint which paragraphs are indicated as incorporated by reference.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

### FIFTH CAUSE OF ACTION
42 U.S.C. section 1983
Conspiracy to Deprive Plaintiffs of Constitutional Rights.

73. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-34, Statement of Facts, as set forth in the Complaint.

74. Each of the Paragraphs set forth in this Complaint is incorporated by reference as if more fully set forth herein.

75. At a point in time as yet unknown to the Plaintiffs, the Defendants reached an agreement amongst themselves to formulate a complaint naming the Plaintiffs and alleging serious misconduct on their part, including but not limited to abuse of the elderly pursuant to *Fla.Stat. 415.1111*.

76. By orchestrating this conspiracy, the Defendants intended to deprive the Plaintiffs of their constitutional rights as described in the paragraphs incorporated by reference.

77. The Defendants knew that their conspiracy was without merit and have admitted to same in court. Indeed, the order issued at their collective behest, awarding nearly $ 400,000.00 in attorney fees to be paid by the Plaintiffs in this action acknowledges that the original case, *3762*, was "dead on arrival", i.e., meritless. The Defendants have acknowledged that they utilized a bad faith filing to unlawfully confiscate property of the Plaintiffs, to deny Plaintiffs of their right to trial, to 'bury" the exculpatory evidence submitted by the Plaintiffs and to then unlawfully award attorney fees against Plaintiffs the Defendants attempted to elevate or legitimize a bad faith filing. (Some might refer to this as putting lipstick on a pig; the pig is still a pig).

78. In this manner the Defendants, acting in concert with each other and, as yet, unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

79. In furtherance of the conspiracy each of the co-conspirators committed an overt act or subscribed to the commission of an overt act, and each of the co-conspirators became a willful participant in joint activity.

80. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated, and the Plaintiffs have suffered substantial financial damages as well as severe emotional distress and anguish.

81. The illicit activity described in this count, and in the incorporated paragraphs was undertaken with malice, willfulness, and reckless indifference to the rights of others.

82. The illicit activity described in this count and in the incorporated paragraphs was undertaken pursuant to the policy and practice of the Defendants in the manner described more fully in the incorporated paragraphs and was tacitly ratified by the Defendants who exercised policy making authority.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

## SIXTH CAUSE OF ACTION

42 U.S.C., section 1983
Denial of Access to the Courts

83. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue; Paragraphs 3-4, Parties; and Paragraphs 5-34, Statement of Facts as set forth in this Complaint.

84. In the manner described more fully herein, each of the Defendants, all while acting individually, jointly, and in conspiracy, denied the Plaintiffs of access to the courts by their wrongful suppression of exculpatory evidence thereby denying the Plaintiffs of their ability to defend themselves and of asserting constitutional claims against the Defendants.

85. Other claims to which the Plaintiffs could have had recourse to seek redress were diminished by the passage of time, (nearly seven years), and the accompanying erosion of evidence necessary to prove such claims.

86. The illicit conduct described in this count and in this Complaint was undertaken with malice, willfulness, and reckless indifference to the rights of others.

87. The illicit activity described in this count and in this Complaint was undertaken pursuant to the policy and practice of the Defendants as has been described in the incorporated paragraphs of this Complaint.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

### SEVENTH CAUSE OF ACTION
Violation of Civil Rights---42 U.S.C., section 1983
Chief Judge Ronald Ficarrotta-Failure to Intervene

88. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties and Paragraphs 5-34 of Statement of Facts as set forth in this Complaint.

89. In the manner described above, during the constitutional violations described above, one or more of the Defendants, (and other as yet unknown members of the Judiciary or the county authority), stood by without intervening to prevent the above described misconduct.

90. Chief Judge Ronald Ficarrotta  was advised as to the numerous and sundry Constitutional violations as well as the conduct of Defendant Judge Huey Judge Barbas and Judge Tesche Arkin; Chief Judge Ficarrotta, who had direct knowledge of the actions perpetrated by some, if not all, of the

Defendants, did nothing to remediate the ongoing illicit conduct and unlawful activity of the Defendants.

