UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY and
SARAH K. SUSSMAN, individually
and as Trustee of the Sussman Family
Trust,

      Plaintiffs,

v.                                                                                    CASE NO. 8:21-cv-21-SDM-CPT

CHIEF JUDGE RONALD FICARROTA,
individually and in his official capacity,
et al.,

      Defendants.
_____/

**ORDER**

    Under 28 U.S.C. § 455 a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The standard for determining the presence of a "reasonable question" about a judge's impartiality is an "objective" standard.  In other words, the issue is not whether the judge actually is impartial but whether a reasonable, informed, and disinterested third-party would retain a substantial question about the judge's impartiality.  The requirement of impartiality disqualifies a judge with either a favorable or an unfavorable inclination or disposition toward a party, if the inclination or disposition is based on extra-judicial events or relations.

In this action, a member of my nuclear family has a lifelong and close relation with a party, a relation well-known to me, that might cause a reasonable and informed person to retain a question about my impartiality (although I have no question about my impartiality).  Therefore, under 28 U.S.C. § 455, I recuse myself and direct the clerk to randomly re-assign this action to another judge in the Tampa division.

ORDERED in Tampa, Florida, on March 9, 2021.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE