UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY, Individually;
SARAH K. SUSSMAN, Individually;
SARAH K. SUSSMAN, as Trustee of the Sussman Family Trust,
Plaintiffs,

Case No.: 8:21-cv-00021-SDM-CPT

v.

CHIEF JUDGE RONALD FICARROTTA,
In his individual capacity and in his official capacity;
JUDGE PAUL HUEY,
in his individual capacity and
in his official capacity,
Judge Rex Barbas,
in his individual capacity and
in his official capacity,
Judge Caroline Tesche Arkin,
in her individual capacity and
in her official capacity,
Hillsborough County, a Municipal Entity,
And the State of Florida, Dept of Fin. Services,
Division of Risk Management;
Defendants.
_____/

### RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS.

COMES NOW, Teresa M. Gaffney, Individually, Sarah K. Sussman, Individually

and Sarah K. Sussman, as trustee of the Sussman Family Trust, (hereinafter

referenced as the "Plaintiffs"), by and through their undersigned counsel, and, (1)

1

file this, their opposition to the Rule 12(b)(6) motion filed on behalf of the Defendants and (2) request that this Court deny the Rule 12(b)(6) Motion filed on behalf of the Defendants.

Contrary to the assertions of the Defendants in their Rule 12(b)(6) motion, the Plaintiffs have filed a well pled complaint which provides more than adequate factual substantiation for the several causes of action set forth in the complaint. The adequacy of the Plaintiffs complaint conforms to the standards set forth in *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)*. *"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal*, supra. When considering a motion to dismiss, the Court must accept all of the Plaintiffs' allegations as true in determining whether a plaintiff has stated a claim for which relief can be granted. *Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)*.

The motion to dismiss lacks specificity and is an ad hominem attack on the Plaintiffs.  The Defendants enumerate four points which they allege warrants dismissal with prejudice. These points of argument appear at page 2 of the Omnibus Motion filed by the Defendants and are, in summary, as follows:

(1) Lack of subject matter jurisdiction on the part of this Court as to the Plaintiffs: *Rooker-Feldman Doctrine; Younger Doctrine*;

(2) The named Defendant Judges are entitled to absolute judicial immunity;

(3) The named Defendant Judges are entitled to Eleventh Amendment Immunity;

(4) Application of Twombly-Iqbal plausibility standard.

The response of Plaintiffs, follows:

> **I.** **Subject matter jurisdiction on the part of this Court is not thwarted by the application of the Rooker-Feldman Doctrine or the Younger Doctrine.**

*I A. Younger Doctrine*.

The first point set forth by Defendants is the matter of the existence of subject matter jurisdiction in this Court. It appears, from the wording of this point in the motion filed by Defendants, that the lack of subject matter jurisdiction is directly related to considerations inherent in the *Younger Doctrine* and the *Rooker-Feldman Doctrine*.

In *Sprint Communications, Inc., Jacobs, 134 S. Ct 584 (2013)*, a case arising in the Eighth Circuit, the U.S. Supreme Court emphasized that federal courts may abstain from hearing a matter in only three categories of cases. Abstention is appropriate in cases involving "state criminal proceedings, civil enforcement proceedings and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions".

In *Sprint, supra*, the U.S. Supreme Court, in a strongly worded decision explained that federal courts have a virtually unflagging obligation to hear cases within their

jurisdiction. The unanimous ruling emphasizes that abstention pursuant to *Younger v. Harris, 401 U.S. 37 (1971)* is not appropriate merely because a state court is considering a case involving the same subject matter.

The Supreme Court concluded that none of the exceptions applied to the *Sprint* case. The Supreme Court noted that the proceedings were not criminal and did not impact on the Iowa state court's ability to perform its functions. The lower courts erred in applying the *Younger Doctrine.*

In the view of the Supreme Court, the Eighth Circuit attached too much importance to the three factors discussed in *Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S.423 (1982).* The Supreme Court explained that these factors are not dispositive. Laura J. McLaughlin, Chesterfield, Missouri, cochair of the ABA section of Litigation's Commercial & Business Litigation Committee noted that the Supreme Court has made a "really strong statement" that federal courts may avail themselves of the *Younger Doctrine* only in exceptional circumstances. According to Stephen J. Siegel, Chicago, Illinois, cochair of the Section of Litigation's Commercial & Business Litigation Committee, the Supreme Court has now taken steps to prevent an open-ended standard from being applied to abstention.

