UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY,
Individually,
SARAH K. SUSSMAN,
Individually, and as,
Trustee of the Sussman Family Trust,

    Plaintiffs,

v.                                                Case No.: 8:21-cv-00021-SDM-CPT

CHIEF JUDGE RONALD FICARROTTA,
in his individual capacity and in his official
capacity, JUDGE PAUL HUEY, in his individual
capacity and in his official capacity, JUDGE REX
BARBAS, in his individual capacity and in his
official capacity, JUDGE CAROLINE TESCHE ARKIN,
in her individual capacity and in her official capacity,
HILLSBOROUGH COUNTY, a Municipal Entity,
and THE STATE OF FLORIDA, DEPT. OF FIN.
SERVICES, DIVISION OF RISK MANAGEMENT,

    Defendants.
_____/

**MOTION FOR PROTECTIVE ORDER FROM DISCOVERY
AND MOTION TO STAY CASE MANAGEMENT
AND SCHEDULING ORDER REQUIREMENTS**

Defendants, Judge Caroline Tesche Arkin, Judge Rex Barbas, Judge Paul Huey and Chief Judge Ronald Ficarrotta, (hereinafter the "Defendant Circuit Court Judges"), by and through the undersigned counsel, file this Motion for Protective Order From Discovery and Motion to Stay Case Management and

Scheduling Order requirements, and in support thereof, state the following:

    1.  Plaintiffs filed their Amended Complaint on January 12, 2021 against numerous Defendants, including Judicial Circuit Court Judges Barbas, Ficarrotta, Huey and Tesche Arkin (Judicial Defendants) alleging civil rights violations, conspiracy and other claims and seeking injunctive relief and damages pursuant to 42 U.S.C. §1983 and §1985. (Doc. 9).

    2. On March 2, 2021, the Judicial Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint With Prejudice and Incorporated Request for Judicial Notice.  (Doc. 29).  The Motion to Dismiss asserts absolute judicial immunity and Eleventh Amendment immunity, as well as lack of jurisdiction.  If granted, the Motion would dispose of multiple claims.

    3.  On February 25, 2021, pursuant to the Court's Order dated January 8, 2021 (Doc. 6), the parties met and conferred.  The Case Management Report of the parties was filed on March 2, 2021. (Doc. 31).  The Case Management Report makes clear, and states on Pages 1 and 2:

> Defendants include several sitting judges of the Thirteenth Judicial Circuit (herein "the Judges").  The Judges believe Plaintiffs' claims are barred by the doctrines of absolute judicial immunity and Eleventh Amendment immunity, which the Judges will raise in a Motion to Dismiss.
> The Judges further note that the doctrine of absolute judicial immunity protects the Judges from all discovery attempts, unless the Court orders otherwise.  Toward that end, the Judges will not participate in discovery unless specifically ordered to do so by the Court.
> Finally, the Judges note that they did not agree to the proposed trial date

or to the proposed deadlines set forth in paragraph 2 of this Case Management Report.

4. On March 20, 2021, the Court entered the Case Management and Scheduling Order (Doc. 35).

5. Said Order commands the parities to confer and agree upon a Court approved mediator and to file written notice informing the Court of the parties' selection on or before April 3, 2021. (Doc. 35, ¶1).

6. Said Order creates a series of deadlines the parties must follow, and would require the parties to begin discovery while the Motion to Dismiss Amended Complaint raising immunity issues and jurisdictional issues is still pending, and before the Judicial Defendants know whether this action will be permitted to proceed against them. As currently set, discovery is to be completed by January 3, 2022.

7. The Judicial Defendants respectfully submit that the dates mandated in the Case Management and Scheduling Order are inappropriate and premature in this particular case.

8. The Plaintiffs have brought claims in federal court in connection with state court rulings and actions made by the Defendant Circuit Court Judges, who are entitled to absolute judicial immunity and Eleventh Amendment immunity. The Judges' Motion to Dismiss raised those immunities as an absolute bar to this action and clarified that this federal court does not have subject matter jurisdiction

over the Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine and / or the *Younger* Doctrine, which bar federal review of state court proceedings. (Doc. 29).

9. Dispositive issues, including immunity defenses to be set forth in a forthcoming motion to dismiss should be resolved before the Defendants are required to expend significant amounts of time and expense planning for and engaging in discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S.Ct. 2727 (1982) (Holding that discovery should not proceed when threshold issues of immunity must be resolved).

10. On March 29, 2021, counsel for the Plaintiffs demanded that all four named Defendant Judges appear for depositions, to be commenced no later than April 15, 2021. The demand was made in response to the undersigned's Local Rule 3.01(g) conferral pertaining to this Motion.

11. The Judicial Defendants move for an order of protection to stay the requirement to confer and agree upon a Court approved mediator, and the requirement to engage in, and comply with, the discovery and other deadlines the parties must follow as set forth in the Case Management and Scheduling Order (Doc. 35).

12. As Judicial Defendants argue that Plaintiffs' Amended Complaint should be dismissed because Judicial Defendants are entitled to judicial and sovereign immunities, a stay of the case management requirements is warranted.

13. Moreover, the Judicial Defendants have moved to dismiss for lack of subject matter jurisdiction by arguing the *Rooker-Feldman* and *Younger* doctrines. (Doc. 29). It is impossible for the parties to mediate in this case, or to begin to engage in discovery in this case in view of the fact that the case was brought in a Court which does not have proper jurisdiction of any of the claims set forth in the 66 page Amended Complaint. The parties cannot intelligently set out a plan of discovery that would be productive in view of the immunities which bar the claims in this case.

