# THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Teresa M. Gaffney.
 Individually,
Sarah K. Sussman,
Individually, and as,
Trustee of the
Sussman Family Trust,
Plaintiffs
vs.

Case No.:8:21-cv-00021-sdm
CIVIL RIGHTS COMPLAINT

42 U.S.C. 1983, 1985
Fifth and Fourteenth
Amendments;

Florida Constitution:
Article I, section 9,
Article X, section 4
Fla.Stat. 817.535
Common Law Claims
<u>Trial by Jury Requested</u>

<u>Circuit Court Judges</u>:
Chief Judge Ronald Ficarrotta,
In his individual capacity and in his
official capacity;
Judge Paul Huey,
in his individual capacity and
in his official capacity,
Judge Rex Barbas,
in his individual capacity and
in his official capacity,
Judge Caroline Tesche Arkin,
in her individual capacity and
in her official capacity;
Chad Chronister, in his individual and official capacity as Sheriff of
HCSO;
Jason Gardillo, in his individual capacity and in his official
capacity as an agent/employee of HCSO;
Deputy Jonathan Carlton, individually and as an agent, employee of
HCSO;

**Corporal Gary Harris, individually and as an agent, employee of HCSO;**

**Phillip A. Baumann, in his individual capacity, as the putative administrator ad litem and as a Partner in Baumann/Kangas Estate Law;**

**Michael Ryan Kangas, in his individual capacity and as a Partner in Baumann/Kangas Estate Law;**

**Baumann/Kangas Estate Law**

**Hillsborough County, a Municipal Entity,**

**Defendants.**

**ATTORNEYS FOR PLAINTIFFS:**

**James J. Macchitelli**

**Illinois Bar Number 6208773**

**1501 Perimeter Drive #400**

**Schaumberg, Illinois 60173**

**(847)-414-4532**

**jimmymacclaw@gmail.com**

**Admitted, *Pro Hac Vice***

**Dov Sussman**

**FBN:518920**

**P.O. Box 18112**

**(813) 992-2889**

**Tampa, Florida 33679**

**Tel.: (813) 287-1159**

**e-mail: dovsussman91@gmail.com**

# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Teresa M. Gaffney.
 Individually,                          Case No.: Case No.:8:21-cv-00021-sdm
Sarah K. Sussman,                      CIVIL RIGHTS COMPLAINT
Individually, and as,
Trustee of the                            42 U.S.C. 1983, 1985
Sussman Family Trust,                     Fifth and Fourteenth
Plaintiffs                                Amendments;
vs.

                                        Florida Constitution:
<u>Circuit Court Judges</u>:            Article I, section 9,
Chief Judge Ronald Ficarrotta,          Article X, section 4
In his individual capacity and in his   Fla.Stat. 817.535
official capacity;                      Common Law Claims
Judge Paul Huey,                       <u>Trial by Jury Requested</u>
in his individual capacity and
in his official capacity,
Judge Rex Barbas,
in his individual capacity and
in his official capacity,
Judge Caroline Tesche Arkin,
in her individual capacity and
in her official capacity,
Chad Chronister in his official capacity as Sheriff, HCSO;
Jason Gardillo, in his individual capacity and in his official
capacity as an agent/employee of HCSO;
Deputy Jonathan Carlton, individually and as an agent, employee of
HCSO;

Corporal Gary Harris, individually and as an agent, employee of
HCSO;
Phillip A. Baumann, in his individual capacity, as the putative
administrator ad litem and as a Partner in Baumann/Kangas Estate
Law;
Michael Ryan Kangas, in his individual capacity and as a Partner in
Baumann/Kangas Estate Law;
Baumann/Kangas Estate Law
Hillsborough County, a Municipal Entity,
Defendants.

<u>ATTORNEYS FOR PLAINTIFFS:</u>
James J. Macchitelli
Illinois Bar Number 6208773
1501 Perimeter Drive #400
Schaumberg, Illinois 60173
(847)-414-4532
<u>jimmymacclaw@gmail.com</u>
Admitted, *Pro Hac Vice*

Dov Sussman
FBN:518920
P.O. Box 18112
(813) 992-2889
Tampa, Florida 33679
Tel.: (813) 287-1159
e-mail: <u>dovsussman91@gmail.com</u>

## PROPOSED SECOND AMENDED COMPLAINT

NOW COMES, Teresa M. Gaffney, Sarah K. Sussman and Sarah K. Sussman as

Trustee of the Sussman Family Trust, by and through their undersigned attorneys

and files these claims as to Hillsborough County, a municipal entity; Hillsborough

County Circuit Court Judges: Chief Judge Ronald Ficarrotta, in his individual and

official capacity; Judge Paul Huey, in his individual capacity and in his official

capacity; Judge Rex Barbas, in his individual capacity and in his official capacity;

Judge Caroline Tesche Arkin, in her individual capacity and in her official

capacity, and, as noted above,  Hillsborough County, a municipal entity, Jason

Gordillo, in his individual capacity and as an agent, servant and employee of

Hillsborough County Sheriff's Office (HCSO); Deputy Jonathan Carlton,

individually and as an agent, employee of HCSO; Corporal Gary Harris,

individually and as an agent, employee of HCSO; Sheriff Chad Chronister, in his

official capacity as Sheriff of HCSO; Phillip A. Baumann, in his individual

capacity, as the putative administrator ad litem and as a Partner in

Baumann/Kangas Estate Law; Michael Ryan Kangas, in his individual capacity

and as a Partner in Baumann/Kangas Estate Law; and Baumann/Kangas Estate

Law.

The Plaintiffs request Trial by Jury on all counts in which Trial by Jury is available.

## JURISDICTION AND VENUE

*1.* This is an action for injunctive relief and damages pursuant to *42 U.S.C., sections 1983, 1985* based upon the continuing violations of Plaintiffs' rights under the *Fifth and Fourteenth Amendments to the United States Constitution*. Jurisdiction exists pursuant to *28 U.S.C., sections 1331 and 1343*, based upon *42 U.S.C., section 1983, 42 U.S.C., section 1985* and questions of federal constitutional law. Jurisdiction also exists under the *Declaratory Judgment Act, 28 U.S.C., sections 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C., section 1367.*

2. Venue is proper in the Middle District of Florida, [Tampa Division], in that the events and conduct complained of herein all occurred in the Middle District of Florida, [Tampa Division]. Damages are in excess of One Million Dollars ($1,000,000.00).

## **The Parties**

3.  The Plaintiff, Teresa M. Gaffney is a resident of Hillsborough County,
    Florida. The Plaintiff, Sarah K. Sussman is a legal resident of Hillsborough
    County, Florida; The Plaintiff, The Sussman Family Trust is a Florida Trust
    whose Trustee, is Sarah K. Sussman; The Sussman Family Trust is a trust
    formed under the Laws of the State of Florida.

4.  The Defendants are: Chief Judge Ronald Ficarrotta in his individual capacity
    and in his official capacity; Circuit Court Judge Paul Huey, in his individual
    capacity and in his official capacity; Circuit Court Judge Rex Barbas, in his
    individual capacity and in his official capacity; Circuit Court Judge Caroline
    Tesche Arkin in her individual capacity and in her official capacity;
    Hillsborough County, a municipal entity, Jason Gordillo, in his individual
    capacity and as an agent, servant and employee of Hillsborough County
    Sheriff's Office (HCSO); Deputy Jonathan Carlton, individually and as an
    agent, employee of HCSO; Corporal Gary Harris, individually and as an
    agent, employee of HCSO; Sheriff Chad Chronister, in his official capacity
    as Sheriff of HCSO; Phillip A. Baumann, in his individual capacity, as the
    putative administrator ad litem and as a Partner in Baumann/Kangas Estate

Law; Michael Ryan Kangas, in his individual capacity and as a Partner in Baumann/Kangas Estate Law; and Baumann/Kangas Estate Law.

## STATEMENT OF FACTS

5.  The underlying litigation evolves from an action filed approximately one year beyond the Statute of Limitation in the Circuit Court in and for Hillsborough County and otherwise referenced as Case No.: 14-CA-3762. (hereinafter referenced as, "3762"). The Plaintiffs in this matter, (Defendants below), uncovered the theft of approximately $1,000,000.00 from the Estate of John J, Gaffney. The theft of assets, which was documented, was the work of the Defendant Phillip A. Baumann, Defendant Michael Ryan Kangas and Defendant Baumann/Kangas Estate Law, and such misconduct was brought to the attention of the Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin.

6.  The listed Defendants, in this action, acting in collusion, have statutory liability as well as common law, (state claims), liability for the actions and transgressions set forth in this complaint. Further, it is alleged by the Plaintiffs that Defendant Judge Ronald Ficarrotta, Defendant Judge Paul Huey, Defendant Judge Rex Barbas, and, Defendant Judge Carolyn Tesche Arkin, Defendant Jason Gordillo,  Defendant Sheriff Chad Chronister, Defendant Deputy Jonathan Carlton, Defendant Corporal Gary Harris, Defendant Phillip

A. Baumann, Defendant Michael Ryan Kangas, and Defendant Baumann/Kangas Estate Law, acting in concert with Hillsborough County, and/or with the tacit approval of Hillsborough County, together with additional and currently unknown/unnamed personnel, conspired, combined and colluded to deprive the Plaintiffs of their property, their reputation and their Federal and State Constitutional rights under color of law in contravention of the *5th and 14th Amendments to the U.S. Constitution and of those rights enumerated under the Florida Constitution, including but not limited to: Article I, section 9 and Article X, section 4.*

7. At all times relevant, Defendant Judge Ronald Ficarrotta, Defendant Judge Paul Huey, Defendant Judge Rex Barbas, and, Defendant Judge Carolyn Tesche Arkin acted in the clear absence of all Jurisdiction.

8. At all times relevant the Defendants caused, as to the Plaintiffs a deprivation of rights and privileges secured by the Constitution and laws of the United States of America as well as the Constitution and laws of the State of Florida, as applicable to the Plaintiffs.

9. At all times relevant the acts complained of in this complaint were caused by the Defendants under color of law.

10. The undisputed facts are that on October 25, 2017 the Plaintiffs were unlawfully evicted from the Homestead Property belonging to the Plaintiffs

in violation of Article I section 9 of the Florida Constitution and Article X Section 4 of the Florida Constitution as well as the provisions of HCHRO. The Plaintiffs were further denied the protections afforded them under the 5th and 14th Amendments to the United States Constitution, under color of law, as part of the collusive conduct of the parties named as Defendants herein.

11. The unlawful eviction arose from a lawsuit filed in the state court after the expiration of the statute of limitations; the state court never had Subject Matter Jurisdiction and the state court filers lacked standing. The state court judges, acting in the clear absence of all or any possible jurisdictional basis, elected to disregard/abrogate the Constitutional and Statutory rights to which the Plaintiffs herein were, and are, entitled. Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin further elected to act as a rump legislature and re-write *Florida Statute 415.1111* and *Florida Statute 95.11* to further accommodate their goal of confiscation of the Plaintiffs property. To achieve this goal, the Defendants colluded, conspired and combined to bring about their unlawful purpose and took the necessary steps to perfect their conspiracy. Having utilized an unlawful means to effectuate an unlawful goal the Defendants confiscated the property of the Plaintiffs; the Defendants then conspired, combined and colluded to award attorney fees and costs against Teresa Gaffney and Sarah

Sussman on a flawed judgment in a case which the bench and Michael Ryan Kangas, counsel for the administrator ad litem, i.e., Baumann, described as "dead on arrival", i.e., meritless. The collusive and conspiratorial actions taken by the Defendants, individually and as a collective body, were taken in furtherance of a conspiracy to seize valuable property from the Plaintiffs. There was no jurisdictional ambit of authority for the actions set forth in this complaint. The actions were taken under color of law so that the Defendants, individually and collectively, could successfully defraud the Plaintiffs and punish the Plaintiffs for exposing the theft of property by Defendant Phillip A. Baumann, Defendant Michael Ryan Kangas and Defendant Baumann/Kangas Estate Law and the outing of Defendant Judge Paul Huey for his predatory sexual conduct and other related acts effectuated in contravention of the law and which acts were set in motion under color of law.

