# THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Teresa M. Gaffney.
 Individually,
Sarah K. Sussman,
Individually, and as,
Trustee of the
Sussman Family Trust,
Plaintiffs
vs.

Case No.:8:21-cv-00021-sdm
CIVIL RIGHTS COMPLAINT

42 U.S.C. 1983, 1985
Fifth and Fourteenth
Amendments;

**Circuit Court Judges:**
Chief Judge Ronald Ficarrotta,
In his individual capacity and in his official capacity;
Judge Paul Huey,
in his individual capacity and
in his official capacity,
Judge Rex Barbas,
in his individual capacity and
in his official capacity,
Judge Caroline Tesche Arkin,
in her individual capacity and
in her official capacity;

Florida Constitution:
Article I, section 9,
Article X, section 4
Fla.Stat. 817.535
Common Law Claims
**Trial by Jury Requested**

Chad Chronister, in his individual and official capacity as Sheriff of HCSO;
Jason Gardillo, in his individual capacity and in his official capacity as an agent/employee of HCSO;
Deputy Jonathan Carlton, individually and as an agent, employee of HCSO;

Corporal Gary Harris, individually and as an agent, employee of HCSO;
Phillip A. Baumann, in his individual capacity, as the putative administrator ad litem and as a Partner in Baumann/Kangas Estate Law;
Michael Ryan Kangas, in his individual capacity and as a Partner in Baumann/Kangas Estate Law;
Baumann/Kangas Estate Law
Hillsborough County, a Municipal Entity,
Defendants.

## EXHIBIT 4

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION
DIVISION H
File No.: 14-CA-3762

Phillip A. Baumann, Administrator Ad Litem
Of the Estate of John J. Gaffney, Deceased,
Plaintiff,
v.

Teresa Gaffney, individually; and Sarah K. Sussman, individually and as Trustee of the Sussman Family Trust Living Trust, u/a/d January 19, 2012 and Robert N. Lynch, Bishop of the Diocese of St. Petersburg, f/b/o Christ the King Catholic Church,

## Affidavit of Teresa M. Gaffney

Comes now the undersigned and states:

1) I have met with the Chief Judge of the Thirteenth Judicial Circuit pursuant to the local Administrative Rules.
2) The Chief Judge is aware that I will be filing various motions and requesting investigation of the actions of Judge Paul Huey.
3) The Order of April 22, 2016 consists of material misrepresentations and evidence of the ex parte communications between Judge Paul Huey and the Plaintiff and the Plaintiff's Attorney.
4) Some of the information in that Order could only have come from the Plaintiff and/or the Plaintiff's attorney.
5) Plaintiff, Phillip A. Baumann, in his deposition, and under oath, stated that *ex parte* communication(s) with the presiding judge of the lower tribunal were, "none of my business" and "privileged and confidential."
6) The matters that Judge Paul Huey ruled on in his order of April 22, 2016 are presently on appeal at the Second DCA.
7) Throughout his order Judge Paul Huey never mentions that the case is on Appeal at the Second DCA and has been since December 23, 2015 and accepted on February 18, 2016 as a Final Appeal with the emphasis on Jurisdiction among other things.

8) The order of April 22, 2016, issued by Judge Huey, is vitriolic and done in retribution because I have disclosed his sexual misconduct, directed at the undersigned, while Judge Huey was acting in his judicial capacity.

9) In my opinion, the behavior of Judge Paul Huey, which behavior was targeted on me, is tantamount to sexual extortion under color of law.

10) I have requested that Judge Paul Huey recuse himself because of inappropriate statements made by him to me.

11) I am a member of the Judicial Nominating Committee for the 13th Judicial Circuit.

12) I had occasion to speak with Judge Paul Huey, telephonically, because Judge Paul Huey was a reference for an applicant for a judicial position.

13) I have not meet Judge Paul Huey in person nor would I ever meet Judge Paul Huey in person because of the vile comments made to me by Judge Paul Huey.

14) During our telephone conversation Judge Paul Huey asked if I were married; he asked personal questions that were highly inappropriate.

15) Judge Paul Huey wanted to meet for lunch and made other suggestions which I categorically rejected.

16) The remarks of Judge Paul Huey were not suitable for the matters at hand and the remarks were highly offensive to me as a women lawyer.

17) I advised Judge Paul Huey of same.

18) Judge Paul Huey provided me with a telephone number in case I changed my mind.

