**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TERESA M. GAFFNEY,
Individually,
SARAH K. SUSSMAN,
Individually, and as
Trustee of the Sussman Family Trust,

      Plaintiffs,

v.                                 Case No.: 8:21-cv-00021-CEH-CPT

CHIEF JUDGE RONALD FICARROTTA,
in his individual capacity and in his official
capacity, JUDGE PAUL HUEY, in his individual
capacity and in his official capacity, JUDGE REX
BARBAS, in his individual capacity and in his
official capacity, JUDGE CAROLINE TESCHE ARKIN,
in her individual capacity and in her official capacity,
HILLSBOROUGH COUNTY, a Municipal Entity,
and THE STATE OF FLORIDA, DEPT. OF FIN.
SERVICES, DIVISION OF RISK MANAGEMENT,

      Defendants.
_____/

## RESPONSE IN OPPOSITION TO
## MOTION FOR LEAVE TO AMEND COMPLAINT [DOC. 46]

      Defendants, Judge Caroline Tesche Arkin, Judge Rex Barbas, Judge Paul

Huey and Chief Judge Ronald Ficarrotta, (hereinafter the "Judges" or the "Circuit

Court Judges"), by and through the undersigned counsel, file this Response in

Opposition to Motion for Leave to Amend Complaint [Doc. 46], and in support

thereof, state the following:

## **INTRODUCTION**

1.  Counsel for the Plaintiffs, Sheldon D. McMullen, Dov Sussman and James Macchitelli (admitted *Pro Hac Vice*) filed the original Complaint on behalf of Plaintiffs, Teresa M. Gaffney and Sarah K. Sussman [Doc. 1], on January 5, 2021.

2.  The Plaintiffs amended their complaint on January 12, 2021 [Doc. 9]. Plaintiffs moved for leave to amend their complaint for the second time on May 13, 2021 [Doc. 40] just before the May 14, 2021 deadline imposed by the Court's Case Management and Scheduling Order [Doc. 35].  Plaintiffs' Motion attached their proposed complaint.  The attached complaint is titled "Civil Rights Complaint" rather than its more accurate title of "Second Amended Complaint". The Motion, although timely filed at 7:38 PM (with 4 hours to spare) was denied on May 18, 2021 without prejudice for non- compliance with Local Rule 3.01(a) and 3.01(g). [Doc. 43].

3.  Attorney Sheldon McMullen filed a Motion to Withdraw as Counsel on May 13, 2021 which was denied without prejudice for non- compliance with Local rules 2.02, 3.01(a) and 3.01(g) [Doc. 42].  A Renewed Motion to Withdraw as Counsel was filed on May 20, 2021 [Doc. 44] indicating that Plaintiffs are still represented by co-counsel James Macchitelli and Dov Sussman, which Renewed Motion was granted on May 20, 2021 [Doc. 45].

4.  The Plaintiffs' remaining attorneys of record, Dov Sussman and James

Macchitelli, filed another Motion for Leave to Amend Complaint [Doc. 46 ] on May 25, 2021. The attached complaint is titled "Civil Rights Complaint" rather than its more accurate title of "Second Amended Complaint".  The  Motion was filed seven days after the Court's Endorsed Order of denial without prejudice [43] which states the deficiencies in the original Motion [Doc. 40], including the lack of the requisite good faith conferral certification pursuant to Local Rule 3.01(g).

5.  Plaintiffs' counsel contacted opposing counsel via email on May 12, 2021 in an attempt to comply with Rule 3.01(g), and opposing counsel replied via email on May 13, 2021.  A copy of the emails are attached hereto as Exhibit 48-1.

6.  Plaintiffs' counsel did not "confer" with the undersigned counsel as that term is defined in this Court's Case Management and Scheduling Order "CMSO" [Doc. 35, p. 5, II. A] which states: "[t]he term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter."

7.  Plaintiffs' proposed Second Amended Complaint does not allege anything different against the four State Court Judges.

8.  The Judges hereby respond to Plaintiffs' Motion for Leave to Amend Complaint pursuant to Local Rule 3.01(c) within fourteen days after service of the motion.  This Response sets forth objections to the Motion.

## LAW AND ARGUMENT

### I.     Plaintiffs' Proposed Motion Shows Disregard for Rules

9.   Plaintiffs' Motion for Leave to Amend Complaint [Doc. 46], although not untimely in view of the Court's Endorsed Order of denial without prejudice [Doc. 43], was filed 11 days after the May 14 deadline for the parties to move to add parties or to amend pleadings set by the Court in the Case Management and Scheduling Order [Doc. 35].  By the time said Motion is decided, the case will be pushed forward on a time track weeks later than the intended CMSO of the Court. The Plaintiffs' counsel has set this case up for a potential extension of the deadlines imposed by the CMSO, Section II B. 2, which states that motions for extension of deadlines established in the Order are disfavored and will not be granted absent good cause.  [Doc. 35 , p. 6].  Good cause has not been shown for any extensions of time, which would be the *de facto* effect of this Motion.

