UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY and SARAH K. SUSSMAN,

    Plaintiffs,

v.   Case No: 8:21-cv-21-CEH-CPT

RONALD FICARROTTA, PAUL HUEY, REX BARBAS, CAROLINE TESCHE ARKIN, HILLSBOROUGH COUNTY, STATE OF FLORIDA, DEPARTMENT OF FINANCIAL SERVICES, RONALD FICARROTTA, PAUL HUEY, REX BARBAS and CAROLINE TESCHE ARKIN,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiffs Teresa M. Gaffney and Sarah K. Sussman's Motion for Leave to Amend Complaint (Doc. 46). Defendants Judge Caroline Tesche Arkin, Judge Rex Barbas, Judge Paul Huey, and Chief Judge Ronald Ficarrotta respond in opposition (Doc. 49). Having considered the motion and being fully advised in the premises, the Court will grant the motion.

### DISCUSSION

Teresa M. Gaffney and Sarah K. Sussman sue several Hillsborough County Circuit Court judges—Judges Caroline Tesche Arkin, Judge Rex Barbas, Judge Paul Huey, and Chief Judge Ronald Ficarrotta—in their official and individual capacities,

Hillsborough County, and the Division of Risk Management of the Florida Department of Financial Services.[1] Doc. 9 ¶¶3–4. Gaffney and Sussman allege that the Judges, Hillsborough County, and the Division of Risk Management "conspired, combined and colluded to deprive" them of their property, their reputation, and their rights under the United States Constitution and the Florida Constitution. *Id.* at ¶6. Gaffney and Sussman were allegedly evicted from homestead property as a result of a state-court lawsuit. *Id.* at ¶¶7–8. According to Gaffney and Sussman, who serve as the defendants in that action, the Judges lacked subject-matter jurisdiction, the plaintiffs in that action lacked standing, and the Judges elected to "disregard" or "abrogate" Gaffney and Sussman's constitutional and statutory rights. *Id.* at ¶¶5, 8. To that end, Gaffney and Sussman complain of certain alleged actions of Judges Huey and Barbas, who previously presided over the state-court action, and Judge Tesche Arkin, who currently presides over the state-court action. *Id.* at ¶¶9–24. They lodge various claims against the Judges, including a "Failure to Intervene" claim under 42 U.S.C. § 1983 against Chief Judge Ficarrotta. *Id.* at ¶¶88–96.

The Judges have moved to dismiss on several grounds, including judicial immunity and Eleventh Amendment immunity. Doc. 29 at 2. Gaffney and Sussman have responded in opposition (Doc. 36, 37). The Court previously stayed the action as to the Judges until fourteen days after the Court's ruling on the motion to dismiss. Doc. 39. Gaffney and Sussman now move to amend, contending that they have

---

[1] Sarah K. Sussman sues in her individual capacity and as trustee of the Sussman Family Trust. Doc. 9 at 5.

determined that several other parties, including the Hillsborough County Sheriff's office and "several of its agents," are "necessary parties required for the expeditious resolution of the claims" in this action.[2] Doc. 46 at 3. Gaffney and Sussman contend that adding these parties will avoid undue delay and that no defendant or proposed defendant will suffer prejudice "other than they will timely answer for their actions as set forth in the complaint and second amended complaint." *Id.* at 2. Hillsborough County does not object to the requested relief, and the docket lacks any indication that Gaffney and Sussman have served the Division of Risk Management. *Id.* at 4.

But the Judges oppose. They argue that Gaffney and Sussman's counsel did not comply with the conferral requirements of the Case Management and Scheduling Order because he failed to participate in a substantive conversation in person or by telephone with the Judges' counsel in a good faith effort to resolve the motion.[3] Doc. 49 at 5. The Judges argue that Gaffney and Sussman's counsel simply sent an e-mail after the close of business, in which he inquired about objections and gave an ultimatum that he would file the motion the next day. *Id.* at 5–6. As such, the Judges argue that the motion disregards the CMSO and Rule 4-3.4(c) of the Rules Regulating

---

[2] Gaffney and Sussman previously moved to amend before the CMSO's deadline to add parties or amend the pleadings, but the Court denied that motion, without prejudice, for violating the Local Rules. Doc. 43.

[3] The CMSO provides, "The term 'confer' in [Local] Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter.

the Florida Bar.[4] *Id.* at 6. The Judges also argue that the motion is prejudicial because this action will require further involvement and action on their behalf if the Court grants the requested relief. *Id.* at 7. They argue that the Court should address the motion to dismiss first and that the proposed complaint is a futile effort to repeat the operative complaint's allegations against them. *Id.* at 8–9. They contend that the proposed complaint will prolong the action and does not demonstrate any difference that would "change the status" of them "and their Judicial Immunity and Eleventh Amendment immunity protections." *Id.* at 10.

A court should "freely give leave" to a party requesting to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court will grant the motion. First, even if Gaffney and Sussman's counsel violated the CMSO's requirements for conferral, the Court elects to proceed to the merits of the motion, rather than deny the motion, without prejudice, for failure to

---

[4] Rule 4-3.4(c) provides that a lawyer must not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." R. Regulating Fla. Bar 4-3.4(c).

4

comply with the CMSO.[5] Although the Judges claim prejudice, they recognize that the proposed complaint does not change their status or their claimed entitlement to judicial immunity and Eleventh Amendment immunity. In other words, the Judges may move to dismiss on the same grounds if Gaffney and Sussman name them as defendants in the second amended complaint. This recognition also addresses the Judges' futility argument, which is grounded in their observation that the proposed complaint repeats the allegations against them. Further, if Gaffney and Sussman elect to sue the Judges in the second amended complaint, the Court will entertain a motion to stay the action as to the Judges, just like the relief previously requested by the Judges. The record does not indicate undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies allowed by previous amendments, or futility of amendment.

In providing Gaffney and Sussman with leave to amend, the Court emphasizes that the Judges have asserted judicial immunity and Eleventh Amendment immunity. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330–31 (11th Cir. 2018). In determining whether a judge enjoys absolute immunity for a specific act, courts ask whether the judge acted in his judicial capacity. *Id.* Courts examine the nature and function of the act, not the propriety of the act itself, and consider if the nature and function of the particular act is judicial. *Id.* "A judge will not be deprived

---

[5] Relevant to Rule 4-3.4(c), the record also lacks any indication that Gaffney and Sussman's counsel knowingly disobeyed the CMSO's directives.

of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "[a]bsent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). And, because Gaffney and Sussman raise § 1983 claims, the Court notes that "Congress has not abrogated eleventh amendment immunity in section 1983 cases," *Carr v. City of Florence*, 916 F.2d 1521, 1525 (1990), nor does Florida's limited waiver of sovereign immunity in § 768.28 of the Florida Statutes constitute consent to be sued in federal court under § 1983, *see Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986); *see also Badillo v. Thorpe*, 158 F. App'x 208, 213 (11th Cir. 2005) (holding that a state-court judge who was sued in federal court was an arm of the state for Eleventh Amendment purposes and therefore enjoyed immunity from liability on § 1983 claims).

Although the Court affords Gaffney and Sussman leave to amend, they should strongly consider the broad protections of judicial immunity and Eleventh Amendment immunity when they amend the operative complaint. Finally, the second amended complaint should comply with all applicable pleading rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.

Accordingly, it is hereby **ORDERED**:

   1. The Motion for Leave to Amend Complaint (Doc. 46) is **GRANTED**.

2. The Court grants Gaffney and Sussman leave to file a second amended complaint within **SEVEN (7) DAYS** of the date of this order.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any