# PLAINTIFFS' EXHIBIT "5"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY, Individually,
SARAH K. SUSSMAN, Individually,
and as Trustee of the Sussman Family
Trust,
    Plaintiffs,

Case No: 8:21-cv-00021-SDM-CPT

v.

CHIEF JUDGE RONALD FICARROTTA,
in his individually capacity and in his official
capacity, JUDGE PAUL HUEY, in his individual
capacity and in his official capacity, JUDGE REX
BARBAS, in his individual capacity and in his
official capacity, JUDGE CAROLINE TESCHE
ARKIN, in his individually capacity and in his
official capacity, HILLSBOROUGH COUNTY,
a Municipal Entity, and THE STATE OF FLORIDA,
DEPARTMENT OF FINANCIAL SERVICES,
DIVISION OF RISK MANAGEMENT,
    Defendants.

## AFFIDAVIT OF SHELDON D. McMULLEN

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, personally appeared SHELDON D. McMULLEN, who after first being duly sworn deposes and states as follows:

1

1. I am over eighteen (18) years of age. I am licensed to practice law in the State of Florida, am an active member of the Florida Bar in good standing and have engaged in the practice of law since 2002.

2. This Affidavit is based upon my personal knowledge of the facts stated herein.

3. On July 13, 2020, I appeared as attorney of record for Teresa M. Gaffney in the Case of *In Re: The Estate of John J. Gaffney, deceased*, Case No: 12-CP-000221, pending in the Circuit Court of the Thirteenth Judicial Circuit, State of Florida (hereinafter the "Probate Case").

4. The hearing on July 13, 2020, was not just in the Probate Case, but simultaneously at the exact same time, a hearing was held in the case of *Phillip A. Baumann, Administrator Ad Litem of the Estate of John J. Gaffney, Deceased*, Case No: 14-CA-003762, pending in the Circuit Court of the Thirteenth Judicial Circuit, State of Florida (hereinafter the "Civil Case").

5. The hearing on July 13, 2020 was held before the Honorable Judge Caroline Tesche Arkin, and the matters set before her were the issues of attorneys' fees and costs to be awarded to the Estate of John J. Gaffney as filed by the Administrator Ad Litem for both the Probate Case and the Civil Case.

6. The Civil Case arose solely for the harassment of Teresa M. Gaffney who is both a creditor and beneficiary of the Estate of John J. Gaffney, her father.

7. At the outset, the Civil Case did not have a basis in law or fact, but due to collusion and ex parte case fixing, the Civil Case was permitted to proceed by the then State Court Judges who presided over the matter, namely Judge Paul Huey and Judge Rex Barbas.

8. Michael Ryan Kangas is the attorney representing the Administrator Ad Litem and has been representing him throughout the duration of the Civil Case, and most recently, since approximately 2014, in the Probate Case. He testified that he is the primary attorney in both matters.

9. During the hearing on July 13, 2020, I had the opportunity to question as a witness Michael Ryan Kangas as to his work performed on the Civil Case and questions related to the legal and factual basis for the Civil Case.

10. Mr. Kangas testified that there was an arrangement made that he and firm would only get paid attorneys' fees and costs should he be successful in the litigation in the Civil Case. There was not a statutory basis, not a contractual basis, and no court order allowing for the recovery of any attorneys' fees and costs.

11. During cross examination Mr. Kangas testified that the Civil Case was "dead on arrival" and had little to no chance of success. In addition, he testified that he consulted with other attorneys who also had the same opinion as to the merits of the causes of action in the Civil Case.

12. Mr. Kangas hired Christopher Griffin to serve as his expert witness in both cases. Mr. Griffin was qualified and provided testimony as an expert during the hearing in both the Civil Case and the Probate Case.

13. Mr. Griffin testified during direct examination that in his expert opinion no one else would accept a case like this (the Civil Case) on a contingency fee basis, i.e., without collecting fees throughout. He further testified that the issues were not easy and the only way to get paid was to be successful.

14. When questioned regarding the merits of the Civil Case and the likelihood of success, Mr. Griffin reiterated the testimony of Mr. Kangas that the Civil Case was "dead on arrival" and had very little chance of any success.

15. This fact of the Civil Case being "dead on arrival" was so important that Judge Tesche Arkin included it her *Final Judgment for Attorneys' Fees and Costs* in the Civil Case.

16. The facts set forth herein are true and correct to the best of my knowledge.

*[Remainder of page intentionally left blank. Signature page follows.]*

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

_____
SHELDON D. McMULLEN

SWORN TO and SUBSCRIBED before me this 15<u>th</u> day of March, 2021, by Sheldon D. McMullen, Esquire, who is personally known to me.

_____
Notary Public of State of Florida
My Commission Expires: