# PLAINTIFFS' EXHIBIT "6"

## AFFIDAVIT OF J. KEVIN CAREY

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

Before me, the undersigned authority, on this day personally appeared J. Kevin Carey, ("Affiant") who, being over the age of majority and competent, states as follows:

1. I am a practicing attorney and have been a member in good standing of the Florida Bar since 1983.

2. By way of legal educational background, I graduated from the University of Florida College of Law in 1983, where I served as Senior Managing Editor of the Law Review.

3. Upon graduation from law school, I served as a judicial law clerk to United States District Judge George C. Carr, in Tampa, Florida, from August, 1983 through March, 1985.

4. I served as a Circuit Judge in Hillsborough County from January, 2003 through January, 2009. I am also certified by the Florida Supreme Court as a mediator in the areas of family and circuit civil.

5. Before serving as a Circuit Judge, I was a shareholder at the Carlton, Fields law firm, practicing in the area of general civil and business litigation.

6. I have an AV Martindale Peer Review Rating.

7. The information contained in this affidavit is based on my personal knowledge.

8. I represented John Gaffney in litigation with regard to the conduct of his daughter Maryalice Tyler ("Tyler"). The pleadings in that action, Hillsborough County Probate Court, Case No. 09-CP-1453 and 09-MH-1747, Division A, speak for themselves.

9. During the course of my representing Mr. Gaffney, it became apparent that Tyler

executed a trust agreement, without John Gaffney's knowledge and improperly used that agreement to withhold from John Gaffney some or all of his monthly pension checks. Mr Gaffney was a retired FBI agent and had three monthly retirement pensions totaling approximately $8,500. From my review of the documents and discussions with certain witnesses, it did not appear that John Gaffney ever reviewed or signed the trust agreement and that the alleged trust was established without John Gaffney's knowledge or consent.

10. This conduct placed John Gaffney in significant financial stress, without the financial ability to purchase food, clothing, medication and other necessary products.

11. Because of Tyler's conduct, John Gaffney was not able to pay his outstanding caregiver's bills, as well as attorney's fees. John Gaffney's caregivers stated that they would no longer provide services without payment.

12. John Gaffney did not otherwise have access to any of his funds. As a result, Mr. Gaffney was unable to write checks or access his own funds in his bank accounts with Bay Gulf Credit Union.

13. Mr. Gaffney, through counsel, requested Tyler to pay certain bills, including caregiver's bills, but Tyler refused to do so.

14. At no time did I ever witness Teresa Gaffney, another of Mr. Gaffney's daughters, ever take any action to exploit or otherwise take advantage, financial or otherwise, of Mr. Gaffney. To the contrary, during the time that I represented Mr. Gaffney, Teresa Gaffney's conduct toward her father was solely for his benefit.

FURTHER AFFIANT SAYETH NOT.

                                                    _____
                                                    J. KEVIN CAREY

The foregoing instrument was acknowledged before me on this 27th day of November, 2017 by J. Kevin Carey, who is ✓ personally known to me or has produced _____ as identification, and who is not under oath.

                                                    _____
                                                    NOTARY PUBLIC
                                                    Tami Bradley
                                                    Print Name

                                                    My Commission expires:

[Notary seal: TAMI BRADLEY, Notary Public - State of Florida, Commission # FF 181727, My Comm. Expires Dec 8, 2018, Bonded through National Notary Assn.]