91. The Defendant Chief Judge Ronald Ficarrotta at all times relevant, had a duty of supervision as to the Defendant Judges which he failed to exercise. In failing to exercise his duty as to the subordinate Defendant Judges, the Defendant Chief Judge Ficarrotta violated his oath of office and breached his duty as to the Plaintiffs.

92. As a result of the Defendant Chief Judge Ficarrotta failure to intervene to prevent the violation of Plaintiffs constitutional rights, Plaintiffs suffered pain and injury, as well as emotional distress and severe and substantial economic loss.

93. The Defendant Chief Judge Ficarrotta had a reasonable opportunity to prevent the harm described above; the Defendant Chief Judge Ficarrotta failed to do so.

94. The illicit activity and unlawful conduct described in the incorporated paragraphs of this Complaint, and in this Count, was objectively unreasonable and  was undertaken intentionally, under color of law, with willful indifference as to the Constitutional rights of the Plaintiffs and in utter disregard of the oath of office and supervisory responsibility of the Defendant Chief Judge Ficarrotta.

95. The unlawful conduct described in this count and in the paragraphs incorporated by reference in this Complaint was/were undertaken pursuant to the policy and practice of the Defendants.

96. The unlawful activity described in this Cause of Action and in the paragraphs of this Complaint which paragraphs are incorporated by reference were, at all times relevant, known to the Defendant.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

### EIGHTH CAUSE OF ACTION
Violation of Civil Rights---42 U.S.C., section 1983
Failure to Intervene-Hillsborough County

97. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34 of Statement of Facts and Paragraphs 75-82, as set forth in this Complaint .

98. In the manner described in the incorporated paragraphs of this Complaint and, during the constitutional violations described in the incorporated paragraphs of this Complaint, the Defendant Hillsborough County as well as one or more of the other Defendants, (and other as yet unknown members of

the Judiciary or the county authority), stood by without intervening to prevent the above described misconduct.

99. The Defendant Hillsborough County  was advised as to the existence of numerous and sundry Constitutional violations as well as the conduct of Defendant Judge Huey. The Defendant Hillsborough County had  knowledge of the actions perpetrated collectively by the Defendants and did nothing to remediate the ongoing illicit conduct and unlawful activity of the fellow Defendants.

100.      The Defendant Hillsborough County, at all times relevant, had a specific and non-delegable duty, pursuant to HCHRO, of supervision as to their fellow Defendants which the Defendant Hillsborough County failed to exercise. In failing to exercise the duty undertaken in the HCHRO, the Defendant Hillsborough County violated the HCHRO by failing to conduct an investigation, failing to address the multiple violations proscribed under the HCHRO and other wise breached its duty as to the Plaintiffs.

101.      As a result of the failure of the Defendant Hillsborough County to enforce its own ordinance, i.e., HCHRO, and its abject failure to intervene to prevent the violation of Plaintiffs constitutional rights, Plaintiffs suffered pain and injury, as well as emotional distress and severe and substantial economic loss.

102.     The Defendant Hillsborough County had knowledge of the sexual misconduct and extortion utilized by the Defendant Judge Huey, and others, thus providing the Defendant Hillsborough County with a reasonable opportunity to prevent the harm described in the paragraphs incorporated by reference and in this cause of action the Defendant Hillsborough County failed to take any action.

103.     The illicit activity and unlawful conduct described in the incorporated paragraphs of this Complaint, and in this Count, was objectively unreasonable and  was undertaken intentionally, with willful indifference/blindness on the part of the Defendant Hillsborough County as to the multiple violations of the Constitutional rights of the Plaintiffs and in utter disregard of the HCHRO and the supervisory responsibilities of the Defendant Hillsborough County, pursuant to the HCHRO.