The three factors set forth by the Supreme Court in *Sprint, supra*, are manifestly not present in the instant claim put forth by the Plaintiffs. The claim(s) set forth in

the Plaintiffs complaint are not subject to state court criminal adjudication; are not civil enforcement proceedings and are not civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. The Younger Doctrine is inapplicable under the reasoning in *Sprint, supra*, and the facts set forth in the complaint filed by Plaintiffs in this matter and in this opposition to the Rule 12(b)(6) motion filed by the Defendants.

### *I B. Rooker-Feldman Doctrine.*

The Foundation of the *Rooker-Feldman* doctrine rests on two United States Supreme Court cases: *Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)* and, decided sixty years later, *D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)*. More recently, the Supreme Court concluded that the lower federal courts had been applying *Rooker-Feldman* too broadly. In *Exxon Mobil v. Saudi Basic Industries Corp., 544 U.S. 280 (2005)*, the Supreme Court clarified that *Rooker-Feldman* bars only that class of cases in which federal litigants seek reversal of state court decisions.

The Eleventh Circuit, following *Exxon Mobil. supra*, has recognized the limited scope of the *Rooker-Feldman* doctrine as it has been described by the Supreme Court. The Eleventh Circuit has since declined to apply tests, previously employed prior to Exxon Mobil, supra. The Eleventh Circuit has hewn closely to the

language of *Exxon Mobil, supra*. See, *Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009)*.

The Eleventh Circuit has, in its *Rooker-Feldman* analysis, continued to consider whether a claim was either (1) actually adjudicated by a state court or (2) was inextricably intertwined with a state court judgment when there was no reasonable opportunity to rise that particular claim during the relevant state court proceeding. *See, Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009); Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996)*.

Rooker-Feldman cannot apply to the case at hand. The claims asserted by the Plaintiffs, in the case at hand are independent to the state court matter; the state court matter is not concluded. Temporality forecloses the applicability of the *Rooker-Feldman* doctrine.

As noted above, the state court matter is ongoing. Indeed, the state trial court, by way of Defendant Judge Tesche Arkin, continues to issue orders relative to the state court action which orders have been issued prior and subsequent to the filing of the instant action.

Moreover, as a threshold matter, the *Rooker-Feldman* doctrine does not preclude this Court from exercising jurisdiction over the instant matter. The *Rooker-Feldman* doctrine only applies where the state court action has ended. As noted, supra, the state court action is ongoing; it has not ended. *(See, Judge Williamsons'*

*Findings of Fact and Conclusions of Law, In re: Namal Enterprises, LLC., Case No.: 8:16-bk-07190-MGW).*

Prior in time to the limitation doctrine expressed in *Exxon Mobil, supra*, the Eleventh Circuit recognized that *Rooker-Feldman* is not a bar to jurisdiction where an issue did not figure, and could not reasonably have figured, in the state court's decision. *Wood v. Orange City, 715 F.2d 1543, 1547 (11th Cir, 1983).* The claims raised by the Plaintiffs in the instant action are not inextricably intertwined in that the nature of the claims asserted by the plaintiffs reveals that such claims present distinct issue. The essence of the state court action is distinct from the instant action and the state court action is on-going; it is not concluded.

It is not the factual background of a case but the judgment rendered---that is, the legal and factual issues decided in the state court and at issue in the federal court---that must be under direct attack for *Rooker-Feldman* to bar consideration. (N.B., the parties, i.e., Plaintiffs and Defendants are different, and the state court matter is not concluded.).