14. For these reasons, the Defendant Circuit Court Judges respectfully move this Honorable Court for a protective order staying all depositions and other discovery and enlarging the time in which the Judicial Defendants are required to engage in discovery until fourteen (14) days after the Defendants' pending Motion to Dismiss is resolved.

15. **LOCAL RULE 3.01(g) CERTIFICATION** - Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that prior to filing this motion, opposing counsel for the Plaintiffs were consulted by email, and replied at length by email, and advised that they object to the relief requested in this Motion. Counsel for Co-Defendant, Hillsborough County, a Municipal Entity, has advised the undersigned by telephone that they agree with the relief sought in this motion.

**WHEREFORE**, Defendants, Judge Caroline Tesche Arkin and Judge Rex Barbas, move this Honorable Court to enter a protective order staying their participation in the selection of a Mediator, and staying all discovery directed to the Judicial Defendants until at least fourteen (14) days after the Judicial Defendants' pending Motion to Dismiss is resolved.

## MEMORANDUM OF LAW

Until immunity is resolved, discovery shall not be allowed because "inquiries of this kind can be peculiarly disruptive of effective government." *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982) (discovery is improper until the court resolves the question of immunity); see also *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "The policy behind immunity does not merely extend to suits, it also extends to protection against discovery." *In re Lickman*, 304 B.R. 897, 903 (Bankr. M.D.Fla. 2004). To preserve its purpose, "entitlement to absolute immunity must be determined as early as possible." *Marx v. Gumbinner*, 855 F.2d 783, 788 (11th Cir.1988). "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is supposed to afford." *Id.*, quoting *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985). See also *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013).

A district court has broad discretion to stay proceedings as an incident to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 683, 706 (1997). The Eleventh Circuit has held where immunity defenses are raised it is defendants' right not to be subjected to litigation beyond the point at which immunity is asserted, including a Rule 26(f) conference and discovery. *Jeffrey Paul Howe v. City of Enterprise, et.al.*, 861 Fed. 3d 1300 (11th Cir. 2017).

The requested stay of the selection of a mediator, and of the Case Management and Scheduling Order requirements is fair and rational. It is sought only until the Judicial Defendants' Motion to Dismiss the Amended Complaint is adjudicated on the issues of immunities and jurisdiction. A stay is appropriate under these circumstances because the Motion to Dismiss is an attack on the Amended Complaint's facial validity and would truly be dispositive. To determine if a stay should be granted pending resolution of a motion to dismiss, the Court should take a "preliminary peek" at the merits to determine if the motion is "clearly meritorious and truly case dispositive." *Feldman v. Flood*, 176 F.R.D. 651,652 (M.D. Fla. 1997). In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Id.*

Rule 26(c) permits a stay of discovery on a showing of good cause and reasonableness. *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, 2017 WL 7311849, *1 (M.D. Fla. Sept. 20, 2017) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins")). Although a motion to stay discovery is generally disfavored, *Id.* at *2, the Court should determine if the dispositive motion "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685-86 (M.D. Fla. 2006). If the possibility of granting the motion outweighs the harm caused by a delay in discovery, the motion should be granted. *Id.*

Indeed, "[a] stay of discovery may be particularly appropriate where a claim of immunity has been raised, as one of the purposes of immunity is to 'protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government.'" *Kinlocke v. Benton*, No. 1:16-cv-4165-TCB, 2017 WL 5639936, at *1 (N.D. Ga. Feb. 14, 2017) (quotation omitted).

Here, the Judges raised absolute judicial immunity and Eleventh Amendment immunity in their Motion to Dismiss and they are likely to prevail. Plaintiffs will suffer no harm from the continued stay of case management and discovery. The Judges, absent continuance of the stay, will spend significant time

and resources on case management and unnecessary discovery in a civil action that unquestionably lacks legal merit. Accordingly, this Court should first rule upon the Defendant Judges' forthcoming Motion to Dismiss before requiring the Judges to engage in mediation, discovery and the case management requirements.

**WHEREFORE,** the Judicial Defendants respectfully request this Honorable Court grant this Motion and stay the requirement to select a Mediator by April 3, 2021 and to engage in discovery and other case management requirements until their Motion to Dismiss is ruled upon and until at least fourteen (14) days after their pending Motion to Dismiss is resolved.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/**M. Rives**
Marie T. Rives
Senior Assistant Attorney General
Florida Bar No. 0441937
Office of the Attorney General
501 E. Kennedy Blvd., Suite 1100
Tampa, FL 33602-5242
Tel: 813-577-4533; Fax: 813-233-2886
marie.rives@myfloridalegal.com
Counsel for Defendants Judge Tesche Arkin, Judge Barbas, Judge Huey, Chief Judge Ficarrotta

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2021, I electronically filed the foregoing Motion for Protective Order with the Clerk of the Court by using the CM/ECF system, which will serve all counsel of record, including counsel for Plaintiff: James J. Macchitelli Esq., at jimmymacclaw@gmail.com; Sheldon McMullen, Esq., at sdm@sdmlawfirm.com; and Dov Sussman, Esq., at dovsussman91@gmail.com.

/s/ **M. Rives**
Marie T. Rives
Senior Assistant Attorney General