12. As an initial step in this conspiracy, Defendant Judge Paul Huey, in concert with other Defendants, named and unnamed, struck the pleadings of the Petitioners after Petitioner Teresa Gaffney refused to engage in a sexual relationship with Defendant Judge Huey. The evidence is uncontroverted, and transcripts are available. There are witnesses to this morally repugnant extortion; those witnesses were not permitted to testify as to their firsthand knowledge of

Defendant Judge Huey's pattern of behavior as described above and in other cases. Affidavits and other materials were filed in the state court proceeding but were ignored by the several state court judges named in this complaint. In short, the gravamen of the actions taken by the defendants in this action evolve from two causes: (a) the Plaintiff Teresa M. Gaffney refused to engage in illicit sexual act/acts with Defendant Judge Huey; (b) the Plaintiffs, (Defendants below), exposed Judge Huey's conduct and the overall pillaging of the Estate of John J. Gaffney by Defendant Phillip A. Baumann, Defendant Michael Ryan Kangas and Defendant Baumann/Kangas Estate Law.

13. Judge Paul Huey engaged in *ex parte* communications with Defendant Michael Ryan Kangas in the state court matter in order to "fix" the case. See Exhibit 1. The plaintiffs have the documents prepared by and/or on behalf of Judge Huey establishing the ex parte communications with Defendant Michael Ryan Kangas. Those documents were filed in the state court proceeding and were similarly ignored by the several state court judges named in this complaint. The determined indifference to the sexual extortion demanded by Defendant Judge Huey was in furtherance of the conspiracy on the part of the Defendants to mask the prohibited conduct of Defendant Judge Huey and the theft of approximately $1,000,000.00 of assets by Defendant Phillip A. Baumann, Defendant Michael Ryan Kangas and Defendant

Baumann/Kangas Estate Law who filed the meritless lawsuit and who engaged in the documented *ex parte* communications with the Defendants. The Defendants engaged in the theft of the assets/property of the Plaintiffs inasmuch and the Defendants aided and abetted, covered up and relied on false and fraudulent orders which were knowingly manufactured and referenced by the Defendant Judge Rex Barbas, Defendant Judge Paul Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Kangas, Defendant Phillip Baumann and Defendant Baumann/Kangas Estate Law in their consummation of the theft of the property of the Plaintiffs which was accomplished by the Defendants in a covert and conspiratorial manner.

14. Defendant Michael Ryan Kangas admitted under oath on 12 July 2019 that he had an ex parte hearing with Defendant Judge Huey in an unrelated case. The Plaintiffs were not noticed of the hearing and Case 3762 was discussed. Defendant Michael Ryan Kangas at that time informed Defendant Judge Huey that Case 3762 was about Defendant Phillip A. Baumann and Defendant Michael Ryan Kangas obtaining their "fees" for work performed for John J. Gaffney. Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann were never the attorneys for John J. Gaffney and never performed any legal services for John J. Gaffney.

15. Subsequently, Defendant Judge Huey recused himself from the case. The

actions of the Defendant Huey were in contravention of the Florida Constitution, Florida Statute and the provisions of the Hillsborough County Civil Rights Ordinance.

16. Defendant Judge Rex Barbas succeeded Defendant Judge Huey and became the presiding Judge. Defendant Judge Barbas, engaged in ex parte communications with Defendant Michael Ryan Kangas and, as yet, unnamed Defendants.

17. Defendant Judge Barbas admitted to discussing this case with other judges, (at least 6). In reviewing the documented sexual extortion on the part of Defendant Judge Huey, Defendant Judge Barbas stated, on the record, that he found that Defendant Judge Huey did not do anything wrong.

18. Defendant Judge Barbas has admitted to conducting round table discussions in his division with other judges in his division as to cases and attorneys.

19. The frequent ex parte communications, theft of assets from the Estate, fabrication of court orders, the perjury and subornation of perjury which occurred in this matter, (i.e., 3762), have been uniformly ignored, by Defendant Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin; no oversight was provided. The transgressions referenced in this Complaint were discussed

with Defendant Judge Ficarrotta. Further, Defendant Judge Ficarrotta failed to investigate and failed to take any remedial measures in his capacity as Chief Judge.

20. Defendant Judge Ficarrotta failed to comply with the provisions of the HCHRO and failed to take any remedial measures in his capacity as Chief Judge. The county had a duty to implement and supervise the application of the HCHRO. The County was at all times aware, or in the reasonable discharge of its duties would have known of the pernicious conduct of the Defendant Judges, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin. The conduct failed to perform its duty under the HCHRO and implement the provisions of the HCHRO. These transgressions were not addressed; the County elected to do nothing to remediate the provisions of the HCHRO and this failure on the part of the County constituted a violation of the HCHRO and resulted in harm to the Plaintiffs.

21. The witnesses to this conduct have not been allowed to testify; the documentation of the above referenced conduct, which was filed by the Plaintiffs in the underlying case has been ignored by the Defendants in this matter.

22. Without a hearing and/or opportunity to be heard, Defendant Judge Barbas unlawfully seized and expropriated the Homestead Property and personal property of the Plaintiffs. Defendant Judge Barbas was, at all times relevant, without Jurisdictional or Constitutional authority and acted in the clear absence of all jurisdiction; due process was ignored by the Defendants. Defendant Judge Barbas, in furtherance of the conspiracy to defraud, seize and expropriate the Homestead Property/Residence of the Plaintiffs, collectively, granted relief in the clear absence of jurisdiction, which relief was not sought in any pleadings knowing that such relief was in contravention of the Florida Constitution, Florida Statutes, Florida caselaw, the U.S. Constitution, the U.S. Code and Federal cases involving the Florida Homestead exemption, *(Article X, section 4),* the HCHRO and  Advisory opinions that have been sought by the 11th Circuit Court of Appeals from the Florida Supreme Court. The legal research performed by the Plaintiffs covering approximately 150 years of jurisprudence has failed to disclose any case(s) supporting the actions taken by the Defendants to confiscate and expropriate the Homestead Property/Residence belonging to the Plaintiffs. On 13 September 2019 Defendant Judge Barbas, in an admission against interest, stated in open court, on the record, with the media present, both audio and visual, that he, the Defendant Judge Barbas, took the Homestead Property of

Sarah Sussman as a sanction against Teresa Gaffney for violation of discovery orders that Judge Barbas issued. A review of the docket shows that Judge Barbas never issued such discovery orders. The transcript and docket reflective of this matter, were filed, and ignored, by the Defendants.

23. On 5 November 2019 Defendant Judge Barbas, at an Inns of Court Board meeting, conducted in Hillsborough County, Florida, engaged in ex parte communications with Samuel Salario, a Second District Court of Appeal Judge in the presence of witnesses. Defendant Judge Barbas knew that a Writ, (subsequently a Non-Final Appeal), was pending before the Second DCA and that such Writ was filed by the attorney for the present Plaintiffs, (Defendants below). Defendant Judge Barbas attempted to influence the Appellate Judge so as to rule against the Plaintiffs in this matter. See Exhibit 2. On 7 November 2019 Defendant Judge Barbas stated in open court that he had discussed the case with six Judges. The identities of the six judges were never disclosed by Defendant Judge Barbas and such judges may have occupied positions on the circuit court as well as the appellate court. Defendant Judge Barbas has attempted to taint the Appellate Judges of the Second District Court of Appeal. (Since the above referenced *ex parte* incident, Judge Salario has resigned from the Second DCA). See Exhibit 3.

24. Defendant Judge Barbas, in concert with the other Defendants, as well as

presently unnamed Defendants, by his own admission, took the Homestead Property as a sanction in violation of *Article X Section 4* of the Florida Constitution. There was no legal or constitutional authority or statutory authority for this tyrannical act; there was simply the collusion of the named Defendants to seize the Homestead Property/Residence of the Plaintiffs for the personal aggrandizement of the Defendants. This act of expropriation was effectuated by the Defendant Judge Barbas in the clear absence of any jurisdictional basis.

25. Subsequently Defendant Judge Barbas granted a Motion to Disqualify himself stating that he, the Defendant Judge Barbas, could not be fair and/or impartial as to the Plaintiffs or their attorney. Defendant Judge Barbas, upon information and belief, has appointed the successor Judge(s) on the underlying case in order to effectuate the continuing transgressions as to the civil rights of the Plaintiffs, (defendants below) in this matter. Former Judge Scott Stephens stated that "the administrative judge(Defendant Judge Rex Barbas) reassigned the case to division K"(Defendant Judge Caroline Tesche Arkin). Pursuant to Administrative Order S-2019-047, in effect at the time, the Clerk had the duty to reassign a case. It is not a judicial act to assign cases. Defendant Judge Barbas in appointing judges to the underlying matter, i.e., 3762, acted in an administrative capacity. The Defendant Judge Barbas was

aware that by administrative order the selection of judges in the Thirteenth Judicial Circuit was to be effectuated by the Clerk of Courts not Judges. In usurping the function of the Clerk's office, Defendant Judge Barbas acted administratively in the capacity of the Clerk of Courts.

26. Defendant Judge Barbas appointed, in his assumed capacity as a clerk, Defendant Judge Caroline Tesche Arkin, thus violating the Disqualification Order and perverting the policy of blind rotation. The Clerk's office, as provided in the above referenced administrative order is responsible for the assignment of cases. Defendant Judge Barbas, in usurping that duty, acted in an administrative capacity, in furtherance of the conspiracy to deprive the Plaintiffs of their rights under Florida Statute, the Florida Constitution, HCHRO as well as the Federal Constitution. In his disqualification order Defendant Judge Barbas stated that he could not be fair and impartial as to the Plaintiffs or their attorney.

27. Defendant Judge Caroline Tesche Arkin refused to allow any opportunity to be heard or due process and upheld the taking of Homestead Property as a Sanction in violation of *Article X Section 4* of the Florida Constitution and therefore, without any legal, constitutional authority or statutory authority.

28. There was an admission against interest made by Defendant Judge Huey -

admitting to the sexual harassment and stating that the underlying state court case was never viable and should have been dismissed. Defendant Judge Huey further stated that he wants to get away from this case because he knows that he is "in trouble".

29. In a recent order issued by Defendant Judge Tesche Arkin, the Defendant Judge Arkin also admitted that the underlying state court lawsuit was "dead on arrival", i.e., meritless, but notwithstanding her assessment that the underlying case, (i.e., 3762), was meritless Defendant Judge Arkin awarded significant sums of money in attorney fees against Teresa Gaffney and Sarah Sussman. Defendant Judge Arkin relied on a Probate Court Order, alleged to exist by Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann, and Defendant Baumann/Kangas Estate Law, which Probate Order does not exist. Defendant Phillip A. Baumann admitted under oath that the alleged Probate Order does not exist. Defendant Judge Arkin is aware that the alleged Probate Order does not exist. Defendant Judge Arkin has prevented the use of discovery to compel the proponents of the mythical order to produce same. In obstructing discovery calculated to disclose the non-existence of the mythical order, Defendant Judge Arkin has perverted the ends of justice and has acted in furtherance of the conspiracy of the Defendants to confiscate the Homestead Property/Residence of the Plaintiffs.

30. Knowing that the case was meritless Defendant Judge Caroline Tesche Arkin has, at all times relevant acted in the clear absence of all jurisdiction.

31. Subsequent to the filing of the instant action, Defendant Judge Arkin, knowing that Case 3762 is meritless and acting in the clear absence of all jurisdiction and in contravention of the Florida Statutes and the Florida Constitution, has and is threatening the Plaintiff with criminal incarceration in an effort to obstruct the civil rights claim for the purpose of resolving civil by recourse to criminal. Defendant Judge Tesche Arkin has engaged in the intimidation of a witness.