19) I advised Judge Paul Huey that I would not be contacting him in the future.

20) Judge Paul Huey made me very uncomfortable.

21) Judge Paul Huey reminded me that he was a Judge and that as such he, Judge Paul Huey, could be very helpful to me, or very hurtful to me, depending on my answer.

22) Judge Paul Huey advised me to think about it.

23) Judge Paul Huey also made very inappropriate remarks about Florida Governor Rick Scott and inappropriate remarks about another woman lawyer, Attorney General of the State of Florida, Pam Bondi.

24) The comments and tenor of the conversation were very upsetting to me.

25) The tone of Judge Huey's voice and the nature of his comments made me realize that I wanted no further contact with him.

26) I did not report Judge Paul Huey as I was hoping that his comments constituted as a momentary lack of judgment.

27) It was my hope that this would not become an issue because Judge Paul Huey would not want to embarrass himself publicly with such vile behavior and bring dishonor to the integrity of the Thirteenth Judicial Circuit.

28) On January 19, 2016 Judge Paul Huey made inappropriate remarks about me in open court.

29) For Judge Paul Huey to have made those remarks, Judge Paul Huey would have had to do research to find out about me and my family.

30) Since the hearing on January 19, 2016 it has come to my attention that Judge Paul Huey has made inquiries of other lawyers about me.

31) Judge Paul Huey is trying to find out personal information about me which is highly inappropriate for a sitting judge.

32) In my opinion Judge Paul Huey, in his capacity as a judge, is stalking me and filing false statements, under the guise of a judicial order, as a judge, because I refused his sexual advances.

33) In my opinion Judge Paul Huey is a danger to me personally and poses a grave threat to the public at large.

34) Based on the statements made to me by Judge Paul Huey I would be fearful of being alone with him.

35) I believe that Judge Paul Huey poses a threat to me based on his comments and his current actions.

36) Judge Paul Huey has made material misrepresentations in his order, just as he threatened that he would do if I did not acquiesce to his sexual advances.

37) The comments of Judge Paul Huey were vulgar and offensive and unbecoming to a Judge.

38) In my opinion and based upon the above related facts, it appears that Judge Paul Huey uses his position as Judge to coerce or threaten harm if one does not agree to sexual favors.

39) Judge Paul Huey advised me that he could cause trouble for me if I did not acquiesce to his unprofessional demands.

40) Because I refused Judge Huey's sexual advances he is utilizing his position as a judge to target me with his vindictive and vituperative comments and is otherwise seeking to harm my personal reputation and my professional standing.

41) In my opinion, Judge Huey's behavior and conduct is in contravention of Florida Statutes 110.1221 and 18 USC 242.

42) Previously, Judge Paul Huey refused and/or failed to follow Florida Statute 38.10.

43) Judge Paul Huey has failed to acknowledge that the instant case is on appeal as to a number of issues, most importantly, jurisdiction. Notwithstanding the acceptance of the previous ruling(s) of the judge as a final order subject to appeal before the Second DCA on February 18, 2016, Judge Huey has continued to issue orders on the very issues that are before the Second DCA. His order of April 22, 2016 is but the most recent example of his inability to contain his vindictive temperament which seems to motivate his extreme departure from the requirements of the law.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Teresa M. Gaffney

STATE OF FLORIDA, COUNTY OF HILLSBOROUGH, ss.

The foregoing instrument was acknowledged before me on the 25th day of April, 2016, by Teresa M. Gaffney.

[Notary Seal: CINDY G. PHILLIPS, Notary Public - State of Florida, My Comm. Expires Sep 5, 2017, Commission # FF 051746]

_Cindy G. Phillips_
Print: _Cindy G. Phillips_
Notary Public
My commission expires on

Personally Known ✓ OR Produced Identification ____
Type of Identification Produced:

## AFFIDAVIT OF J. KEVIN CAREY

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

Before me, the undersigned authority, on this day personally appeared J. Kevin Carey, ("Affiant") who, being over the age of majority and competent, states as follows:

1. I am a practicing attorney and have been a member in good standing of the Florida Bar since 1983.

2. By way of legal educational background, I graduated from the University of Florida College of Law in 1983, where I served as Senior Managing Editor of the Law Review.

3. Upon graduation from law school, I served as a judicial law clerk to United States District Judge George C. Carr, in Tampa, Florida, from August, 1983 through March, 1985.