10. The undersigned counsel for the Judges objected to the Motion for Leave to Amend Complaint by way of email reply to Attorney Dov Sussman's May 12, 2021 email.  The reply was made by email on May 13, 2021, stating that strenuous objection was made, that the Motion to Dismiss should be ruled upon first, and that the second amended complaint is a futile attempt to revise the prior operative complaint [Ex. 48-1]  It is Plaintiffs' counsel's responsibility to have an

actual conversation pertaining to a proposed motion prior to filing the motion, in order to comply with the CMSO.  No conversation was had or attempted by Plaintiffs' counsel.  Thus, the Judges object to Plaintiffs' Motion because the Motion does not comply with the standards set forth by this Court in its CMSO.

11. Further objection is made because the Motion states in paragraph 2 that "[n]o scheduling deadlines have been violated."  Said statement was made to the Court in support of the Motion, but is not entirely accurate in light of the May 14, 2021 deadline clearly imposed in the CMSO.

12. **Non-Compliance with Order** - Compliance with Court Orders is an obvious legal and ethical obligation.  Also, Florida Bar Rule 4-3.4(c) Fairness to Opposing Party and Counsel provides that a lawyer must not knowingly disobey an obligation under the rules of a tribunal.  Despite the clear and controlling authority governing this issue, Plaintiffs' counsel failed to follow the Court's CMSO [Doc. 35, p. 5, II. A.], which states: "[t]he term 'confer' in Rule 3.01(g) requires a **substantive conversation in person or by telephone** in a good faith effort to resolve the motion without court action and **does not envision an exchange of ultimatums by fax or letter**." (emphasis added).

13. As can be seen from Exhibit 48-1 attached, Plaintiffs' counsel, Dov Sussman's means of conferral was by sending an email <u>after </u>the close of business at 5:49 PM on May 12 asking if there were any objections and giving an ultimatum

that the motion would be filed at 4 PM on May 13, which time was less than 23 hours later.  The undersigned counsel has four clients in this case and requires longer than one day's time to meaningfully confer with them and to respond.

14. The undersigned did, in fact, reply by email prior to the 4 PM ultimatum.  However, no conversations were invited or initiated by the movants' counsel, and therefore no conversations took place prior to the filing of the current Motion for Leave to Amend Complaint, which the Court ordered, and presumably desires.  The same email communication occurred with Steven Todd, Counsel for Hillsborough County.  Attorney Todd replied by email that he did not object to the Motion, however that reply does not change the fact that no conversations were invited or initiated by the movants' counsel.

15. Thus, the Judges object to the Motion for Leave to Amend Complaint based on disregard of the CMSO and Florida Bar Rule 4-3.4(c).  The Judges' Motion to Dismiss With Prejudice asks the Court to take Judicial Notice of documents, including Exhibit 1, the Order Granting Motions For Sanctions, Striking Pleadings, and Entering Default Against Defendants Teresa Gaffney and Sarah K. Sussman, Individually and as Trustee [Doc. 29-1].  The Judges assert that the failure to follow rules is a regular occurrence with the Plaintiffs and their counsel, Dov Sussman, as can be seen in said Order Granting Motions for Sanctions. ("This Court has never experienced such contumacious disregard for the judicial system from a

litigant, or her counsel, as the Court has in this matter from Defendants Gaffney and Sussman, and their counsel, Dov Sussman…. [they] have persistently failed to comply with Florida law and direct orders of this Court.") Page ID 239- 240.

16. Plaintiffs and Dov Sussman's noncompliant actions have left undersigned counsel with little choice but to make the Court aware of this behavior.  District courts have inherent power to enforce compliance with their lawful orders.  *Nat'l Union Fire Ins., Co. of Pittsburgh v. Olympia Holding Corp.*, 140 F.App'x 860, 862-63 (11th Cir. 2005)(quotation omitted); *Edwards Moving &* Rigging, *Inc. v. Jenkins*, 2020 WL 1545871 (U.S. District Court, M.D. Florida, Tampa Division, April 1, 2020); *Bussey-Morice v. Kennedy*, 2018 WL 4101004 (U.S. District Court, M.D. Florida, Tampa Division, Jan. 12, 2018)(Defendants moved for civil contempt and sanctions against Plaintiff and Plaintiff's counsel based on Plaintiff's prior discovery violations and violations of the Court's CMSO).