104.     The unlawful conduct described in this count and in the paragraphs incorporated by reference in this Complaint was/were undertaken pursuant to the policy and practice of the Defendants.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages and such other and further**

relief as is deemed just and reasonable and derivative from the facts set

forth in this complaint.

### State Law Claim
### NINETH CAUSE OF ACTION
### CIVIL CONSPIRACY

105.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34

of Statement of Facts as set forth in this Complaint, and Paragraphs 75-82,

85-87, 90-95, 98-104, as set forth in this Complaint .

106.     At all times relevant in this complaint, the named defendants did in

fact combine, collude and conspire to achieve by concerted action the

accomplishment of an unlawful purpose or, alternatively, the accomplishment

of a lawful purpose by unlawful means. At all times relevant the defendants

conspired to, and in fact accomplished acts, unlawfully, willfully, and

maliciously that resulted in injury to the Plaintiffs.

107.     In short, the Defendants did conspire to do an unlawful act, or acts, or

to do a lawful act or acts by unlawful means.

108.     The Defendants in this action perpetrated overt act or acts in the

pursuance of their conspiracy directed at the Plaintiffs.

109.      As a result of the acts perpetrated by the Defendants in furtherance of

the conspiracy financial harm was done to the Plaintiffs.

110.     The basis of this cause of action, i.e., conspiracy, is the doing of an

action a cause of action in conspiracy, together with those paragraphs

included by reference, demonstrates a conspiracy by and among the

defendants the purpose of which was to do an unlawful act. The unlawful acts

include, but are not limited to, the acceptance by the Defendants of forged

orders and the decision by the Defendants to elevate those fraudulent orders

to the status of legal orders which such orders were not; improperly striking

the pleadings of the Plaintiff; demanding sexual favors of the Plaintiff in

exchange for a favorable ruling, (i.e., sexual extortion); confiscation of

Homestead Property in contravention of the Florida Constitution and those

cases decided thereunder.  These overt act(s) were undertaken by or on behalf

of the members of the conspiracy in pursuance of the goal(s) of the

conspiracy and damage to the Plaintiffs was realized as a result of the act(s)

performed in furtherance of the conspiracy.  At all times relevant the

Defendants possessed actual knowledge or constructive knowledge of the

actions of their co-conspirators. The co-conspirators, either participated in the

actions set forth in the incorporated paragraphs or, with knowledge of the

intent of their fellow co-conspirators, acquiesced in the goals of the

conspiracy by their willful blindness/indifference.

**WHEREFORE, The Plaintiffs seek an award of compensatory
damages, damages occasioned by the intentional infliction of emotional**

**distress, attorney fees, punitive damages and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

## <u>TENTH</u> <u>CAUSE OF ACTION</u>
### Civil RICO
### <u>CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT</u>

111.     The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34 of Statement of Facts as set forth in this Complaint, and Paragraphs 75-82, 85-87, 90-95, 98-104, as set forth in this Complaint .

112.     Pursuant to *Fla. Stat. 772.103 et seq., Fla. Stat. 772.103(2), Fla. Stat. 772.103(3)* it is unlawful for any person through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property. Further, it is unlawful to conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

*113.*     The Plaintiffs have a cognizable cause of action under *Fla.Stat. 772.103 et seq., and Fla. Stat. 772.104.*

114.     The Plaintiffs have been injured by reason of the Defendants actions and conspiracy to commit those actions which resulted in harm to the Plaintiffs and severe economic loss.

115.     The nature of the existence of the relationship between and among the Defendants in this matter constitutes an enterprise the purpose of which was to divest, confiscate, expropriate and otherwise unlawfully obtain the property, both real and personal, as well as cash, belonging to the Plaintiffs.

116.     The continuing pattern of unlawful behavior on the part of the Defendants, was directed, repeatedly, at the named Plaintiffs as well as third parties not named in this law suit whose rights and property was similarly confiscated, seized, and otherwise unlawfully taken under color of law.