Finding a claim to be barred by *Rooker-Feldman* requires that it amount to a direct attack on the underlying state court decision. A challenge can be contextually similar to an issue adjudicated in state court without activating *Rooker-Feldman*. *Feldman, supra,* itself recognizes the distinction. In a challenge to the District of Columbia's bar admission requirements, Federal District Courts lacked subject

matter jurisdiction to review particular adjudication of individual applications for bar admissions. *Feldman, 460 U.S. at 482*. However, the Federal District Courts did have jurisdiction to examine general constitutional challenges to the validity of the bar admissions scheme. The Eleventh Circuit has held that *Rooker-Feldman* does not bar challenges to general rules and procedures.

As noted by the Eleventh Circuit, the contextual similarity of a plaintiff's federal claim to the prior state decision cannot suffice to bring the claim within the ambit of *Rooker-Feldman. See, Target Media Partners ED Leader v. Specialty Market Corporation, Case No.: 16-10141 (11th Circuit 2016).*

The Seventh Circuit, in a pre-*Exxon Mobil* approach, has suggested that Federal Courts must closely examine section 1983 complaints to determine whether it is the underlying procedure that is challenged as unconstitutional. *Gerry v. Geils, 82 F. 3d 1362, 1365 (7th Cir. 1996).*

The Third Circuit in a recent section 1983 case seeking declaratory and injunctive relief against various defendants, including state court judges, alleging violations of the Fourteenth Amendment found *Rooker-Feldman* inapplicable. The Third Circuit pointed out that the plaintiffs did not challenge state court judgments but the underlying policy that governed them. *Allen v. DeBello, 2017 WL 2766365 (3rd Circuit 2017).*

      **II.**    **The named Defendant Judges are not entitled to the benefits of judicial immunity.**

Judicial immunity was first recognized by the U.S. Supreme Court in *Randall v. Brigham, 74 U.S. (7 Wall) 523, 19 L.Ed.285 (1868)*. Clarification attendant by the Supreme Court's revisiting the concept of judicial immunity continued in *Bradley v. Fisher, 80 U.S. (13 Wall) 335, 20 L. Ed. 646 (1871). In Stump v. Sparkman, 435 U.S. 349 (1978)* the Court once again revisited the concept of judicial immunity as it relates to *42 U.S.C. 1983*.

The Supreme Court ruled, in *Sparkman, supra*, that the Judge was immune in that his actions represented a function normally utilized by a judge. Non-Judicial acts are not immune. There is no judicial immunity when there is the clear absence of all jurisdiction. *Stump v. Sparkman, supra 435 U.S. 349 (1978).*

In *Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938),* The Arizona court stated that a judge must be acting within his jurisdiction as to the subject matter and person, to be entitled to immunity from civil actions for his acts.

The Defendant Judges have been subjected to suit in their individual capacity for acts enumerated in the Plaintiffs complaint. Some of the acts enumerated by Plaintiffs are administrative in nature, (when not labeled as non-judicial acts). and not subject to the benefits of judicial immunity. Moreover, Defendant Judge, Ficarrotta, by and through his counsel, has stipulated in his *Rule 12(b)(6)* motion that Judge Ficarrotta acted in his administrative capacity as set forth in the

respective causes of action directed at the Defendant Judges. *( See, Forrester v. White, 484 U.S. 219 (1988))*. Defendant Judge Barbas assigned cases of the Plaintiff directly to Judge Tesche Arkin; an administrative act. It is the responsibility of the Clerk of the Court to assign cases, therefore not a judicial act. There is no judicial immunity for administrative acts.

Administrative capacity torts by a judge do not involve the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights. *See, Forrester v. White, 484 U.S. 219 (1988); Atkinson-Baker & Assoc. v. Koits, 7 F.3d 1452 at 1454 (9th Cir, 1993)*.

In examining entitlement to immunity, the U.S. Supreme Court focuses upon the nature of the act: is the act ordinarily performed by a Judge? If the answer is in the negative then such acts are no more than the act of a private citizen, pretending to have judicial power which does not exist at all.