32. The vitriol from these Judges is derivative from the refusal of the Plaintiff to engage in sexual acts, (which were specifically enumerated by Defendant Judge Huey, and which can be specifically corroborated by witnesses). The price for refusing the sexual advances of a reprobate judge is the conspiracy to teach the Plaintiffs a lesson. The Plaintiffs have lost their home their personal property, their business and, without any proof, or the necessity of a hearing/trial, the Plaintiff, Teresa Gaffney, has been found guilty of a quasi-criminal statute, which is not applicable to her, all in contravention of the law, all without due process, all in the clear absence of any jurisdiction of the Defendants.

33. Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant

Judge Caroline Tesche Arkin have allowed manufactured "evidence" to be received by the court. Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin have given credence to such manufactured evidence, colluded in the introduction of manufactured evidence and based their rulings in this matter upon evidence which they knew, or should have known, was materially false.

34. The manufactured evidence includes, but is not limited to, the acceptance of false testimony under oath, which evidence was known to be false, the allowance of perjured testimony and disregard for the textual interpretation of the Constitution of the United States, the Constitution of the State of Florida and the Statutes of the State of Florida.

35. Rather than perform the judicial work required under their oath of office, the Defendants conspired among themselves, and with others, to shortcut the judicial process. Specifically, the judicial and non-judicial Defendants singled out the Plaintiffs for retribution for "outing" Defendant Judge Huey. The Defendants created a false hypothesis, unjustly singled out the Plaintiffs and successfully endeavored to stretch the truth, obfuscate the law, pervert the ends of justice and apply a false narrative to inimical to the Plaintiffs which false narrative has resulted in substantial harm to the Plaintiff which harm continues and may be impossible to remediate.

36. In addition to the misconduct discussed in this complaint, which misconduct is attributable to the Defendants, in their collusive and conspiratorial plan to disregard dispositive evidence, exculpatory in nature, to wit: reports, affidavits, testimony, et cetera, that should have been utilized by the Defendants and who, in their orders, claimed to be knowledgeable as to the court file. They were not familiar with the court file, or the Defendants choose to engage in willful blindness and ignore the overwhelming facts and citations to the law and Constitution as were contained in the court file.

37. As a proximate and direct result of the numerous instances of documented misconduct the Plaintiffs have suffered egregious losses, will continue to suffer egregious losses, have been subjected to a meritless award of attorney fees and have suffered the loss of homestead property, personal property, chattels and other items associated with the family. The Plaintiffs have been defamed and such defamatory practices have been engaged in by the Defendants in conscious and deliberate disregard for the truth, with the requisite scienter as to falsity of their calumny. But for the misconduct of the Defendants the devastation visited upon the Plaintiffs would not have occurred. Moreover, as set forth in the succeeding counts of this complaint there exist further and sundry damages attributable to the Defendants which damages are proximately and directly caused by the conduct of the

Defendants in furtherance of their conspiracy to deprive the Plaintiffs of their Constitutionally protected rights and in contravention of those rights and privileges afforded to the Plaintiffs.

38. At all times relevant the Defendants were, individually and collectively, on notice as to the multiple instances of malfeasance attributable to each of the Defendants. At no time did any of the Defendants take action to enforce the law and thereby impede the violations occasioned by the actions complained of in this Complaint. Defendant Judge Ronald Ficarrotta, Defendant Judge Paul Huey, Defendant Judge Rex Barbas, and, Defendant Judge Carolyn Tesche Arkin, individually and collectively, were on notice as to the pendency of this Complaint; similarly the awareness of the pendency of this matter was known to the County.

39. Defendant Judge Ronald Ficarrotta, Defendant Judge Paul Huey, Defendant Judge Rex Barbas, and, Defendant Judge Carolyn Tesche Arkin have no judicial immunity because the acts complained of and attributable to the Defendants are in the clear absence of jurisdictional authority and are not Judicial Acts. There is no judicial immunity for acts committed that are performed in the clear absence of jurisdiction and for non-judicial acts which in this case includes, but is not limited to, sexual extortion, sexual discrimination, sexual harassment, covering up sexual extortion, sexual

discrimination, sexual harassment, ex parte communications with opposing counsel in the frivolous lawsuit,  ex parte communications with Appellate Judges, aiding and abetting and covering up the theft of property and monies, aiding and abetting and covering up the theft of Homestead Property and administrative duties.

40. Hillsborough County was at all times relevant on notice of the acts complained of. The acts complained of are in contravention of the policies of the State of Florida and the policies of Hillsborough County and HCHRO.

41. Hillsborough County had a nondelegable duty to oversee the implementation of the HCHRO; Hillsborough County failed in its duty of oversight, thereby breaching its obligations under the HCHRO.

42. Hillsborough County acquiesced in the conduct of the co-Defendants.

43. The Defendants at all times, individually and collectively lacked any basis to proceed against the Plaintiffs in the underlying action, i.e. 3762, or any of its progeny.

44. The Defendants at all times relevant lacked any basis to proceed against the Plaintiffs or in BK Court or any adversarial proceeding in BK court.

45. The Defendants at all times, individually and collectively lacked any basis to proceed against the Plaintiffs in the the state appellate process or eviction proceedings with HCSO.

46. Defendant Michael Ryan Kangas stated under oath

> *The order authorizing Mr. Baumann, was on a petition to appoint an Administrator Ad Litem for the sole purpose of bringing a lawsuit against the*
>
> *[Plaintiffs].*

47. No such Order exists. The Order stated that

> *The purpose of the asset recovery suit, and the reason an Administrator Ad Litem was appointed*
>
> *in this case, is to seek recovery of estate assets*
>
> *to be administered in the probate case.*

48. Black Letter law establishes that an *inter vivos* deed is not an asset of the estate and the property owned by the Plaintiffs passed outside of the Estate of John J. Gaffney.

49. The Defendants at all times relevant lacked any basis in law and fact to proceed against the Plaintiffs in the underlying proceeding(s), i.e., 3762, and acted in the clear absence of jurisdiction.

50. On 16 October 2017 Defendant Barbas entered a Final Judgment without a hearing, without any findings of fact and without any basis in law or fact. Based on the admissions by Defendant Michael Ryan Kangas that the case was meritless and dead-on arrival, Defendant Judge Barbas entered the Order without an jurisdictional basis and in the clear absence of all jurisdiction.

51. A writ of possession was entered by Defendant Judge Barbas to seize the Homestead Property in contravention of Article X Section 4 of the Florida Constitution.

52. Plaintiff Sussman filed for Bankruptcy and her Homestead Property was subject to the Automatic Stay.

53. In violation of the Automatic Stay, HCSO enforced the Writ taking the Homestead Property; personal property of the Plaintiffs and caused the death of three pets.

54. The HCSO failed to provide any training materials or training courses to in house counsel relative to eviction proceedings.

55. The in-house counsel for HCSO, Defendant Gordillo, lacked, by his own admission in sworn testimony, any knowledge, training or experience relative to his position with HCSO regarding evictions and the effect of taking Homestead Property.

56. Defendant Gordillo admitted that he never reviewed the final order and could not identify and/or distinguish a motion to dismiss from a final order.

57. Defendant Gordillo testified that he was unfamiliar with the following concepts: final judgment, procedural motions or the Florida Constitution, i.e., Article X, section 4 (Homestead Exemption) and could not apply such concepts to facts before him.

58. The HCSO invaded the privacy of the Plaintiffs by failing to determine if the automatic stay was in place as to the Homestead Property.

59. Execution by a creditor, even a putative creditor, is not permitted under the Florida Constitution and is in contravention of Article X, section 4; execution by a creditor, even a putative creditor, is constitutionally invalid and offensive.

60. Further, the Order of 16 October 2017 unlawfully invalidated the deed transferring the Homestead Property to Plaintiff Sussman without jurisdiction and in the clear absence of jurisdiction and unlawfully accuses the Plaintiffs of exploitation of John J. Gaffney, without any evidence, and in disregard of the evidence submitted to the contrary.

61. The invalidation of the deed would have required a hearing; there was no hearing. The Defendants ran this scam sub rosa.

62. The Order of 16 October 2017 did not invalidate the deed between John J. Gaffney and Plaintiff Gaffney because there was no basis in law and fact. The invalidation of the deed could not have been done because the statute of limitations had run, and the Homestead Property purchased by Plaintiff Gaffney was never an asset of the Estate of John J. Gaffney.

63. HCSO evicted the family of the Plaintiffs from the Homestead Property and unlawfully detained the family member(s) residing in the Homestead Property.

64. Kangas/Baumann individually collectively and on behalf of their law firm conceived organized and implemented the above actions with the help, aid, knowledge and assistance of the co-defendants.

65. Knowing that the deed between John J. Gaffney and Plaintiff Gaffney was still valid, the Defendants unlawfully took the Homestead Property.

66. At all times relevant, the Homestead Property was and is owned by Sarah K. Sussman, Trustee of the Sussman Family Trust.

67. Execution by a creditor, even a putative creditor, is not permitted under the Florida Constitution as to Homestead Property.

68. The Defendant HCSO forcibly and unlawfully evicted the family of the Plaintiffs from the Homestead Property and unlawfully detained the family members residing in the Homestead Property.

69. In doing so the Defendant HCSO, its agents servants and employees, subjected the family members of the residential property to false arrest.

70. Defendant Phillip A. Baumann and Defendant Michael Ryan Kangas individually collectively and on behalf of their law firm, Defendant Baumann/Kangas Estate Law, conceived organized and implemented the

above actions with the help, aid, knowledge and assistance of the co-defendants.

71. The eviction was effected by Deputies of the Hillsborough County Sheriff's Office, (hereinafter collectively referenced as, "HCSO), under the instructions of Defendant Michael Kangas and Defendant Phillip Baumann.

## FIRST CAUSE OF ACTION:
## DECLARATORY JUDGMENT

### I.    Nature of the First Cause of Action:

72. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-71, Statement of Facts, as set forth in the Complaint.

73. This is an action seeking Declaratory Relief pursuant to 28 U.S.C. sections 2201 and 2202. The Plaintiffs seek relief by way of a declaration that they have no liability, nor can such liability arise, in contravention of *Article X, section 4* of the Florida Constitution, (Homestead Exemption), which would allow a trial court to accept an alleged, but un-proven putative creditor claim, as a basis to confiscate the Homestead Property of the Plaintiff in satisfaction of a non-existent and un-proven claim.

74. The subject property was at all times relevant Homestead Property, subject to the protections afforded Homestead Property as set forth at *Article X, section 4 of the Florida Constitution*. The Defendants at all times relevant conspired to confiscate the property and did so by way of an unlawful order issued by Defendant Judge Rex Barbas in furtherance of his, and his co-defendants goal of violating the civil rights of the Plaintiffs.

75. The Homestead Property is located in Hillsborough County, Florida and more fully described as:

ALL of Lot 30 and the South 31 Feed of Lot 29 of
KENTEL PARK SUBDIVISION, as per the recordation
In Plat Book 12 on Page 665 of the Public Records of
Hillsborough County, Florida.
The address is 119 South Clark Avenue,
Tampa, Florida 33609

76. On or about 4 April 2014, the Defendants conspired to utilize an order of the Probate Court which order was false and was known by the Defendants to be false.

77. The false order was utilized by the Defendants to empower third parties to evict the family in residence at the Homestead Property. The family was allowed 15 minutes to depart.

78. At the time of the unlawful eviction the property was classified as Homestead Property, The Property was classified as such from its construction in approximately 1971 and is so classified presently.

79. Neither the Defendants or their agents at any time held any right, title or interest in the subject property.

80. There is no caselaw extant in the State of Florida which would permit the taking of Homestead Property by a non-creditor under these facts.

81. Defendant Judge Barbas stated that he caused the Homestead Property to be confiscated because the present Plaintiff Teresa Gaffney had violated his discovery order. In short, Defendant Judge Barbas confiscated the Homestead Property of one of the present Plaintiffs as a sanction against a second present Plaintiff. The Florida Constitution does not permit the taking of Homestead Property as a sanction. There were no orders issued by the Defendant Judge Barbas relative to Teresa Gaffney as to discovery.