4. I served as a Circuit Judge in Hillsborough County from January, 2003 through January, 2009. I am also certified by the Florida Supreme Court as a mediator in the areas of family and circuit civil.

5. Before serving as a Circuit Judge, I was a shareholder at the Carlton, Fields law firm, practicing in the area of general civil and business litigation.

6. I have an AV Martindale Peer Review Rating.

7. The information contained in this affidavit is based on my personal knowledge.

8. I represented John Gaffney in litigation with regard to the conduct of his daughter Maryalice Tyler ("Tyler"). The pleadings in that action, Hillsborough County Probate Court, Case No. 09-CP-1453 and 09-MH-1747, Division A, speak for themselves.

9. During the course of my representing Mr. Gaffney, it became apparent that Tyler

executed a trust agreement, without John Gaffney's knowledge and improperly used that agreement to withhold from John Gaffney some or all of his monthly pension checks. Mr Gaffney was a retired FBI agent and had three monthly retirement pensions totaling approximately $8,500. From my review of the documents and discussions with certain witnesses, it did not appear that John Gaffney ever reviewed or signed the trust agreement and that the alleged trust was established without John Gaffney's knowledge or consent.

10. This conduct placed John Gaffney in significant financial stress, without the financial ability to purchase food, clothing, medication and other necessary products.

11. Because of Tyler's conduct, John Gaffney was not able to pay his outstanding caregiver's bills, as well as attorney's fees. John Gaffney's caregivers stated that they would no longer provide services without payment.

12. John Gaffney did not otherwise have access to any of his funds. As a result, Mr. Gaffney was unable to write checks or access his own funds in his bank accounts with Bay Gulf Credit Union.

13. Mr. Gaffney, through counsel, requested Tyler to pay certain bills, including caregiver's bills, but Tyler refused to do so.

14. At no time did I ever witness Teresa Gaffney, another of Mr. Gaffney's daughters, ever take any action to exploit or otherwise take advantage, financial or otherwise, of Mr. Gaffney. To the contrary, during the time that I represented Mr. Gaffney, Teresa Gaffney's conduct toward her father was solely for his benefit.

FURTHER AFFIANT SAYETH NOT.

                                                                                              */s/ J. Kevin Carey*
J. KEVIN CAREY

The foregoing instrument was acknowledged before me on this 27th day of November, 2017 by J. Kevin Carey, who is ✓ personally known to me or has produced _____ as identification, and who is not under oath.

[Notary Seal: TAMI BRADLEY, Notary Public - State of Florida, Commission # FF 181727, My Comm. Expires Dec 8, 2018, Bonded through National Notary Assn.]

*/s/ Tami Bradley*
NOTARY PUBLIC
Tami Bradley
Print Name

My Commission expires:

3

## AFFIDAVIT OF GILBERT M. SINGER

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally appeared GILBERT M. SINGER, who being by me first duly sworn, deposes and says:

1. Affiant is an attorney licensed to practice law in the State of Florida.

2. Affiant is the attorney for LMPJL, LLC d/b/a Right at Home.

3. Affiant has generally reviewed the litigation surrounding the administration of the Last Will and Testament of John J. Gaffney.

4. Affiant has or will nominate Teresa M. Gaffney to be the Personal Representative of the Estate of John J. Gaffney because he believes that she will follow the intent of the Testator.

5. Affiant states that, at no time, did he ever observe Teresa M. Gaffney nor Dov Sussman exploit Ms. Gaffney's father, John J. Gaffney. Further, from what Affiant observed, Teresa M. Gaffney and Mr. Sussman took special care of Ms. Gaffney's father. Affiant observed their behavior in Court with their father, and both Ms. Gaffney and Mr. Sussman appeared to be very kind and supportive of John J. Gaffney, paying particular attention to his hearing disability late in his life.

6. Affiant has known Teresa G. Gaffney for many years and states that she is a person of good character.

Further Affiant sayeth naught.

_____
GILBERT M. SINGER

SWORN TO and subscribed before me by GILBERT M. SINGER:
☑ who is known to me or
☐ who produced the following identification:_____
and he acknowledged to me that he executed the foregoing instrument for the uses and purposes therein set forth.
DATED this ___18___ day of October, 2017.

_____
NOTARY PUBLIC
State of Florida at Large

(SEAL)

VIRGINIA LEE DICKMAN
Commission # FF 918728
Expires October 26, 2019
Bonded Thru Troy Fain Insurance 800-385-7019