## II.  Plaintiff's Proposed Motion is Prejudicial

17.  The Motion sets forth no legally supported arguments to demonstrate why the claims against the Judges are not barred by the *Rooker-Feldman* and *Younger* Doctrines, or by immunities.  The Motion, if granted at this time, would compel further  involvement and action on the part of the four Judges, who filed a Motion to Dismiss With Prejudice on March 2, 2021 [Doc. 29] which remains pending.  The Motion to Dismiss sets forth overwhelming authority

which would relieve the Judges from suit based upon Judicial Immunity, Eleventh Amendment immunity, lack of jurisdiction due to the *Younger* Doctrine, lack of jurisdiction due to the *Rooker-Feldman* Doctrine[1], and failure to state a claim that meets the *Twombly-Iqbal* standard.   No new substantive allegations have been made against the Judges in Plaintiffs' proposed Second Amended Complaint.  The parties they seek to add based on independent acts they took have no substantive effect on the allegations asserted against the Judges in the current operative complaint.

18. The Judges would be prejudiced by the filing of this proposed complaint before the Court has had the opportunity to address the Judges' Motion to Dismiss.  The repetitive filing and re-filing of multiple complaints is highly prejudicial to these four members of the state court judiciary.

19.  The Judges' Motion to Dismiss With Prejudice is currently pending.

20. The Judicial Defendants would like their Motion to Dismiss With Prejudice [Doc. 29] to be ruled upon.  Strenuous objection is hereby made to the filing of a third complaint, which objection is reflected in the email attached hereto as Exhibit 48-1. The Motion to Dismiss has not been ruled upon, and the proposed new complaint is a futile attempt to repeat the allegations in the prior operative

---

[1] Under the *Rooker-Feldman* doctrine, federal courts are prevented from exercising jurisdiction over cases brought by "state-court losers" complaining of injuries from "state court judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005).

complaint, at least with respect to the four Judicial Defendants.

21. Plaintiffs desire to keep amending the pleadings, whether they are adding newly named parties, or additional claims, will not change the fact that Plaintiffs are suing the Judicial Defendants for the rulings that they made in State Court. Their whole case is based on the belief that Plaintiffs do not think that they have been treated fairly in the State Court rulings. Plaintiffs keep trying to come up with different ways to create the illusion that the Judicial Defendants have done something that is not judicial. Yet they have filed a federal civil rights lawsuit based on case rulings in State Court. All rulings were made by judges who were acting in their proper judicial functions as judges, regardless of what the losing litigants think about those rulings. Plaintiffs are suing judicial officers in federal court for rulings that they made in State Court. As the Motion to Dismiss With Prejudice establishes, Plaintiffs chose not to file a state court lawsuit making their claims against the judges. They plan to use the federal court as their next step to circumvent their State Court losses, and now they wish to amend to re-assert the same allegations that are destined to fail, as the Motion to Dismiss With Prejudice [Doc. 29] clearly points out.

22. The proposed second amended complaint continues to include the four State Court Judges in this case, and seeks to add new, non-judicial parties. The Judicial Defendants should not have to re-assert the same arguments they

made previously in their Motion to Dismiss With Prejudice because the proposed second amended complaint shows nothing different that would change the status of the Judges and their Judicial Immunity and Eleventh Amendment immunity protections.   All issues with respect to the Judges are squarely before the Court already.

23. These frequent amendments are prejudicial to the Judicial Defendants because they are prolonging this case, causing the judges to remain parties in a federal lawsuit in which they never should have been joined in the first place.  It is prejudicial that pleadings are filed of record attacking four judges in an attempt to get around their rulings, impugn their integrity, undermine their good reputations and disrupt their official duties.

## CONCLUSION

WHEREFORE, Defendants, Judge Caroline Tesche Arkin, Judge Rex Barbas, Judge Paul Hey and Chief Judge Ronald Ficarrotta, based on the authorities set forth above, request that the Court enter an order denying Plaintiffs' Motion for Leave to Amend seeking to file another Civil Rights Complaint.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/**M. Rives**
Marie T. Rives
Senior Assistant Attorney General

Florida Bar No. 0441937
Office of the Attorney General
3507 E. Frontage Road, Suite 150
Tampa, FL 33607
Tel: 813-577-4533; Fax: 813-233-2886
marie.rives@myfloridalegal.com
Counsel for Defendants Judge Tesche
Arkin, Judge Barbas, Judge Huey,
Chief Judge Ficarrotta

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2021, I electronically filed the foregoing

Response in Opposition to Motion for Leave to Amend Complaint with the Clerk

of the Court by using the CM/ECF system.

/s/ **M. Rives**
Marie T. Rives
Senior Assistant Attorney General

Attached:
Ex. 48-1:  Emails (1 page)