117.     At all times relevant to this matter, the Defendant Judges of the Thirteenth Judicial Circuit together with Hillsborough County constituted an association under which they exercised their authority to violate the rights and confiscate the property of the named Plaintiffs as well as the rights and property of individuals not presently named as Plaintiffs in this complaint.

118.     The conduct complained of as to the Defendants in this complaint constitute a pattern of racketeering activity which manifested itself in the commission of multiple incidents of racketeering or racketeering conduct that have the same or similar intents, results, accomplices, victims or methods of commission or that are otherwise interrelated by distinguishing characteristics and are not isolated incidents, as set forth in those paragraphs of this Complaint which paragraphs are incorporated by reference.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

## State Based Cause of Action

### ELEVENTH CAUSE OF ACTION: UNLAWFUL EVICTION

119.     The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34 of Statement of Facts as set forth in this Complaint; Paragraphs 106-110, as set forth in this Complaint.

120.     The subject Homestead Property was, at all times relevant, Homestead Property, subject to the protections afforded Homestead Property as set forth at Article X, section 4 of the Florida Constitution. The Defendants at all times relevant conspired to confiscate the property and did so by way of an unlawful order issued by Defendant Judge Rex Barbas.

121.     The Homestead Property is located in Hillsborough County, Florida and more fully described as:

**ALL of Lot 30 and the South 31 Feed of Lot 29 of KENTEL PARK SUBDIVISION, as per the recordation**

**In Plat Book 12 on Page 665 of the Public Records of
Hillsborough County, Florida.
The address is 119 South Clark Avenue,
Tampa, Florida 33609**

122.     On or about 4 April 2014, the Defendants conspired to utilize an order

of the Probate Court which order was forged and was known by the

Defendants to be forged.

123.     The forged order was utilized by the Defendants to empower third

parties to evict the Plaintiffs, the family in residence at the Homestead

Property. The Plaintiffs were allowed 15 minutes to depart.

124.     At the time of the unlawful eviction the property was classified as

Homestead Property, The Property was classified as such from its

construction in approximately 1971 and is so classified presently.

125.     Neither the Defendants or their agents at any time held any right, title

or interest in the subject Homestead Property. The Homestead Property was

not before the court in that the court lacked in rem jurisdiction over the

Homestead Property.

126.     There is no caselaw extant in the State of Florida which would permit

the taking of the subject Homestead Property under these facts.

127.     The Defendant Judge Barbas stated, in court and on the record in the

presence of representatives of the media, that he caused the Homestead

Property to be confiscated because the present Plaintiff Teresa Gaffney had

violated his discovery order. In short, the Defendant Judge Barbas

confiscated the Homestead Property of one of the present Plaintiffs as a

sanction against a second present Plaintiff. The Florida Constitution does not

permit the taking of Homestead Property as a sanction. There were no orders

issued by the Defendant Judge Barbas relative to Teresa Gaffney as to

discovery.

128.    Upon information and belief, the Plaintiffs avers that the motivation

of the Defendants was to cover up the theft of $1,000,000.00 in assets from

the estate of John J. Gaffney by adverse counsel in 3762 and to

punish/silence the Plaintiff Teresa M. Gaffney in that she had "outed" the

Defendant Judge Huey for his attempt at sexual extortion.


129.    In furtherance of the concerted action of expropriation of Homestead

Property the Defendants, as set forth in paragraphs 5-31, conspired in the

expropriation of Homestead property. The Defendant Judge Tesche Arkin

having admitted that the underlying claim was "dead on arrival", (i.e.,

meritless), the Defendants, by and through their co-conspirator, the

Defendant Judge Tesche Arkin, caused to be awarded against the Plaintiffs a

significant sum in the form of attorney fees which amounts to a judicially

disguised act of theft.