In *Clinton v. Jones, 117 S. Ct. 1636 (1997),* Justice John Paul Stevens stated that the reasoning contained in the 9-0 opinion, "…. provides no support for an immunity for unofficial conduct." (N.B. Justice Stephen G. Breyer, while agreeing with the outcome of the case, did not sign the majority opinion).

*Clinton v. Jones, supra,* upheld the January 1996 opinion of Judge Pasco M. Bowman of the United States Court of Appeals for the Eighth Circuit who characterized the President's argument as a request to be put beyond the reaches of

the law. Judge Pasco Bowman stated that: "We start with the truism that the Constitution did not create a monarchy."

The U.S. Supreme Court has stated that there is no immunity for unofficial acts; non-judicial acts. That is consistent with the cases cited above.

In the instant case, the Defendant Judge Huey demanded sexual favors from the Plaintiff. The demand for sexual favors occurred in a non-judicial setting; Judge Huey was a reference for an applicant. The demand for sexual favors occurred in a telephone conversation. There are witnesses to this conversation. Certainly, this is a non-judicial act and therefore, there is no judicial immunity. The Defendants assert, through their counsel, no defense, other than the assertion of talismatic judicial immunity, and a continuation of the *ad hominem* attacks on the Plaintiff. Contrary to the argument of the Defendants, there is no judicial immunity for a non-judicial act. *(Clinton v. Jones, supra).* The conduct of sexual harassment engaged in here was at all times a non-judicial act. Further, Defendant Judge Barbas attempted to influence, defame and vilify the Plaintiffs at an Inns of Court meeting which was observed by a witness. The Defendant Judge Barbas is not protected by judicial immunity in that these acts: (1) took place outside the courtroom; (2) were not a part of a judicial proceeding and, (3) are not acts normally performed by a judge. *Harris v, Harvey, 605 F.2d 330, (7th Cir, 1979).* Further, the Defendant Judge Barbas acted in the clear absence of all jurisdiction

when he attempted to influence the outcome of an appeal at the Second District Court of Appeal. *(Bradley v. Fischer, 80 U.S. 335 (1872))( Thus, if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offenses, jurisdiction over the subject of offenses being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority.)* Defendant Judge Barbas has no jurisdiction over matters/cases/appeals pending before the Second District Court of Appeal. He attempted to influence a sitting Appellate Court Judge on the Second District Court of Appeal at an Inns of Court Board Meeting in the presence of an independent third party thus acting in the clear absence of all jurisdiction. Therefore, judicial immunity would not apply to Defendant Judge Barbas. *See Bradley at 352*.

Counsel for the Defendants, in the 12(b)(6) motion admits, that the conduct engaged in by the Defendant Judge Ficarrotta was administrative. This conduct of Defendant Judge Barbas, i.e., the importuning of an Appellate Court judge, takes the conduct complained of in this complaint into the realm of unofficial acts within the ambit of *Forrester, supra, Harris, supra, Barrett v. Harrington, 130 F.3d 246 (6th Cir. 1997) and Bradley*. The Defendant Tesche Arkin admitted that she knowingly acted in the absence of all jurisdiction in that she did not have

jurisdiction as to the subject matter in that the pleadings never properly invoked the power of the court. *Lovett v. Lovett, 112 So. 768 (1927)*, The case, as pointed out by Judge Tesche Arkin, is/was meritless and in the words of Judge Tesche Arkin, was "Dead on Arrival". Acting in the clear absence of all jurisdiction vitiates judicial immunity. A judge will be subject to liability when the judge has acted in the clear absence of all jurisdiction. *(See, Sparkman, supra).* Further, Defendant Judge Tesche Arkin, Defendant Judge Barbas and Defendant Judge Ficarrotta have no judicial immunity for their participation in the cover up of the extortionate sexual demands made by Judge Huey as to the Plaintiff. *See generally, Starnes v. Butler County, Case No. 18-3271 (3rd Cir., April 22, 2020)(Judge does not have immunity for alleged sexual harassment.)*

N.B. The Defendant Judges all knowingly acted in the clear absence of jurisdiction and are subject to liability. *(See, Sparkman, supra.)*