82. In furtherance of the concerted action of expropriation of Homestead Property the Defendants, as set forth in paragraphs 5-71, conspired in the expropriation of Homestead property and having admitted that the underlying claim was "dead on arrival", (i.e., meritless), Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law caused to be awarded against the Plaintiffs a significant sum in the form of attorney fees which amounts to a judicially disguised act of theft/extortion.

83. This Cause of Action is part of an action brought pursuant to 42 USC 1983, 1985 and which takes up several additional causes of action brought under the Florida Constitution and Florida Law.

84. It is established law, Constitutionally and case made, that Homestead Property cannot be seized and/or levied against except under three Constitutional exceptions to the Homestead Exemption. None of the three exceptions to the Homestead exemption are applicable in this matter.

85. Testimony offered by a witness in the lower proceeding, i.e., 3762, unequivocally stated that the subject real property was Homestead Property. This statement was unchallenged by the presiding Defendant Judge Barbas and/or adverse counsel. No testimony was offered by Defendant Michael Ryan Kangas in opposition to the referenced testimony. Defendant Michael Ryan Kangas cited this evidentiary submission in its pleadings without contrary argument.

86. A Notice of Homestead was filed and served as to the subject property by the holder/declarer of Homestead Status of the property confiscated.

87. No response or challenge to the Declaration of Homestead was offered by Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann.

88. There are no cognizable facts which would undermine the Homestead Status of the subject property.

89. There is no cognizable law which would support the confiscation of Homestead Property by the Defendants in this matter under the controlling facts.

90. The Defendants subjected the Plaintiffs to conduct, as set forth above and throughout this complaint, that occurred under color of law. This conduct deprived the Plaintiffs of tights, privileges and/or immunities guaranteed under federal law and/or the U.S. Constitution.

**WHEREFORE,** The Plaintiffs, by and through undersigned counsel move this Court: (a) for a Declaration that the subject property was, and is, Homestead Property, as recognized by the Florida Courts, including without limitation the Florida Supreme Court; (b) pursuant to Article X, section 4 of the Florida Constitution Homestead Property cannot be confiscated by judicial whim; (3) the judiciary cannot amend the Constitution of the State of Florida; only the citizens of the State of Florida possess that authority.

## SECOND CAUSE OF ACTION
## Violation of Civil Rights---42 U.S.C., section 1983
## Due Process

91. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-71, Statement of Facts, as set forth in the Complaint.

92. As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law, and within the scope of their employment, deprived the Plaintiffs of their Constitutional right to Notice and Opportunity to be Heard as well as their right to a fair and impartial trial.

93. In the manner described more fully above, the Defendants prevented the taking of testimony by numerous key witnesses and deliberately ignored exculpatory evidence such as the affidavits of Gilbert Singer, Esq., J. Kevin Carey, Esq., and Teresa M. Gaffney, Esq. **Those affidavits are attached hereto as Plaintiffs Composite Exhibit "4".**

94. The prevention of the admission of exculpatory evidence is a per se violation of the due process rights of the Plaintiffs and constitutes a violation of 42 U.S.C section 1983.

95. The prevention of the admission of exculpatory evidence is a per se violation of the due process rights of the Plaintiffs in contravention of 42 U.S.C. section 1983 and where such obstruction of the due process rights of the Plaintiffs has been effectuated by the Defendants, in concert, constitutes conspiracy and as such is a violation of 42 U.S.C. section 1985(3).

96. In the course and scope of the underlying meritless litigation, (i.e., 3762), as described more fully above, the Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law,  fabricated evidence and obstructed discovery which would have exposed the fabrication of evidence. The Plaintiffs presented evidence, by way of court filings, which conclusively demonstrated the presence of fabricated evidence, subornation of perjury and perjury to which the Defendants colluded. The Plaintiffs were at all times relevant prevented, by the Defendants, from utilizing live testimony to demonstrate the legal inexactitude of the causes of action asserted against them.

97. The Defendants, Defendant  Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin, failed to follow the law, failed to honor their oath of office, ignored

evidence, exercised willful blindness as to the flagrant dishonesty which occurred.  Had the Defendants, Defendant Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin, honored their oath and followed the law the court sanctioned taken against the Plaintiffs would not have occurred.

98. The misconduct, deceit and fabrication of evidence exercised by the Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, was the sine qua non necessary for the Defendants to visit harm on the Plaintiffs.

99. The Defendants deliberate actions taken without any jurisdictional basis and in the clear absence of any and all jurisdiction, but under color of law resulted in the denial of the constitutional rights of the Plaintiffs, particularly with respect to notice and opportunity to be heard as well as the deprivation of their collective rights, guaranteed pursuant to the U.S. Constitution, to a fair trial.

100.      All of the above was perpetrated by the Defendants in their conspiratorial drive to deny the Plaintiffs their rights, particularly their rights

under the Due Process Clause of the Fourteenth Amendment to the U.S.

Constitution and in violation of 42 U.S.C., section 1983 and section 1985(3).

101.     As a result of this violation of their constitutional rights as to due

process as well as to a fair trial, the Plaintiffs have suffered, at the hands of

the Defendants, individually and collectively, and will continue to suffer,

injuries, economic damages, emotional distress, loss of valuable property,

pain, embarrassment and humiliation while the Defendants reap the benefits

of their ill-gotten gains.

**WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the**

**visitation of further harm from the Defendants as to the Plaintiffs, an**

**award of attorney fees and costs in favor of the Plaintiffs, directed at the**

**Defendants occasioned by the actions of the Defendants as set forth in**

**this Complaint, and for such other and further relief as is deemed just**

**and reasonable, derivative from the facts set forth in this complaint and**

**allowed under the cited Federal enactment.**

### THIRD CAUSE OF ACTION
### Violation of Civil Rights---42 U.S.C., section 1983
### Equal Protection

102.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties,

Paragraphs 5-71, Statement of Facts, as set forth in the Complaint.

103.     As described more fully above, the Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law, denied the Plaintiffs of equal protection of the law in contravention of their constitutional rights.

104.     Specifically, the Defendants actively participated in, or personally caused, the abuse of the Plaintiffs in a manner calculated to coerce submission to the nefarious goals of the Defendants and, for the Defendants to unlawfully secure money and property belonging to the Plaintiffs. The modus operandi described in this complaint appears to be motivated by animus and/or bias, which racial bias and/or gender bias constituted a purposeful discrimination.

105.     As a result of this violation, Plaintiff suffered and continues to suffer economic loss and emotional distress as set forth in this complaint.

**106.     WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the visitation of further harm from the Defendants as to the Plaintiffs, an award of attorney fees and costs in favor of the Plaintiffs, directed at the Defendants occasioned by the actions of the Defendants as set forth in this Complaint, and for such other and further relief as is deemed just and reasonable, derivative from the facts set forth in this complaint and allowed under the cited Federal enactment.**

## FOURTH CAUSE OF ACTION

### Violation of Civil Rights---42 U.S.C., section 1985(3)
### Conspiracy to Deprive Constitutional Rights

107.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties,

Paragraphs 5-71, Statement of Facts, as set forth in the Complaint.

108.     As set forth in the incorporated paragraphs, each of the Defendants

conspired, directly or indirectly, for the purpose of depriving the Plaintiffs of

Equal Protection of the Law.

109.     In so doing, each of the Defendants took actions in furtherance of this

conspiracy, causing injury to Plaintiffs.

110.     The unlawful conduct complained of and described in this complaint

was undertaken with malice, willfulness and reckless indifference to the

rights of others.

111.     The unlawful conduct described in this complaint was undertaken

pursuant to the policy and practice of the Defendants in the manner described

more fully in those paragraphs of this Complaint which paragraphs are

indicated as incorporated by reference.

**WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the**

**visitation of further harm from the Defendants as to the Plaintiffs, an**

**award of attorney fees and costs in favor of the Plaintiffs, directed at the**

**Defendants occasioned by the actions of the Defendants as set forth in**

**this Complaint, and for such other and further relief as is deemed just**

**and reasonable, derivative from the facts set forth in this complaint and**

**allowed under the cited Federal enactment.**

### FIFTH CAUSE OF ACTION
42 U.S.C. section 1983
Conspiracy to Deprive Plaintiffs of Constitutional Rights.

112.      The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties,

Paragraphs 5-71, Statement of Facts, as set forth in the Complaint.

113.      Each of the Paragraphs set forth in this Complaint is incorporated by

reference as if more fully set forth herein.

114.      At a point in time as yet unknown to the Plaintiffs, the Defendants,

Defendant  Judge Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant

Judge Paul Huey, Defendant Judge Caroline Tesche Arkin, Defendant

Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant

Baumann/Kangas Estate Law,  reached an agreement amongst themselves to

formulate a complaint naming the Plaintiffs and alleging serious misconduct

on their part, including but not limited to abuse of the elderly pursuant to
*Fla.Stat. 415.1111*.

115.    By orchestrating this conspiracy, all of the Defendants, intended to
deprive the Plaintiffs of their constitutional rights, under color of law as
described in the paragraphs incorporated by reference.

116.    The Defendants knew that their conspiracy was without merit and the
Defendants, Defendant  Judge Ronald Ficarrotta, Defendant Judge Rex
Barbas, Defendant Judge Paul Huey, Defendant Judge Caroline Tesche
Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and
Defendant Baumann/Kangas Estate Law, have admitted to same. Indeed, the
order issued at their collective behest, awarding nearly        $400,000.00 in
attorney fees to Defendant Michael Ryan Kangas and Defendant Phillip A.
Baumann to be paid by the Plaintiffs in this action acknowledges that the
original case, *3762*, was "dead on arrival", i.e., meritless and acting in the
clear absence of any and all jurisdiction. The Defendants, Defendant  Judge
Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey,
Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas,
Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law,
have acknowledged that they utilized a bad faith filing to unlawfully
confiscate property of the Plaintiffs, to deny Plaintiffs of their right to trial, to

'bury" the exculpatory evidence submitted by the Plaintiffs and to then unlawfully award attorney fees against Plaintiffs the Defendants, Defendant Judge Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, attempted to elevate or legitimize a bad faith filing. (Some might refer to this as putting lipstick on a pig; the pig remains a pig).

117.    In this manner all of the Defendants acting in concert with each other and, as yet, unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

118.    In furtherance of the conspiracy each of the co-conspirators committed an overt act or subscribed to the commission of an overt act, and each of the co-conspirators became a willful participant in joint activity.

119.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated, and the Plaintiffs have suffered substantial financial damages as well as severe emotional distress and anguish.

120.     The illicit activity described in this count, and in the incorporated paragraphs was undertaken with malice, willfulness, and reckless indifference to the rights of others.

121.     The illicit activity described in this count and in the incorporated

paragraphs was undertaken pursuant to the policy and practice of the

Defendants in the manner described more fully in the incorporated

paragraphs and was tacitly ratified by the Defendants who exercised policy

making authority.

**122.     WHEREFORE, The Plaintiffs seek injunctive relief prohibiting**

**the visitation of further harm from the Defendants as to the Plaintiffs, an**

**award of attorney fees and costs in favor of the Plaintiffs, directed at the**

**Defendants occasioned by the actions of the Defendants as set forth in**

**this Complaint, and for such other and further relief as is deemed just**

**and reasonable, derivative from the facts set forth in this complaint and**

**allowed under the cited Federal enactment.**

### SIXTH CAUSE OF ACTION

42 U.S.C., section 1983
Denial of Access to the Courts

123.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction and Venue; Paragraphs 3-4, Parties; and

Paragraphs 5-71, Statement of Facts as set forth in this Complaint.

124.      In the manner described more fully herein, each of the Defendants, all

while acting individually, jointly, and in conspiracy, denied the Plaintiffs

access to the courts by their wrongful suppression of exculpatory evidence

thereby denying the Plaintiffs of their ability to defend themselves and of asserting constitutional claims against the Defendants.