130.     It is established law, Constitutionally and case made, that Homestead Property cannot be seized and/or levied against except under three Constitutional exceptions to the Homestead Exemption. None of the three exceptions to the Homestead exemption are applicable in this matter.

131.     Testimony offered by a witness in the lower proceeding, i.e., 3762, unequivocally stated that the subject real property was Homestead Property. This statement was unchallenged by the presiding Defendant Judge Barbas and/or adverse counsel. No testimony was offered by adverse counsel in opposition to the referenced testimony. Adverse counsel cited this evidentiary submission in its pleadings without contrary argument. The Defendant Judge Barbas ignored the testimony of the witness and ignored the Constitution of the State of Florida.

132.      A Notice of Homestead was filed and served as to the subject property by the holder/declarer of Homestead Status of the property confiscated.

133.     No response or challenge to the Declaration of Homestead was offered by adverse counsel.

134.     There are no cognizable facts which would undermine the Homestead Status of the subject property.

135.     There is no cognizable law which would support the confiscation of

Homestead Property by the Defendants in this matter under the controlling

facts.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,**

**damages occasioned by the intentional infliction of emotional distress,**

**attorney fees, punitive damages and such other and further relief as is**

**deemed just and reasonable and derivative from the facts set forth herein.**

## State Based Cause of Action

## TWELFTH CAUSE OF ACTION: VIOLATION OF FLORIDA STATUTE 817.535

136.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34

of Statement of Facts and Paragraphs 120-135 as set forth in this Complaint.

137.     The Defendants caused/allowed the imposition of a lis pendens on the

Homestead Property, without the posting of a bond. The Defendants

proceeded in the absence of subject matter jurisdiction over property not

within their grant of jurisdiction and in contravention of Article I, section 9 of

the Florida Constitution and Article X, section 4 of the Florida Constitution.

138.     The Defendants, notwithstanding their complete lack of any semblance of jurisdictional authority, allowed the imposition of a lis pendens on Homestead Property in further contravention of Fla.Stat. 817.535. et seq., and Fla. Stat. 843.0855.

139.     The Defendants caused to be filed in the public records a lis pendens, a false document as defined in Fla.Stat. 817.535.

140.     The Defendants meet the statutory requirements as to "Filer", Fla.Stat. 817.535(1)(b).

141.     The Defendants meet the statutory requirement as to the filing of an "Instrument", (Fla. Stat. 817.535(1)(c).

142.     The actions taken by the Defendants meet the statutory requirement as to "Official record";

The Plaintiffs qualify as "Public Officer or employee", Fla.Stat. 817.535(1)(e).

143.     The materially false lis pendens has remained a filed instrument filed in furtherance of the conspiracy of the Defendants to confiscate the Homestead Property of the Plaintiffs for approximately seven years. The sole purpose and intent of the filing of the materially false lis pendens was to defraud and/or harass the Plaintiffs. Each day constitutes a further violation of the provisions of Fla.Stat. 817.535 and as such entitle the Plaintiffs to an

award of damages, per diem, an award of attorney fees, per diem, an award of

costs and, pursuant to Fla.Stat. 817.535 (8)(b)(2) an award of punitive

damages, subject to the criteria set forth in Fla.Stat. 768.72 as well as those

further sanctions contained in Fla.Stat. 817.535 and Fla.Stat. 843.0855.

**WHEREFORE, The Plaintiffs pray for and seek recovery of:**

**compensatory damages, statutory damages, attorney fees and costs as**

**well as punitive damages as provided in the cited statute and for such**

**other and further relief as is set forth in Fla.Stat. 817.535 and Fla.Stat.**

**843.0855 and foer such other and further relief as this Court deems just**

**and proper.**

## State Based Cause of Action
### THIRTEENTH CAUSE OF ACTION
### FRAUD

The Plaintiffs incorporate by reference as if more fully set forth herein,

Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34 of the

Statement of Facts, and Paragraphs 120-135, as set forth in the Complaint.