Certain acts perpetrated by a judge or judges were addressed, in *dicta*, by Justice Sotomayor. During oral argument in *Trump v. Vance, SC Case No.:19-635 (May 12, 2020)*, as to whether or not then President Donald J. Trump was entitled to temporary presidential immunity vis-à-vis Manhattan District Attorney Cyrus Vance's request for financial records, Justice Sotomayor noted, "….I find it odd that you want us to rule that there is essentially an absolute immunity from investigative powers…and that we would permit a civil damages case by a private

13

litigant, which we did in *Clinton*." Justice Sotomayor then got to the heart of her argument:

*"We only give judicial officers and congressional officers immunity for acts within their official capacity. If they don't—if judges sexually harass someone, we've said that's not within judicial functions. They can be sued."*

The allegations set forth in the complaint specifically convey the pernicious sexual demand directed at the Plaintiff by the Defendant Judge Huey. The cover-up of the sexual harassment of Defendant Judge Huey by Defendant Judge Barbas, Defendant Judge Tesche Arkin and Defendant Judge Ficarrotta; are all non-judicial acts. Non-judicial acts directed by the Defendant Judge Barbas would include his importuning of Second District Court of Appeal Judge Salario and demanding that Appellate Court Judge Salario rule against the then Appellant Gaffney on an appeal pending before the Second DCA and originating in Defendant Judge Barbas's court.  The acts set forth in the complaint are susceptible to documentation by the witnesses' present. Additionally, Defendant Judge Barbas stated that he consulted with other judges as to matters before him as to the Appellants, now Plaintiffs. This conduct is treated in *Harris v. Harvey, 605 F.2d 330 (7th Cir. 1979).* As for Defendant Judge Huey, the acts complained of occurred in a telephone conversation with the Defendant Judge Huey and Plaintiff. Such acts were non-judicial in that the Defendant Judge Huey was not involved at that time

with the litigation to which the Plaintiff was subjected. There are credible witnesses to these acts. The Counsel for the Defendants has elected to engage in *ad hominem* attacks on the Plaintiff without regard to the evidence referenced in the complaint. *See, Barrett v. Harrington, 130 F.3d 246 (6th Cir. 1997); Clinton v. Jones, 117 S. Ct. 1636 (1997).*

In *Esensoy v. McMillan, No.: 06-12580, 2007 U.S.App. LEXIS 2085 at *4 n.5 (11th Cir 31 January 2007),* the 11th Circuit noted expressly that judicial immunity as applied to section 1983 actions does not expressly bar a request for declarative relief. "State judges are not immune from declaratory relief in a section 1983 action." Wells v. Miller, 652 F. App'x 874, 875 (11th Cir. 2016).

### III. The named Defendant Judges, individually and collectively, are subject to civil action, and are not entitled to Eleventh Amendment Immunity.

The causes of action asserted as to the defendant Judges in the complaint filed by the Plaintiffs are filed as to the individual Judges in their individual capacity for the commission of acts not protected by theory of judicial immunity. As demonstrated above the concept of judicial immunity has been pared down to a concept compatible with a democracy.

To the extent that the judicial defendants are to be held accountable for their transgressions the Eleventh Amendment Immunity does not obtain. Eleventh Amendment Immunity extends to a state official in his/her official capacity if the

state is the real, substantive party in interest. That is patently not the case in the instant action. *[See, Walker v. Coffin, No. 3-20-cv-826-J-32PDB (U.S. D.C., M.D. Fla., FMY Div, 15 September 2020); See also, Cross v. State of Alabama, 49 F. 3d 1490, 1502 (11th Cir. 1995)]*. Defendants Judges are named individually. The fact that the Defendants are being sued in their individual capacity render the Eleventh Amendment argument inapplicable under the facts set forth in the pleading. In *Will v. Michigan Department of State Police, 491 U.S. 58 (1989),* the Supreme Court ruled that a state official sued in an official capacity is a "suable" person when sued for prospective relief. Further, in *Hafer v. Melo, 502 U.S. 21(1991),* the Court held that a state official sued for damages in her personal capacity is a "suable" § 1983 person. The Eleventh Amendment does not bar claims brought against state officials in their individual capacities. *Hafer at* 27–28. The Eleventh Amendment is inapplicable.