125.    Other claims to which the Plaintiffs could have had recourse to seek redress were diminished by the passage of time, (nearly seven years), and the accompanying erosion of evidence necessary to prove such claims.

126.    The illicit conduct described in this count and in this Complaint was undertaken with malice, willfulness, and reckless indifference to the rights of others.

127.    The illicit activity described in this count and in this Complaint was undertaken pursuant to the policy and practice of the Defendants as has been described in the incorporated paragraphs of this Complaint. The acts and actions attributed to the defendants in this matter were done under color of law for the purpose of depriving the Plaintiffs of rights, privileges and/or immunities guaranteed under the U.S. Constitution.

**WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the visitation of further harm from the Defendants as to the Plaintiffs, an award of attorney fees and costs in favor of the Plaintiffs, directed at the Defendants occasioned by the actions of the Defendants as set forth in this Complaint, and for such other and further relief as is deemed just**

**and reasonable, derivative from the facts set forth in this complaint and**

**allowed under the cited Federal enactment.**

### SEVENTH CAUSE OF ACTION
Violation of Civil Rights---42 U.S.C., section 1983
Chief Judge Ronald Ficarrotta-Failure to Intervene

128.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties and Paragraphs

5-71 of Statement of Facts as set forth in this Complaint.

129.     In the manner described above, during the constitutional violations

described above, one or more of the Defendants, (and other as yet unknown

members of the Judiciary or the county authority), stood by without

intervening to prevent the above-described misconduct.

130.     Chief Judge Ronald Ficarrotta was advised as to the numerous and

sundry Constitutional violations as well as the conduct of Defendant Judge

Huey Judge Barbas and Judge Tesche Arkin; Chief Judge Ficarrotta, who had

direct knowledge of the actions perpetrated by some, if not all, of the

Defendants, did nothing to remediate the ongoing illicit conduct and unlawful

activity of the Defendants.

131.     The Defendant Chief Judge Ronald Ficarrotta at all times relevant,

had a duty of supervision as to the Defendant Judges which he failed to

exercise. In failing to exercise his duty as to the subordinate Defendant

Judges, the Defendant Chief Judge Ficarrotta violated his oath of office and

breached his duty as to the Plaintiffs.

132.    As a result of the Defendant Chief Judge Ficarrotta failure to

intervene to prevent the violation of Plaintiffs constitutional rights, Plaintiffs

suffered pain and injury, as well as emotional distress and severe and

substantial economic loss.

133.    The Defendant Chief Judge Ficarrotta had a reasonable opportunity to

prevent the harm described above; the Defendant Chief Judge Ficarrotta

failed to do so.

134.    The illicit activity and unlawful conduct described in the incorporated

paragraphs of this Complaint, and in this Count, was objectively

unreasonable and was undertaken intentionally, under color of law, with

willful indifference as to the Constitutional rights of the Plaintiffs and in utter

disregard of the oath of office and supervisory responsibility of the

Defendant Chief Judge Ficarrotta.

135.    The unlawful conduct described in this count and in the paragraphs

incorporated by reference in this Complaint was/were undertaken pursuant to

the policy and practice of the Defendants.

136.     The unlawful activity described in this Cause of Action and in the

paragraphs of this Complaint which paragraphs are incorporated by reference

were, at all times relevant, known to the Defendant.

**WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the**

**visitation of further harm from the Defendants as to the Plaintiffs, an**

**award of attorney fees and costs in favor of the Plaintiffs, directed at the**

**Defendants occasioned by the actions of the Defendants as set forth in**

**this Complaint, and for such other and further relief as is deemed just**

**and reasonable, derivative from the facts set forth in this complaint and**

**allowed under the cited Federal enactment.**

### EIGHTH CAUSE OF ACTION
Violation of Civil Rights---42 U.S.C., section 1983
Failure to Intervene-Hillsborough County

137.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71

of Statement of Facts and Paragraphs 103-105, 108-111, 129-136, as set forth

in this Complaint.

138.     In the manner described in the incorporated paragraphs of this

Complaint and, during the constitutional violations described in the

incorporated paragraphs of this Complaint, the Defendant Hillsborough

County, as well as one or more of the other Defendants, stood by without intervening to prevent the above-described misconduct.

139.    The Defendant Hillsborough County was advised as to the existence of numerous and sundry Constitutional violations as well as the conduct of Defendant Judge Huey. The Defendant Hillsborough County had direct and/or imputed knowledge of the actions perpetrated collectively by the Defendants, under color of law, with the purpose of depriving the Plaintiffs of the right and privileges guaranteed to them under the U.S. Constitution. The Defendant, Hillsborough County, did nothing to remediate the ongoing unlawful conduct and unlawful activity set forth in this complaint.

140.    The Defendant Hillsborough County, at all times relevant, had a specific and non-delegable duty, pursuant to HCHRO, of supervision as to their fellow Defendants which the Defendant Hillsborough County failed to exercise. In failing to exercise the duty undertaken in the HCHRO, the Defendant Hillsborough County violated the HCHRO by failing to conduct an investigation, failing to address the multiple violations proscribed under the HCHRO and other wise breached its duty as to the Plaintiffs. The Defendant Chief Judge Ronald Ficarrotta was made aware of the numerous unlawful acts perpetrated by those judges over which he had administrative authority.

141.    As a result of the failure of the Defendant Hillsborough County to enforce its own ordinance, i.e., HCHRO, and its abject failure to intervene to prevent the violation of Plaintiffs constitutional rights, Plaintiffs have under color of law suffered the loss of the benefit of those rights and privileges guaranteed under the U.S. Constitution.

142.    The Defendant Hillsborough County had knowledge, or in the reasonable exercise of its authority under HCHRO, of the sexual misconduct and extortion utilized by the Defendant Judge Huey, and others, thus providing the Defendant Hillsborough County with a reasonable opportunity to prevent the harm described in the paragraphs incorporated by reference and in this cause of action the Defendant Hillsborough County failed to take any action.

143.    The illicit activity and unlawful conduct described in the incorporated paragraphs of this Complaint, and in this Count, was objectively unreasonable and was undertaken intentionally, with willful indifference/blindness on the part of the Defendant Hillsborough County as to the multiple violations of the Constitutional rights of the Plaintiffs and in utter disregard of the HCHRO and the supervisory responsibilities of the Defendant Hillsborough County, pursuant to the HCHRO.

144.     The unlawful conduct described in this count and in the paragraphs incorporated by reference in this Complaint was/were undertaken pursuant to the policy and practice of the Defendants.

**WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the visitation of further harm from the Defendants as to the Plaintiffs, an award of attorney fees and costs in favor of the Plaintiffs, directed at the Defendants occasioned by the actions of the Defendants as set forth in this Complaint, and for such other and further relief as is deemed just and reasonable, derivative from the facts set forth in this complaint and allowed under the cited Federal enactment.**

### State Law Claim
### NINETH CAUSE OF ACTION
### CIVIL CONSPIRACY

145.     The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71 of Statement of Facts as set forth in this Complaint, and Paragraphs 73-90, 92-101, 103-105, 106-111, 113-121, 124-127, 129-136, 138-144, as set forth in this Complaint.

146.     At all times relevant in this complaint, the named defendants did in fact combine, collude and conspire to achieve by concerted action the accomplishment of an unlawful purpose or, alternatively, the accomplishment

of a lawful purpose by unlawful means. At all times relevant the defendants conspired to, and in fact accomplished acts, unlawfully, willfully, and maliciously that resulted in injury to the Plaintiffs.

147.     In short, the Defendants did conspire to do an unlawful act, or acts, or to do a lawful act or acts by unlawful means.

148.     The Defendants in this action perpetrated overt act or acts in the pursuance of their conspiracy directed at the Plaintiffs.

149.      As a result of the acts perpetrated by the Defendants in furtherance of the conspiracy financial harm was done to the Plaintiffs.

150.      The basis of this cause of action, i.e., conspiracy, is the doing of an action a cause of action in conspiracy, together with those paragraphs included by reference, demonstrates a conspiracy by and among the defendants the purpose of which was to do an unlawful act. The unlawful acts include, but are not limited to, the acceptance by the Defendants of forged orders and the decision by the Defendants to elevate those fraudulent orders to the status of legal orders which such orders were not; improperly striking the pleadings of the Plaintiff; demanding sexual favors of the Plaintiff in exchange for a favorable ruling, (i.e., sexual extortion); confiscation of Homestead Property in contravention of the Florida Constitution and those cases decided thereunder.  These overt act(s) were undertaken by or on behalf

of the members of the conspiracy in pursuance of the goal(s) of the

conspiracy and damage to the Plaintiffs was realized as a result of the act(s)

performed in furtherance of the conspiracy.  At all times relevant the

Defendants possessed actual knowledge or constructive knowledge of the

actions of their co-conspirators. The co-conspirators, either participated in the

actions set forth in the incorporated paragraphs or, with knowledge of the

intent of their fellow co-conspirators, acquiesced in the goals of the

conspiracy by their willful blindness/indifference.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,**

**damages occasioned by the intentional infliction of emotional distress,**

**attorney fees, punitive damages; damages are in excess of $1,000,000.00;**

**and such other and further relief as is deemed just and reasonable and**

**derivative from the facts set forth in this complaint.**

## TENTH CAUSE OF ACTION
### Civil RICO
### CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT

151.      The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71

of Statement of Facts as set forth in this Complaint, and Paragraphs 73-90,

92-101, 103-105, 106-111, 113-121, 124-127, 129-136, 138-144, 146-150, as set forth in this Complaint .

152.    Pursuant to *Fla. Stat. 772.103 et seq., Fla. Stat. 772.103(2), Fla. Stat. 772.103(3)* it is unlawful for any person through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property. Further, it is unlawful to conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

*153.*    The Plaintiffs have a cognizable cause of action under *Fla.Stat. 772.103 et seq., and Fla. Stat. 772.104.*

154.    The Plaintiffs have been injured by reason of the Defendants actions and conspiracy to commit those actions which resulted in harm to the Plaintiffs and severe economic loss.

155.    The nature of the existence of the relationship between and among the Defendants in this matter constitutes an enterprise the purpose of which was to divest, confiscate, expropriate and otherwise unlawfully obtain the property, both real and personal, as well as cash, belonging to the Plaintiffs.

156.    The continuing pattern of unlawful behavior on the part of the Defendants, was directed, repeatedly, at the named Plaintiffs as well as third

parties not named in this law suit whose rights and property was similarly

confiscated, seized, and otherwise unlawfully taken under color of law.

157.     At all times relevant to this matter, the Defendant Judges of the

Thirteenth Judicial Circuit together with Hillsborough County, Defendant

Michael Ryan Kangas, Defendant Phillip A. Baumann, Defendant

Baumann/Kangas Estate Law, Defendant Jason Gordillo, Defendant Deputy

Jonathan Carlton, Defendant Corporal Gary Harris and  Defendant Chad

Chronister in his Official Capacity of as Sheriff of HCSO constituted an

association under which they exercised their authority to violate the rights

and confiscate the property of the named Plaintiffs as well as the rights and

property of individuals not presently named as Plaintiffs in this complaint.

158.     The conduct complained of as to the Defendants in this complaint

constitute a pattern of racketeering activity which manifested itself in the

commission of multiple incidents of racketeering or racketeering conduct that

have the same or similar intents, results, accomplices, victims or methods of

commission or that are otherwise interrelated by distinguishing

characteristics and are not isolated incidents, as set forth in those paragraphs

of this Complaint which paragraphs are incorporated by reference.

        **WHEREFORE, The Plaintiffs seek an award of compensatory**

**damages, damages occasioned by the intentional infliction of emotional**

distress, attorney fees, punitive damages; damages are in excess of $1,000,000.00; and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.