144.     The Defendants in filing orders throughout the, approximately, last

seven years of this case have caused the circulation of a materially false

narrative relative to the Plaintiffs.

145.     The Defendants knew, or should have known, that their orders

contained significant statements that were untrue.

146.     The false statements concerned material facts relative to the underlying case, i.e., 3762.

147.     As a result of the false statements of material facts the Plaintiffs suffered injuries both financial and physical. The injuries suffered by the Plaintiffs as a result of the publication of false statements by the Defendants is ongoing.

148.     The materially false statements have been received by the unsuspecting public with justifiable confidence in that they emanate from the bench and have been acquiesced by the County.

149.     The intent of the Defendants is to dupe unsuspecting individuals and encourage such individuals to purchase the confiscated Homestead property of the Plaintiffs.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the perpetration of fraud by the Defendants, compensation for the intentional infliction of emotional distress, upon the Plaintiffs by the acts/actions of the Defendants, attorney fees, and such other and further relief as is deemed just and reasonable and derivative from the facts set forth herein.**

### State Based Cause of Action
**FOURTEENTH CAUSE OF ACTION: THEFT OF PERSONAL PROPERTY**

150.     The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34 of Statement of Facts and Paragraphs 120-135 as set forth in this Complaint.

151.     The Defendants caused the unlawful eviction of the family, i.e., The Plaintiffs, from their Homestead Property and thereby rendered the family homeless in contravention of Article X, section 4 of the Florida Constitution.

152.     As a result of the unlawful eviction of the Plaintiffs, the Plaintiffs and family members lost a substantial amount of personal property including, but not limited to, two automobiles, military equipment issued to one of the family members, firearm and ammunition, and other personal property valued well in excess of $100,000.00 and the death of three family pets.

153.     In the course of the theft occasioned by the Defendants additional damage was caused as to real and/or personal property of another in excess of $1,000.00.

154.     During the course of the theft occasioned by the actions of the Defendants two (2) fire extinguishers, installed for the purpose of fire prevention and control were unlawfully taken.

155.     **WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the perpetration of fraud by the Defendants, compensation for the intentional infliction of emotional**

**distress, upon the Plaintiffs by the acts/actions of the Defendants, attorney fees, and such other and further relief as is deemed just and reasonable and derivative from the facts set forth herein.**

## State Based Cause of Action
**FIFTEENTH CAUSE OF ACTION: RESPONDEAT SUPERIOR**

156.     The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34 of Statement of Facts as set forth in this Complaint.

157.     The economic and related tort injuries sustained by the Plaintiffs as set forth in this complaint occurred and/or transpired while the judicial Defendants acted in the capacity as judicial officers of the Thirteenth Judicial Circuit.

158.     During the course of the infliction of harm by the Defendants onto the Plaintiffs, the Defendants were subject to the provisions of the HCHRO.

159.     The HCHRO provides that discrimination in the form outlined in this complaint is prohibited.

160.     The Defendant Hillsborough County was aware of the actions constituting sexual extortion which actions were engaged in by the Defendant Judge Paul Huey and acquiesced in by the Defendant Judge Rex Barbas and

Defendant Caroline Tesche Arkin and the supervising Chief Judge Defendant Ronald Ficarrotta.

161.    The County took no remedial action which is to say the County acquiesced in the conduct set forth in this complaint.

162.    Inasmuch as the acts complained of occurred under color of law, albeit in contravention of the law, the acts complained of were done in apparent furtherance of the employee's interest.

163.    At the time of the occurrence of the acts complained of the employees, (i.e. judicial defendants) were exercising their authority as judicial officers.

164.    Throughout the time in which these actions occurred and continue to occur the Defendant Hillsborough failed to exercise its supervisory responsibilities as set forth in HCHRO.