### IV.   **Application of Twombly-Iqbal plausibility standard is not appropriate.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his/her entitlement to relief requires more than

labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).* "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal, supra, at 1950.* When considering a motion to dismiss, the Court must accept all of the Plaintiffs' allegations as true in determining whether a plaintiff has stated a claim for which relief can be granted. *Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).*

Contrary to the allegations set forth by the Defendants in their 12(b)(6) motion the Defendants are well aware that there are specific witnesses to the specific act(s) alleged by the Plaintiffs. The testimony to be offered by the witnesses has at all times been blocked by the actions of the Defendants. Further there has been testimony as to the *ex parte* communication(s) and such testimony was presented under oath. The allegations of the Defendants in their 12(b)(6) motion as to the

non-existence of corroborative witnesses, transcript, et cetera are unfounded, false and, known to the Defendants to be false.

The Defendants' Motion is not specific as to the alleged deficits as to the causes of action in the Amended Complaint. The Motion is just a series of attacks on the Plaintiffs, effectively calling the Plaintiffs liars and thieves, which is improper in a Motion to Dismiss. Attached as Exhibits and referenced in the Amended Complaint are affidavits from Non-Interested Third Parties, J. Kevin Carey, the personal attorney for John J. Gaffney, and Attorney Gilbert Singer, which refute the false allegations made by the Defendants in their Motion. All counts are plead with specificity and facts are given in great detail. In a Motion to Dismiss all facts must be taken as true. The Defendants are aware of the numerous documents, affidavits, witnesses, and transcripts which support the amended complaint.

The Defendants have no judicial immunity. They acted in the clear absence of all jurisdiction, knowing that the case was, in their words, "dead on arrival", meritless lacking subject matter jurisdiction. Acts performed by Defendant Judge Ficarrotta and Defendant Judge Barbas were administrative in nature; hence no judicial immunity. The sexual harassment by Defendant Judge Huey is a non-judicial act and therefore, there is no judicial immunity. The subsequent cover-up of the sexual harassment by Defendant Judge Ficarrotta, Defendant Judge Barbas and Defendant Judge Tesche Arkin is also a non-judicial act. The attempt to influence a sitting

Appellate Court Judge on the Second District Court of Appeal by Defendant Judge Barbas is a non-judicial act. There is no judicial immunity.

WHEREFORE, The Plaintiffs, by and through undersigned counsel, respectfully request that this Court deny the Motion to Dismiss filed by the Defendants pursuant to Fed. R. Civ. P. 12(b)(6) and for such other and further relief as is just and reasonable.

Respectfully submitted this 23rd day of March 2021.

*/s/Dov Sussman, Esq.*
Dov Sussman
FBN 518920
Counsel for the Plaintiffs
P.O. Box 18112
Tampa, Florida 33679
Tel.: (813) 287-1159
e-mail:dovsussman91@gmail.com

James J. Macchitelli
Illinois Bar Number 6208773
1501 Perimeter Drive #400
Schaumberg, Illinois 60173
(847)-414-4532
jimmymacclaw@gmail.com
Admitted
Pro Hac Vice

Sheldon McMullen
FBN: 0610674
1501 S. Dale Mabry Hwy.
Suite A-10
Tampa, FL33629

(813) 992-2889
sdm@sdmlawfirm.com

# **CERTIFICATE OF SERVICE**

We hereby certify that a true and correct copy of the above was provided to counsel for the Defendants via CM/ECF Filing this 23rd day of March 2021.


*/s/Dov Sussman, Esq.*
Dov Sussman
FBN 518920
Counsel for the Plaintiffs
P.O. Box 18112
Tampa, Florida 33679
Tel.: (813) 287-1159
e-mail:dovsussman91@gmail.com