## State Based Cause of Action

### ELEVENTH CAUSE OF ACTION: UNLAWFUL EVICTION

159.    The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71 of Statement of Facts as set forth in this Complaint; Paragraphs 73-90, 92-101, 103-105, 106-111, 113-121, 124-127, 129-136, 138-144, 146-150, as set forth in this Complaint.

160.    The subject Homestead Property was, at all times relevant, Homestead Property, subject to the protections afforded Homestead Property as set forth at Article X, section 4 of the Florida Constitution. The Defendants at all times relevant conspired to confiscate the property and did so by way of an unlawful order issued by Defendant Judge Rex Barbas.

161.    The Homestead Property is located in Hillsborough County, Florida and more fully described as:

   **ALL of Lot 30 and the South 31 Feed of Lot 29 of KENTEL PARK SUBDIVISION, as per the recordation In Plat Book 12 on Page 665 of the Public Records of Hillsborough County, Florida.**

**The address is 119 South Clark Avenue,
Tampa, Florida 33609**

162.     On or about 4 April 2014, the Defendants conspired to utilize an order

of the Probate Court which order was false and was known by the Defendants

to be false.

163.     The false order was utilized by the Defendants to empower third

parties to evict the Plaintiffs, the family in residence at the Homestead

Property. The Plaintiffs were allowed 15 minutes to depart.

164.     At the time of the unlawful eviction the property was classified as

Homestead Property, The Property was classified as such from its

construction in approximately 1971 and is so classified presently.

165.     Neither the Defendants or their agents at any time held any right, title

or interest in the subject Homestead Property. The Homestead Property was

not before the court in that the court lacked in rem jurisdiction over the

Homestead Property.

166.     There is no caselaw extant in the State of Florida which would permit

the taking of the subject Homestead Property under these facts.

167.     The Defendant Judge Barbas stated, in court and on the record in the

presence of representatives of the media, that he caused the Homestead

Property to be confiscated because the present Plaintiff Teresa Gaffney had

violated his discovery order. In short, the Defendant Judge Barbas

confiscated the Homestead Property of one of the present Plaintiffs as a sanction against a second present Plaintiff. The Florida Constitution does not permit the taking of Homestead Property as a sanction. There were no orders issued by the Defendant Judge Barbas relative to Plaintiff Teresa Gaffney as to discovery.

168.    Upon information and belief, the Plaintiffs avers that the motivation of the Defendants was to cover up the theft of an estimated $1,000,000.00 in assets from the estate of John J. Gaffney by Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann in 3762 and to punish/silence the Plaintiff Teresa M. Gaffney in that she had "outed" the Defendant Judge Huey for his attempt at sexual extortion.


169.    In furtherance of the concerted action of expropriation of Homestead Property the Defendants, as set forth in paragraphs 5-71, conspired in the expropriation of Homestead property. Defendant Judge Tesche Arkin having admitted that the underlying claim was "dead on arrival", (i.e., meritless), the Defendants, by and through their co-conspirator, Defendant Judge Tesche Arkin, acting in the clear absence of all jurisdiction,  caused to be awarded against the Plaintiffs a significant sum in the form of attorney fees which amounts to a judicially disguised act of theft.

170.     It is established law, Constitutionally and case made, that Homestead Property cannot be seized and/or levied against except under three Constitutional exceptions to the Homestead Exemption. None of the three exceptions to the Homestead exemption are applicable in this matter. The Defendants having no Constitutional Authority nor statutory authority acted in the clear absence of all jurisdiction.

171.     Testimony offered by a witness in the lower proceeding, i.e., 3762, unequivocally stated that the subject real property was Homestead Property. This statement was unchallenged by the presiding Defendant Judge Barbas and/or Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann. No testimony was offered by Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann in opposition to the referenced testimony. Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law cited this evidentiary submission in its pleadings without contrary argument. The Defendant Judge Barbas ignored the testimony of the witness and ignored the Constitution of the State of Florida acting in the clear absence of all jurisdiction.

172.     A Notice of Homestead was filed and served as to the subject property by the holder/declarer of Homestead Status of the property confiscated.

173.    No response or challenge to the Declaration of Homestead was
offered by Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann
and Defendant Baumann/Kangas Estate Law.

174.    There are no cognizable facts which would undermine the Homestead
Status of the subject property.

175.    There is no cognizable law which would support the confiscation of
Homestead Property by the Defendants in this matter under the controlling
facts.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,
damages occasioned by the intentional infliction of emotional distress,
attorney fees, punitive damages; damages are in excess of $1,000,000.00;
and such other and further relief as is deemed just and reasonable and
derivative from the facts set forth herein.**

## State Based Cause of Action

## TWELFTH CAUSE OF ACTION: VIOLATION OF FLORIDA STATUTE 817.535

176.    The Plaintiffs incorporate by reference, as if more fully set forth
herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71
of Statement of Facts and Paragraphs 160-175 as set forth in this Complaint.

177.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law,  caused/allowed the imposition of a lis pendens on the Homestead Property, without the posting of a bond. The Defendants proceeded in the clear absence of subject matter jurisdiction over property not within their grant of jurisdiction and in contravention of Article I, section 9 of the Florida Constitution and Article X, section 4 of the Florida Constitution.

178.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, notwithstanding their complete lack of any semblance of jurisdictional authority, allowed the imposition of a lis pendens on Homestead Property in further contravention of Fla.Stat. 817.535. et seq., and Fla. Stat. 843.0855.

179.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas

Estate Law, caused to be filed in the public records a lis pendens, a false

document as defined in Fla.Stat. 817.535.

180.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul

Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan

Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas

Estate Law, meet the statutory requirements as to "Filer", Fla.Stat.

817.535(1)(b).

181.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul

Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan

Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas

Estate Law, meet the statutory requirement as to the filing of an

"Instrument", (Fla. Stat. 817.535(1)(c).

182.     The actions taken by the Defendants, Defendant Judge Rex Barbas,

Defendant Judge Paul Huey, Defendant Judge Caroline Tesche Arkin,

Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and

Defendant Baumann/Kangas Estate Law, meet the statutory requirement as

to "Official record";

The Plaintiff, Teresa M. Gaffney, qualifies as "Public Officer or employee",

Fla.Stat. 817.535(1)(e).

183.     The materially false lis pendens has remained a filed instrument filed in furtherance of the conspiracy of the Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, to confiscate the Homestead Property of the Plaintiffs, for approximately seven years. The sole purpose and intent of the filing of the materially false lis pendens was to defraud and/or harass the Plaintiffs. Each document filed constitutes a violation. Each day in which the false lis pendens is filed constitutes a further violation of the provisions of Fla.Stat. 817.535 and as such entitle the Plaintiffs to an award of damages, an award of attorney fees, per diem, an award of costs and, pursuant to Fla.Stat. 817.535 (8)(b)(2) an award of punitive damages, subject to the criteria set forth in Fla.Stat. 768.72 as well as those further sanctions contained in Fla.Stat. 817.535 and Fla.Stat. 843.0855.

**WHEREFORE, The Plaintiffs pray for and seek recovery of: compensatory damages, statutory damages, attorney fees and costs as well as punitive damages; damages are in excess of $1,000,000.00; as provided in the cited statute and for such other and further relief as is set forth in Fla.Stat. 817.535 and Fla.Stat. 843.0855 and foer such other and further relief as this Court deems just and proper.**

## State Based Cause of Action
## THIRTEENTH CAUSE OF ACTION
## FRAUD

The Plaintiffs incorporate by reference as if more fully set forth herein,

Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71 of the

Statement of Facts, and Paragraphs 160-175, as set forth in the Complaint.

184.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul

Huey, and Defendant Judge Caroline Tesche Arkin,  in filing orders

throughout the, approximately, last seven years of this case have caused the

circulation of a materially false narrative relative to the Plaintiffs.

185.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul

Huey, and Defendant Judge Caroline Tesche Arkin, knew, or should have

known, that their orders and court filings contained significant statements

that were untrue.

186.     The false statements concerned material facts relative to the

underlying case, i.e., 3762.

187.     As a result of the false statements of material facts the Plaintiffs

suffered injuries both financial and physical. The injuries suffered by the

Plaintiffs as a result of the publication of false statements by the Defendants,

Defendant Judge Rex Barbas, Defendant Judge Paul Huey, and Defendant

Judge Caroline Tesche Arkin, are ongoing.

188.     The materially false statements have been received by the

unsuspecting public with justifiable confidence in that they emanate from the

bench and have been acquiesced by the County.

189.     The intent of the Defendants, Defendant Judge Rex Barbas, Defendant

Judge Paul Huey, and Defendant Judge Caroline Tesche Arkin, is to dupe

unsuspecting individuals and encourage such individuals to purchase the

confiscated Homestead Property of the Plaintiffs.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,**

**damages are in excess of $1,000,000.00, damages occasioned by the**

**perpetration of fraud by the Defendants, compensation for the intentional**

**infliction of emotional distress, upon the Plaintiffs by the acts/actions of**

**the Defendants, attorney fees, and such other and further relief as is**

**deemed just and reasonable and derivative from the facts set forth herein.**

**State Based Cause of Action**
**FOURTEENTH CAUSE OF ACTION:**
**THEFT OF PERSONAL PROPERTY**

190.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71

of Statement of Facts and Paragraphs 160-175 as set forth in this Complaint.

191.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul

Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan

Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, caused the unlawful eviction of the family, i.e., The Plaintiffs, from their Homestead Property and thereby rendered the family homeless in contravention of Article X, section 4 of the Florida Constitution.

192.    As a result of the unlawful eviction of the Plaintiffs, the Plaintiffs and family members lost a substantial amount of personal property including, but not limited to, two automobiles, military equipment issued to one of the family members, firearm(s) and ammunition, and other personal property valued well in excess of $100,000.00 and the death of three family pets.

193.    In the course of the theft occasioned by the Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey, Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, additional damage was caused as to real and/or personal property of another in excess of $1,000.00.

194.    During the course of the theft occasioned by the actions of the Defendants two (2) fire extinguishers, installed for the purpose of fire prevention and control were unlawfully taken.

195.    **WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages are in excess of $1,000,000.00, damages occasioned by**

**the perpetration of fraud by the Defendants, compensation for the intentional infliction of emotional distress, upon the Plaintiffs by the acts/actions of the Defendants, attorney fees, and such other and further relief as is deemed just and reasonable and derivative from the facts set forth herein.**

## State Based Cause of Action
## FIFTEENTH CAUSE OF ACTION: RESPONDEAT SUPERIOR

196.     The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71 of Statement of Facts as set forth in this Complaint.

197.     The economic and related tort injuries sustained by the Plaintiffs as set forth in this complaint occurred and/or transpired while the judicial Defendants, Defendant Judge Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge Caroline Tesche Arkin, acted in the capacity as judicial officers of the Thirteenth Judicial Circuit.

198.     During the course of the infliction of harm by the Defendants, Defendant Judge Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge Caroline Tesche Arkin, onto the Plaintiffs, the Defendants, Defendant Judge Ronald Ficarrotta, Defendant

Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge

Caroline Tesche Arkin, were subject to the provisions of the HCHRO.

199.     The HCHRO provides that discrimination in the form outlined in this

complaint is prohibited.

200.     The Defendant Hillsborough County was aware of the actions

constituting sexual extortion which actions were engaged in by the Defendant

Judge Paul Huey and acquiesced in by the Defendant Judge Rex Barbas and

Defendant Caroline Tesche Arkin and the supervising Chief Judge Defendant

Ronald Ficarrotta.

201.     The County took no remedial action which is to say the County

acquiesced in the conduct set forth in this complaint.

202.     Inasmuch as the acts complained of occurred under color of law,

albeit in contravention of the law, the acts complained of were done in

apparent furtherance of the employee's interest.

203.     At the time of the occurrence of the acts complained of the

employees, (i.e. judicial defendants) were exercising their authority as

judicial officers.

204.     Throughout the time in which these actions occurred and continue to

occur the Defendant Hillsborough failed to exercise its supervisory

responsibilities as set forth in HCHRO.