165.    Throughout the course of the matters complained of in this complaint the employees/defendant-judicial officers were garbed in the authority of their office and utilized such authority to harass, humiliate and terrorize the Plaintiffs.

166.    Inasmuch as the actions of the Defendants have not been the subject of any oversight it must follow that the actions of the Defendants were

adopted by their superiors and was, thus, in the course and scope of their employment.

167.     The acts of the defendants as set forth in this complaint were made known to the Defendant Chief Judge Ronald Ficarrotta who elected to do nothing.

168.     The acts of the Defendant Judge Paul Huey, as set forth in this complaint, were the subject of a pleading brought before the then presiding Defendant Judge Rex Barbas. The Defendant Judge Rex Barbas stated that he had "no problem" with the conduct of the Defendant Judge Huey. Defendant Caroline Tesche Arkin also acquiesced to the conduct of Judge Huey and Judge Barbas.

169.     Each of the Defendants, their employees and agents, participated personally in the unlawful conduct challenged in this complaint and to the extent that they did not personally participate, acquiesce authorize or set-in motion, they nevertheless failed to take necessary steps to prevent the acts that resulted in the unlawful conduct resulting in harm to the Plaintiffs. Each of the Defendants acted in concert with each other. The challenged acts caused the violation of Plaintiffs' rights.

**WHEREFORE, The Plaintiffs request that this Court find that the Defendants, at all times relevant, acted within the course and scope of**

**their employment, in so acting the actions of the Defendants brought harm to the Plaintiffs. The concerted actions taken by the Defendants as to the Plaintiffs was done in furtherance of the interests of the Thirteenth Judicial Circuit.**

### State Based Cause of Action
### SIXTEENTH CAUSE OF ACTION: DEFAMATION

170.　　　　The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-34 of Statement of Facts as set forth in this Complaint.

171.　　　　Throughout the nearly seven years of this unfounded and patently unlawful litigation the Defendants engaged in publishing materially false opinions which the Defendants knew, or in the reasonable exercise of their office, would learn were materially false.

172.　　　　The publication and adoption of the materially false allegations as to the Plaintiffs was, and is, harmful to the reputation of the Plaintiffs. Specifically, the false narrative exported by the Defendants disparaged the honesty and integrity of the Plaintiffs. The Defendants have implied and/or stated that the Plaintiffs exploited John J. Gaffney. The documentation, including affidavits from third parties filed with the Court, established that

the Plaintiffs financially helped John J. Gaffney. The Defendants refused to allow said witnesses to testify.

173.     The allegations as to the character of the Plaintiffs is implicit, if not actually stated in the filings of the Defendants.

174.     The Defendants allowed the materially false statements as to the Plaintiffs to be published knowing that such statements were materially false and would have a pernicious effect upon the character of the Plaintiffs.

175.     As a result of the defamatory conduct of the Defendants as to the Plaintiffs the Plaintiffs have suffered harm, economic loss, loss of professional standing and has been irreparably compromised in the furtherance of their professional goals.

176.     **WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the perpetration of fraud by the Defendants, compensation for the intentional infliction of emotional distress, upon the Plaintiffs by the acts/actions of the Defendants, attorney fees, and such other and further relief as is deemed just and reasonable and derivative from the facts set forth herein.**

Submitted this          day of January 2021, for and on behalf of the Plaintiffs,

by:

**ATTORNEYS FOR PLAINTIFFS:**
**James J. Macchitelli, Esq.—Lead Counsel**
**1501 Perimeter Drive**
**Schaumberg, Illinois 60173**

**Sheldon McMullen, Esq.—Co-counsel**
**1501 S. Dale Mabry Hwy.**
**Suite A-10**
**Tampa, FL33629**

**Dov Sussman, Esq. Co-counsel**
**P.O. Box 18112**
**Tampa, Florida 33679**
**Tel.: (813) 287-1159**
**e-mail: dovsussman91@gmail.com**