205.     Throughout the course of the matters complained of in this complaint the employees/defendant-judicial officers were garbed in the authority of their office and utilized such authority to harass, humiliate and terrorize the Plaintiffs.

206.     Inasmuch as the actions of the Defendants have not been the subject of any oversight it must follow that the actions of the Defendants were adopted by their superiors and was, thus, in the course and scope of their employment.

207.     The acts of the defendants as set forth in this complaint were made known to the Defendant Chief Judge Ronald Ficarrotta who elected to do nothing.

208.     The acts of the Defendant Judge Paul Huey, as set forth in this complaint, were the subject of a pleading brought before the then presiding Defendant Judge Rex Barbas. The Defendant Judge Rex Barbas stated that he had "no problem" with the conduct of the Defendant Judge Huey. Defendant Caroline Tesche Arkin also acquiesced to the conduct of Judge Huey and Judge Barbas.

209.     Each of the Defendants, their employees and agents, participated personally in the unlawful conduct challenged in this complaint and to the extent that they did not personally participate, acquiesce authorize or set-in

motion, they nevertheless failed to take necessary steps to prevent the acts that resulted in the unlawful conduct resulting in harm to the Plaintiffs. Each of the Defendants acted in concert with each other. The challenged acts caused the violation of Plaintiffs' rights.

**WHEREFORE, The Plaintiffs request that this Court find that the Defendants, at all times relevant, acted within the course and scope of their employment, in so acting the actions of the Defendants brought harm to the Plaintiffs. The concerted actions taken by the Defendants as to the Plaintiffs was done in furtherance of the interests of the Thirteenth Judicial Circuit.**

## State Based Cause of Action
## SIXTEENTH CAUSE OF ACTION: DEFAMATION

210.        The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71 of Statement of Facts as set forth in this Complaint.

211.        Throughout the nearly seven years of this unfounded and patently unlawful litigation the Defendants, Defendant Judge Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, engaged in

publishing materially false opinions and false court filings which the

Defendants knew, or in the reasonable exercise of their office and oath,

would learn were materially false.

212.     The publication and adoption of the materially false allegations as to

the Plaintiffs was, and is, harmful to the reputation of the Plaintiffs.

Specifically, the false narrative exported by the Defendants, Defendant Judge

Ronald Ficarrotta, Defendant Judge Rex Barbas, Defendant Judge Paul Huey

and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan

Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas

Estate Law, disparaged the honesty and integrity of the Plaintiffs. The

Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and

Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas,

Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law,

have implied and/or stated that the Plaintiffs exploited John J. Gaffney. The

documentation, including affidavits from third parties filed with the Court,

established that the Plaintiffs financially helped John J. Gaffney. The

Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and

Defendant Judge Caroline Tesche Arkin, refused to allow said witnesses to

testify.

213.     The allegations as to the character of the Plaintiffs is implicit, if not actually stated in the filings of the Defendants, Defendant Defendant Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law.

214.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, allowed the materially false statements as to the Plaintiffs to be published knowing that such statements were materially false and would have a pernicious effect upon the character of the Plaintiffs.

215.     As a result of the defamatory conduct of the Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, as to the Plaintiffs the Plaintiffs have suffered harm, economic loss, loss of professional standing and has been irreparably compromised in the furtherance of their professional goals.

216.     **WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages are in excess of $1,000,000.00, damages occasioned by**

**the perpetration of fraud by the Defendants, compensation for the**

**intentional infliction of emotional distress, upon the Plaintiffs by the**

**acts/actions of the Defendants, attorney fees, and such other and further**

**relief as is deemed just and reasonable and derivative from the facts set**

**forth herein.**

## <u>SEVENTEENTH COUNT</u>
## <u>NEGLIGENCE AS TO HCSO</u>

217.    The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 42-

71 of Statement of Facts as set forth in this Complaint, and Paragraphs 113-

121, 124-127, 138-144, as set forth in this Complaint.

218.    At all times relevant the Defendant, Chad Chronister, in his official

capacity as Sheriff of Hillsborough County, (hereinafter referenced as,

"Chronister/HCSO"), owed a duty to the citizens of Hillsborough County to

perform his tasks as Sheriff with regard to due diligence as required in

carrying out the laws, orders of the court and other related duties attendant

upon his position as Sheriff.

219.    The Plaintiffs were the intended beneficiaries of the duty of faithful

performance required of the Sheriff as to the citizens of Hillsborough County.

220.     The Plaintiffs reasonably expected that the Sheriff would, in his official capacity, ensure that the performance of law enforcement and law functions would be carried out with congruence as to the laws and procedures required by the legislature in its enactment of Florida Statutes and the Constitution of the State of Florida created for and on behalf of the people of the State of Florida.

221.     In all respects Defendant Chronister/HCSO failed to perform significant duties expected of his office and such failure impacted in a negative fashion on the Plaintiffs.

222.     Defendant Chronister/HCSO failed: (a) to create an environment in which his legal staff as well as his law enforcement staff were knowledgeable as to specific duties expected of them; (b) in his sworn testimony, Defendant Jason Gardillo indicated that he was charged with assessing the correctness of the document which he received which purportedly established a legal basis upon which HCSO personnel could evict a family from their Homestead Property; (b) Defendant Jason Gardillo indicated that he possessed little, if any, knowledge as to the mechanics of Article X, section 4 of the Florida Constitution; (c) Defendant Gardillo indicated that he was unaware of the existence of any training materials relative to that function; (d) Defendant Gardillo indicated that he failed to apply Federal Law to the

case at hand and indicated a lack of knowledge as to the automatic stay provision of the Federal Bankruptcy Code; ( e) Defendant Gardillo could not distinguish between an order on a Motion to Dismiss and a final judgment; (f) Defendant Gardillo was unaware as to whether or not there existed an underlying money judgment as to the homestead property.

223.    The failure of Defendant Chronister/HCSO to properly train his staff is evident in sworn testimony of his Deputies, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, who indicated an awareness of the filing of a Bankruptcy Petition and the interposition of the Automatic Stay but elected to ignore same.

224.    During the progress of the unlawful eviction the Deputies, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris,  initially refused to allow the family to retrieve its pets. One of the Deputies confirmed this in his sworn testimony and stated that the pets would be compelled to remain in the house, which is to say, die a slow and painful death.

225.    This behavior on the part of Defendant Gardillo and the Deputies, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris,  is indicative of their lack of training. This lack of training, with all of its evil consequences, is a function of the breach of duty on the part of Defendant Chronister/HCSO.

226.     The failure to properly recruit and/or train Defendant Gardillo,

Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, is

a breach of the duty owed by Defendant Chronister/HCSO to the Plaintiffs,

specifically, and to the citizens of the State of Florida, generally.

227.     As a result of the negligence of Defendant Chronister/HCSO, and the

breach of the duty owed by Defendant Chronister/HCSO as to the Plaintiffs,

the Plaintiffs have been damaged.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,**

**damages are in excess of $1,000,000.00, damages occasioned by the**

**negligence of Chronister/HCSO and, further, the Plaintiffs seek**

**compensation for the negligent acts perpetrated upon the Plaintiffs by**

**the acts/actions of the Defendant Chronister/HCSO together with**

**attorney fees, costs and such other and further relief as is deemed just**

**and reasonable and derivative from the facts set forth herein.**

## EIGHTEENTH CAUSE OF ACTION: NEGLIGENCE OF GARDILLO/HCSO, CORPORAL HARRIS AND DEPUTY CARLTON.

228.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 42-

71 of Statement of Facts as set forth in this Complaint, and Paragraphs 113-121, 124-127, 138-144, 218-227, as set forth in this Complaint.

229.     At all times relevant the Defendants, Defendant Jason Gardillo, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, individually, and in their official capacity as an agent, servant and/or employee of HCSO, owed a duty to the citizens of Hillsborough County to perform their tasks as an agent/servant/employee of HCSO with due diligence as required in carrying out the laws, orders of the court and other related duties attendant upon his position.

230.     The Plaintiffs were the intended beneficiaries of the duty of faithful performance required of Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris,  as to the citizens of Hillsborough County.

231.     The Plaintiffs reasonably expected that Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, would, in their individual and/or official capacity, ensure that the performance of law enforcement functions and law functions would be carried out in conformity with the laws and procedures required by the legislature in its enactment of Florida Statutes and the Constitution of the

State of Florida created for and on behalf of the people of the State of Florida.

232.      In all respects Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, failed to perform significant duties expected of their office and such failure impacted in a negative fashion on the Plaintiffs.

233.      Defendant Gardillo/HCSO failed: (a) to familiarize himself with the laws and procedural requirements expected of him in the performance of his duties; (b) in his sworn testimony, Defendant Jason Gardillo, indicated that he was charged with assessing the correctness of the document which he received which purportedly established a legal basis upon which HCSO personnel could evict a family from their Homestead Property; (b) Defendant Jason Gardillo indicated that he possessed little, if any, knowledge as to the mechanics of Article X, section 4 of the Florida Constitution; (c) Defendant Gardillo indicated that he was unaware of the existence of any training materials relative to that function; (d) Defendant Gardillo indicated that he failed to apply Federal Law to the case at hand and indicated a lack of knowledge as to the automatic stay provision of the Federal Bankruptcy Code; ( e) Defendant Gardillo could not distinguish between an order on a Motion to Dismiss and a final judgment; (f) Defendant Gardillo was unaware

as to whether or not there existed an underlying money judgment as to the homestead property and, if such money judgment existed, whether it could operate to the detriment of homestead property.

234.    Defendant Gardillo, as a member of the HCSO, had a duty to acquire the necessary knowledge required for the discharge of his duties.

235.    Defendant Gardillo breached this duty as expressed in his sworn testimony.

236.    The failure of Defendant Gardillo/HCSO,  to properly acquire the knowledge necessary to carry out his duties is evident in sworn testimony of Defendant Gardillo  who indicated an awareness of the filing of a Bankruptcy Petition and the interposition of the Automatic Stay but elected to ignore same.

237.    During the progress of the unlawful eviction the Deputies, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, on the scene initially refused to allow the family to retrieve its pets. One of the Deputies confirmed this in his sworn testimony and stated that the pets would be compelled to remain in the house, which is to say, die a slow and painful death. Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, refused to speak to the Plaintiffs' attorney but spoke with Defendant Phillip A. Baumann and Defendant Michael Ryan Kangas.

238.     This behavior on the part of Defendant Gardillo and the Deputies, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris,  is indicative of a profound lack of training. This lack of training, with all of its evil consequences, is a function of the breach of duty on the part of Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris.

239.     Defendant Gardillo, an attorney licensed to practice law in the state of Florida. Defendant Gardillo's lack of knowledge as to the significant task assigned to him, resulted in the unlawful taking of homestead property which is a breach of the duty owed by Defendant Gardillo/HCSO to the Plaintiffs, specifically, and to the citizens of the State of Florida, generally.

240.     As a result of the negligence of Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, and the breach of the duty owed by Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris,   to the Plaintiffs, the Plaintiffs have been damaged.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages are in excess of $1,000,000.00, damages occasioned by the negligence of Defendant Gardillo/HCSO,** Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris,  **and, further, the Plaintiffs**

**seek compensation for the negligent acts perpetrated upon the Plaintiffs**

**by the acts/actions of the Defendant Gardillo/HCSO,** Defendant Deputy

Jonathan Carlton and Defendant Corporal Gary Harris,  **together with**

**attorney fees, costs and such other and further relief as is deemed just**

**and reasonable and derivative from the facts set forth herein.**

## NINETEENTH CAUSE OF ACTION
## FRAUD ON THE PART OF PHILLIP A BAUMANN.

The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71

of Statement of Facts and Paragraphs 160-175 as set forth in this Complaint.

241.     The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul

Huey and Defendant Judge Caroline Tesche Arkin, Defendant Michael Ryan

Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas

Estate Law, fraudulently caused/allowed the imposition of a lis pendens on

the Homestead Property, without the posting of a bond. In contravention of

Fla.Stat. 817.535. The Defendants proceeded in the clear absence of subject

matter jurisdiction over property not within their grant of jurisdiction and in

contravention of Article I, section 9 of the Florida Constitution and Article X,

section 4 of the Florida Constitution.

242.     The Defendants, notwithstanding their complete lack of any

semblance of jurisdictional authority, allowed the imposition of a lis pendens

on Homestead Property in further contravention of Fla.Stat. 817.535. et seq., and Fla. Stat. 843.0855.

243.    The Defendants caused to be filed in the public records a lis pendens, a false document as defined in Fla.Stat. 817.535.

244.    The Defendants meet the statutory requirements as to "Filer", Fla.Stat. 817.535(1)(b).

245.    The Defendants meet the statutory requirement as to the filing of an "Instrument", (Fla. Stat. 817.535(1)(c).

246.    The actions taken by the Defendants meet the statutory requirement as to "Official record";

The Plaintiffs qualify as "Public Officer or employee", Fla.Stat. 817.535(1)(e).

247.    The materially false lis pendens has remained a filed instrument filed fraudulently in furtherance of the conspiracy of the Defendants to confiscate the Homestead Property of the Plaintiffs. This fraudulently filed instrument has been so filed for approximately seven (7) years. The sole purpose and intent of the filing of the materially false and fraudulent lis pendens was to defraud and/or harass the Plaintiffs. Each document filed constitutes a violation. Each day constitutes a further violation of the provisions of Fla.Stat. 817.535 and as such entitle the Plaintiffs to an award of damages, an

award of attorney fees, per diem, an award of costs and, pursuant to Fla.Stat.

817.535 (8)(b)(2) an award of punitive damages, subject to the criteria set

forth in Fla.Stat. 768.72 as well as those further sanctions contained in

Fla.Stat. 817.535 and Fla.Stat. 843.0855.

**WHEREFORE, The Plaintiffs pray for, and seek. recovery of:**

**compensatory damages, statutory damages, attorney fees and costs as**

**well as punitive damages; the damages requested are in excess of**

**$1,000,000.00; as provided in the cited statute and for such other and**

**further relief as is set forth in Fla.Stat. 817.535 and Fla.Stat. 843.0855**

**and for such other and further relief as this Court deems just and**

**proper.**

<u>State Based Cause of Action</u>
**TWENTIETH CAUSE OF ACTION**
**FRAUD AS TO MICHAEL KANGAS**

248.         The Plaintiffs incorporate by reference, as if more fully set

forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs

5-71 of Statement of Facts and Paragraphs 160-175 as set forth in this

Complaint.

249.     The Defendant, Defendant Michael Kangas,  fraudulently

caused/allowed the imposition of a lis pendens on the Homestead Property,

without the posting of a bond. In contravention of Fla.Stat. 817.535. The

Defendants proceeded in the clear absence of subject matter jurisdiction over

property not within their grant of jurisdiction and in contravention of Article

I, section 9 of the Florida Constitution and Article X, section 4 of the Florida

Constitution.

250.     The Defendants, notwithstanding their complete lack of any

semblance of jurisdictional authority, allowed the imposition of a lis pendens

on Homestead Property in further contravention of Fla.Stat. 817.535. et seq.,

and Fla. Stat. 843.0855.

251.     The Defendants caused to be filed in the public records a lis pendens,

a false document as defined in Fla.Stat. 817.535.

252.     The Defendants meet the statutory requirements as to "Filer", Fla.Stat.

817.535(1)(b).

253.     The Defendants meet the statutory requirement as to the filing of an

"Instrument", (Fla. Stat. 817.535(1)(c).

254.     The actions taken by the Defendants meet the statutory requirement as

to "Official record";

The Plaintiffs qualify as "Public Officer or employee", Fla.Stat.

817.535(1)(e).

255.     The materially false lis pendens has remained a filed instrument filed fraudulently in furtherance of the conspiracy of the Defendants to confiscate the Homestead Property of the Plaintiffs. This fraudulently filed instrument has been so filed for approximately seven (7) years. The sole purpose and intent of the filing of the materially false and fraudulent lis pendens was to defraud and/or harass the Plaintiffs. Each day constitutes a further violation of the provisions of Fla.Stat. 817.535 and as such entitle the Plaintiffs to an award of damages, per diem, an award of attorney fees, per diem, an award of costs and, pursuant to Fla.Stat. 817.535 (8)(b)(2) an award of punitive damages, subject to the criteria set forth in Fla.Stat. 768.72 as well as those further sanctions contained in Fla.Stat. 817.535 and Fla.Stat. 843.0855.

**WHEREFORE, The Plaintiffs pray for, and seek. recovery of: compensatory damages, statutory damages, attorney fees and costs as well as punitive damages; the damages requested are in excess of $1,000,000.00; as provided in the cited statute and for such other and further relief as is set forth in Fla.Stat. 817.535 and Fla.Stat. 843.0855 and for such other and further relief as this Court deems just and proper.**

## TWENTIETH CAUSE OF ACTION:
## FRAUD

The Plaintiffs incorporate by reference as if more fully set forth herein,
Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71 of the
Statement of Facts, and Paragraphs 160-175, as set forth in the Complaint.

256.    The Defendants in filing orders throughout the, approximately, last
seven years of this case have caused the circulation of a materially false
narrative relative to the Plaintiffs.

257.    The Defendants knew, or should have known, that their orders and
court filings contained specific statements that were untrue.

258.    The false statements concerned material facts relative to the
underlying case, i.e., 3762 and as to the Plaintiffs, herein.

259.    As a result of the false and fraudulent statements of material facts the
Plaintiffs suffered injuries both financial and otherwise. The injuries suffered
by the Plaintiffs as a result of the publication of false and fraudulent
statements by the Defendants is ongoing.

260.    The materially false and fraudulent statements have been received by
the unsuspecting public with justifiable confidence in that they emanate from
the bench and have been acquiesced by the County.

261.     The intent of the Defendants is to dupe unsuspecting individuals and

encourage such individuals, as a result of the false and fraudulent

representations made by the Defendants to purchase the confiscated

Homestead property of the Plaintiffs.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,**

**damages are in excess of $1,000,000.00, damages occasioned by the**

**perpetration of fraud by the Defendants, compensation for the intentional**

**infliction of emotional distress, upon the Plaintiffs by the acts/actions of**

**the Defendants, attorney fees, and such other and further relief as is**

**deemed just and reasonable and derivative from the facts set forth herein.**

### State Based Cause of Action
### TWENTY-FIRST CAUSE OF ACTION:
### THEFT OF PERSONAL PROPERTY

262.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71

of Statement of Facts and Paragraphs 160-175 as set forth in this Complaint.

263.     The Defendants caused the unlawful eviction of the family, i.e., The

Plaintiffs, from their Homestead Property and thereby rendered the family

homeless in contravention of Article X, section 4 of the Florida Constitution.

264.     As a result of the unlawful eviction of the Plaintiffs, the Plaintiffs and

family members lost a substantial amount of personal property including, but

not limited to, two automobiles, military equipment issued to one of the family members, firearm(s) and ammunition, and other personal property valued well in excess of $100,000.00 and the death of three family pets.

265.    In the course of the theft occasioned by the Defendants additional damage was caused as to real and/or personal property of another in excess of $1,000.00.

266.    During the course of the theft occasioned by the actions of the Defendants two (2) fire extinguishers, installed for the purpose of fire prevention and control were unlawfully taken.

267.    **WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages are in excess of $1,000,000.00,  damages occasioned by the perpetration of fraud by the Defendants, compensation for the intentional infliction of emotional distress, upon the Plaintiffs by the acts/actions of the Defendants, attorney fees, and such other and further relief as is deemed just and reasonable and derivative from the facts set forth herein.**

## State Based Cause of Action
### TWENTY-SECOND CAUSE OF ACTION:
### RESPONDEAT SUPERIOR

268.        The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71 of Statement of Facts as set forth in this Complaint.

269.        The Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge Caroline Tesche Arkin, at all times acted in a concerted fashion in furtherance of their intentional conspiracy to inflict pain, suffering and financial hardship on the Plaintiffs.

270.        In so doing the Defendants, Defendant Judge Rex Barbas, Defendant Judge Paul Huey and Defendant Judge Caroline Tesche Arkin, relied on the efficacy of their false orders and the knowledge that such false orders would be carried out by other members of the judiciary.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages are in excess of $1,000,000.00,  damages occasioned by the perpetration of fraud by the Defendants, compensation for the intentional infliction of emotional distress, upon the Plaintiffs by the acts/actions of the Defendants, attorney fees, and such other and further relief as is deemed just and reasonable and derivative from the facts set forth herein.**

## TWENTY-THIRD CAUSE OF ACTION:
## FRAUD AS TO BAUMANN/KANGAS ESTATE LAW.

**250.** The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-71 of Statement of Facts and Paragraphs 160-175 as set forth in this Complaint.

251. The Defendant fraudulently caused/allowed the imposition of a lis pendens on the Homestead Property, without the posting of a bond. In contravention of Fla.Stat. 817.535. The Defendant proceeded in the clear absence of subject matter jurisdiction over property not within their grant of jurisdiction and in contravention of Article I, section 9 of the Florida Constitution and Article X, section 4 of the Florida Constitution.

252. The Defendant, notwithstanding their complete lack of any semblance of jurisdictional authority, allowed the imposition of a lis pendens on Homestead Property in further contravention of Fla.Stat. 817.535. et seq., and Fla. Stat. 843.0855.

253. The Defendants caused to be filed in the public records a lis pendens, a false document as defined in Fla.Stat. 817.535.

254. The Defendants meet the statutory requirements as to "Filer", Fla.Stat. 817.535(1)(b).

255. The Defendants meet the statutory requirement as to the filing of an "Instrument", (Fla. Stat. 817.535(1)(c).

256. The actions taken by the Defendants meet the statutory requirement as to "Official record";

The Plaintiffs qualify as "Public Officer or employee", Fla.Stat. 817.535(1)(e).

257. The materially false lis pendens has remained a filed instrument filed fraudulently in furtherance of the conspiracy of the Defendants to confiscate the Homestead Property of the Plaintiffs. This fraudulently filed instrument has been so filed for approximately seven (7) years. The sole purpose and intent of the filing of the materially false and fraudulent lis pendens was to defraud and/or harass the Plaintiffs. Each day constitutes a further violation of the provisions of Fla.Stat. 817.535 and as such entitle the Plaintiffs to an award of damages, per diem, an award of attorney fees, per diem, an award of costs and, pursuant to Fla.Stat. 817.535 (8)(b)(2) an award of punitive damages, subject to the criteria set forth in Fla.Stat. 768.72 as well as those further sanctions contained in Fla.Stat. 817.535 and Fla.Stat. 843.0855.

**WHEREFORE, The Plaintiffs pray for, and seek. recovery of: compensatory damages, statutory damages, attorney fees and costs as well as punitive damages; the damages requested are in excess of**

**$1,000,000.00; as provided in the cited statute and for such other and**

**further relief as is set forth in Fla.Stat. 817.535 and Fla.Stat. 843.0855**

**and for such other and further relief as this Court deems just and**

**proper.**

Submitted this _____day of _____ 2021, for and on behalf of the

Plaintiffs, by:


**ATTORNEYS FOR PLAINTIFFS:**
*/s/James J. Macchitelli, Esq.*
**James J. Macchitelli**
**Illinois Bar Number 6208773**
**1501 Perimeter Drive #400**
**Schaumberg, Illinois 60173**
**(847)-414-4532**
**jimmymacclaw@gmail.com**
**Admitted**
**Pro Hac Vice**

*/s/Dov Sussman, Esq.*
**Dov Sussman**
**FBN:518920**
**P.O. Box 18112**
**(813) 992-2889**
**Tampa, Florida 33679**
**Tel.: (813) 287-1159**
**e-mail: dovsussman91@gmail.com**