UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY, and
SARAH K. SUSSMAN, individually and
as Trustee of the Sussman Family Trust,

       Plaintiffs,

v.                                                        Case No. 8:21-cv-21-CEH-CPT

MICHAEL R. KANGAS,
PHILLIP A. BAUMANN, and
PHILLIP A. BAUMANN, P.A., a/k/a
BAUMANN KANGAS, P.A., et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Before me on referral is a motion brought by Defendants Michael R. Kangas, Phillip A. Baumann, and their law firm, Phillip A. Baumann, P.A., a/k/a Baumann Kangas, P.A. (collectively, Lawyer Defendants) to quash service and dismiss the claims asserted against them based upon Plaintiffs Teresa Gaffney and Sarah Sussman's failure to effectuate service of process.    (Doc. 84).   For the reasons discussed below, I respectfully recommend that the Lawyer Defendants' motion be granted.

I.

The background of this case is set forth in a prior Order of the Court (Doc. 50) and therefore need only be summarized here with some supplementation. After initiating this action in January 2021, Gaffney and Sussman twice amended their complaint, most recently on November 24, 2021. (Docs. 1, 9, 50, 53). In their operative complaint, Gaffney and Sussman added several new parties, including the Lawyer Defendants. (Docs. 50, 53).

Roughly two months later, on January 17, 2022, Plaintiffs' counsel sent an email to Kangas, in which he asked Kangas to sign an attached waiver of service of summons form and to email it back to him. (Doc. 84-1 at 2, 5). Plaintiffs' counsel also inquired in his email as to whether Kangas would "accept service on behalf of [ ] Baumann and [the law firm.]" *Id.* Counsel included with his email a copy of a "Notice of Lawsuit and Request to Waive Service of a Summons" addressed to "Phillip A. Baumann," a copy of a "Waiver of the Service of Summons" for "Michael R. Kangas," and Gaffney and Sussman's operative complaint and accompanying exhibits. (Docs. 84 at 2; 84-1 at 5–7).

On February 3, 2022, having received no response to their attorney's January 17 email, Gaffney and Sussman had a process server attempt to personally serve the Lawyer Defendants at their law firm. (Doc. 84 at 3). During that endeavor, the process server delivered to Kangas a copy of Gaffney and Sussman's operative complaint (with attachments), as well as summonses for Kangas and the law practice.

2

(Doc. 84-1 at 3, 8–9).  Neither of these summonses, however, was signed or sealed by the Clerk of Court.  *Id.* at 8–9.  Kangas informed the process server at the time that Baumann was not in the office and that he "was not authorized to accept service of process" on behalf of Baumann.  (Doc. 84 at 3).

On February 23, 2022, Gaffney and Sussman submitted proposed summonses for each of the Lawyer Defendants, which the Clerk of Court issued on February 24, 2022.  (Docs. 80, 81).  That same day, Gaffney and Sussman again attempted to serve the Lawyer Defendants.  (Doc. 89 at 9–11).  According to the process server, however, Kangas and Baumann "were both out of town and there was no one in the office [who] could accept service."  *Id.*

By way of the instant motion, the Lawyer Defendants now ask that the Court quash service and dismiss the claims against them due to purported deficiencies with Gaffney and Sussman's service of process.  (Doc. 84).  In support of their request, the Lawyer Defendants cite Federal Rule of Civil Procedure 4, which governs service of process, and Federal Rule of Civil Procedure 12(b)(4), which authorizes a defendant to seek dismissal of a complaint based on insufficient service of process.  *Id.*  Gaffney and Sussman filed a response in opposition to the Lawyer Defendants' motion, and the matter is therefore ripe for the Court's consideration.  (Doc. 89).

## II.

Rule 4 provides that a "plaintiff is responsible for having the summons and complaint," otherwise known as "process," served on a defendant within ninety days

of the filing of a complaint.  Fed. R. Civ. P. 4(c)(l), (m); *Lepone-Dempsey v. Carroll Cnty.*

*Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).  Rule 4(d), however, permits a plaintiff

to "request that the defendant waive service of a summons."  Fed. R. Civ. P. 4(d)(1).

For purposes relevant here, Rule 4(d) specifies that any such request must:

> (A) be in writing and be addressed:
> (i) to the individual defendant; or
> (ii) for a defendant [that is a corporation, partnership, or association]
> subject to service under Rule 4(h), to an officer, a managing or general
> agent, or any other agent authorized by appointment or by law to receive
> service of process;
> (B) name the court where the complaint was filed;
> (C) be accompanied by a copy of the complaint, [two] copies of the
> waiver form appended to . . . Rule 4, and a prepaid means for returning
> the form;
> (D) inform the defendant, using the form appended to . . . Rule 4, of the
> consequences of waiving and not waiving service;
> (E) state the date when the request is sent;
> (F) give the defendant a reasonable time of at least [thirty] days after the
> request was sent . . . to return the waiver; and
> (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1)(A)–(G).[1]

"[T]he procedural requirement of service of summons must be satisfied" under

Rule 4 before a "court may exercise personal jurisdiction over a defendant."  *Omni*

*Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Pardazi v. Cullman*

*Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional

---

[1] Rule 4(d) also states, in pertinent part, that if a defendant "fails, without good cause, to sign and
return a waiver requested by a plaintiff[,] the court must impose on the defendant (A) the expenses
later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any
motion required to collect those service expenses."  Fed. R. Civ. P. 4(d)(2).

requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."); Fed. R. Civ. P. 4(k)(1)(A) (stating that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant" assuming, *inter alia*, that the court otherwise has general jurisdiction over the defendant).  Consistent with this principle, where a defendant does not waive service and a plaintiff fails to effectuate service of process within the ninety-day period:

> [a] court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, [a] court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In this case, the Lawyers Defendants maintain that Gaffney and Sussman did not effectuate service of process within the ninety-day time frame, which—it is undisputed—commenced on November 24, 2021, and ended on February 22, 2022. (Doc. 84).  To buttress their position, the Lawyer Defendants assert that the January 17, 2022, email from Plaintiffs' counsel did not comply with Rule 4's requirements for waiver of service and that Gaffney and Sussman's efforts to personally serve the Lawyer Defendants on February 3, 2022, were defective.  *Id.*

Gaffney and Sussman counter in their response that the Lawyer Defendants violated "their duty [of] candor" to the Court" by "refus[ing] to execute and waive service of process" as requested in their counsel's January 17 email and that the Lawyer Defendants also engaged in further "inexcusable misconduct" by

"attempt[ing] to evade service" of process.[2]   (Doc. 89 at 3).   To bolster their argument, Gaffney and Sussman claim that it is uncontested that Kangas "was served with a request to execute waiver of service on January 17, 2022, and [that he] was [also] served with a summons and [their operative] complaint on February 3, 2022."   *Id.*

The problem with Gaffney and Sussman's argument is that it is predicated upon the assumption that a defendant is obligated to waive service of process when asked to do so.   This assumption is unfounded, as the Eleventh Circuit and other courts in this District have repeatedly made clear.   *See, e.g., Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) ("A defendant is not required to waive formal service if requested[.]") (citing *Lepone-Dempsey*, 476 F.3d at 1281; Fed. R. Civ. P. 4(d)(2)); *Nelson v. Barden*, 145 F. App'x 303, 311 (11th Cir. 2005) ("[A] defendant is not required to waive formal service.") (citing Fed. R. Civ. P. 4(d)); *OCR Sol., Inc. v. CharacTell, Inc.*, 2017 WL 11668898, at *2 (M.D. Fla. Dec. 4, 2017) ("As to any argument that [the party being sued] neglected his duty when denying [the suing party's] request via email for waiver of service, 'a defendant is not required to waive formal service.'") (quoting *Lepone-Dempsey*, 476 F.3d at 1281) (citation omitted). Given this case authority, the burden fell on Gaffney and Sussman to personally serve the Lawyer Defendants in a timely manner.   *Lepone–Dempsey*, 476 F.3d at 1281 ("We

---

[2] Gaffney and Sussman additionally seek various forms of affirmative relief in their response, including an extension of the deadline for them to effectuate service on the Lawyer Defendants.  (Doc. 89 at 6). The Lawyer Defendants, however, filed an unopposed motion to strike those requests (Doc. 90), which the Court granted (Doc. 94).  As a result, these additional requests are not addressed herein.

have held that if the defendant fails to respond to service by mail, the plaintiff must effect personal service pursuant to [the requirements of Rule 4].").

Gaffney and Sussman did not do so here. To begin, they do not contend, much less demonstrate, that their lawyer's January 17 email qualified as personal service under the applicable provisions of Rule 4. *See* Fed. R. Civ. P. 4(e), (h). Nor do they show that their attempt to personally serve the Lawyer Defendants on February 3 was proper. Among other things, in order for process to be adequate, the summons served on a defendant must "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F), (G).

As the Lawyer Defendants point out (Doc. 85), however, and as Gaffney and Sussman effectively concede (Doc. 89 at 2), neither of the summonses given to Kangas on February 3 satisfied these criteria. (Doc. 85). Contrary to Gaffney and Sussman's suggestion (Doc. 89), this is not a mere technical error that the Court can now overlook, *Kohler v. Parsons*, 2015 WL 3652830, at *3, 3 n.4 (M.D. Fla. June 11, 2015) (Honeywell, J.) (noting that a "'technical error' in the form of the summons may be acceptable as long as there is 'substantial compliance' with Rule 4") (citing *Drill S., Inc. v. Int'l Fidelity Ins. Co.,* 234 F.3d 1232, 1238 (11th Cir. 2000); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990)). Numerous courts have determined that a summons which is not signed, sealed, and issued by the clerk is a fatal defect that deprives a court of personal jurisdiction over a defendant. *See, e.g.*, *Richardson v. Excel Global Logistics, Inc.*, 2015 WL 13234512, at *3 (M.D. Ga. Dec. 18, 2015)

(observing that multiple courts have concluded "that a plaintiff's failure to secure the signature and seal of the clerk constitutes a flagrant disregard of the rules and warrants dismissal of the complaint") (citing, *inter alia*, *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) (finding that a "summons which is not signed and sealed by the [c]lerk of the [c]ourt does not confer personal jurisdiction over the defendant" and is thus "fatal to the plaintiff's case")); *King v. City of Waycross, Ga.*, 2015 WL 1525251, at *5 (S.D. Ga. Mar. 31, 2015) (characterizing the plaintiffs' failure to secure the signature and seal of the clerk as a "grave deficiency"); *Sarnella v. Kuhns*, 2018 WL 1444210, at *2 (D. Colo. Mar. 23, 2018) ("A summons which is not signed and sealed by the [c]lerk of the [c]ourt fails to confer personal jurisdiction over the defendants" and is "incurably defective.") (citing *Cloyd v. Arthur Anderson & Co., Inc.*, 25 F.3d 1056 (10th Cir. 1994)). In light of this "grave" deficiency, *King*, 2015 WL 1525251, at *5, the Court finds that the Lawyer Defendants were not properly served within the requisite ninety-day time frame.

The fact that Gaffney and Sussman failed to timely serve the Lawyer Defendants does not end the inquiry, however. As referenced previously, Rule 4(m) directs that a "court must extend the time for service for an appropriate period" where a "plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). This good cause standard is met "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281–82.

Further, even where a plaintiff does not cross this threshold, a court still has discretion to enlarge the service deadline "when the facts of the case may justify [it], 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Hong-Diep Vu v. Phong Ho*, 756 F. App'x 881, 882 (11th Cir. 2018) (per curiam) (quoting *Lepone-Dempsey*, 476 F.3d at 1282 and citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005)). "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey*, 476 F.3d at 1282.

Here, Gaffney and Sussman offer no explanation for their failure to serve the Lawyer Defendants in a timely manner. Instead, it appears that they simply neglected to properly effectuate service (Doc. 84 at 4; Doc. 89 at 2), and then compounded that error by failing to promptly file a valid motion seeking additional time to do so. Accordingly, Gaffney and Sussman have failed to establish good cause. *See Florio v. Success Agency LLC*, 2017 WL 8897130, at *7 (S.D. Fla. Oct. 20, 2017) (finding a lack of good cause to extend the service deadline where, among other things, the plaintiff never argued that there was good cause and never moved for an extension after being made aware of the service deficiencies); *Kohler*, 2015 WL 3652830, at *3 (determining that the plaintiff did not have good cause where she never served one of the defendants and did not provide any explanation for this shortcoming).

9

As for whether the Court should nonetheless extend the service deadline, Gaffney and Sussman neither allege that the statute of limitations would bar their claims should their complaint be dismissed, nor do they assert that the Lawyer Defendants concealed the above infirmities with Gaffney and Sussman's attempts at service. The only argument they do raise is that the Lawyer Defendants "evaded service." (Doc. 89 at 3). To buttress this assertion, they cite the process server's note where she states she could not complete service on February 24, 2022, because someone at the law firm told her that "Mr. Kangas and Mr. Baumann were both out of town," that "[t]hey [were] both expected to be back after the 11th of March," and that "there was no one in the office that [sic] could accept service." *Id.* at 9–11.

This contention is unavailing. The process server's note reflects only that there was an unsuccessful bid by Gaffney and Sussman to effectuate service *after* the February 22, 2022, service deadline, and that this attempted service failed because the Lawyer Defendants were out of the office. Such a belated effort to perfect service hardly constitutes evidence of evasion by the Lawyer Defendants. *See Calloway v. Computer Sci. Corp.*, 2006 WL 8432759, at *4 (N.D. Ga. May 30, 2006) (finding no evasion of service where the "evidence show[ed] at most that [p]laintiff tried to serve [the defendants] once before the time period to serve process expired") (citations omitted); *Astoria Gen. Contracting Corp. v. Off. of the Comptroller of the City of New York*, 2016 WL 3144059, at *4 (S.D.N.Y. Apr. 12, 2016) (concluding that the defendant did

not evade service where plaintiffs were on notice of where to serve him and failed to follow up).[3]  Gaffney and Sussman notably do not cite any authority to the contrary.

The facts of this case do not otherwise justify extending the service deadline. Gaffney and Sussman have been represented by counsel since the inception of this lawsuit, yet they did not secure valid summonses until *after* the February 22, 2022, service deadline and also never submitted a proper request to extend that deadline. Moreover, they sought to serve the validly issued subpoenas only once and, even after being faced with dismissal of their claims, have still not filed proof that the Lawyer Defendants have been properly served.  In light of these repeated bungles, I see no reason—and none is offered—to give Gaffney and Sussman a second bite at the service apple.  *See Calloway*, 2006 WL 8432759, at *5 (declining to use its discretion to extend the service deadline where the defendant had not been served at all and there was no evidence that he was evading service).  The fact that the Lawyer Defendants have actual notice of this action does not, as Gaffney and Sussman maintain, absolve them of their obligation to perfect service of process.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Accordingly, a dismissal without prejudice of the claims against the Lawyer Defendants is warranted.  *See Kohler*, 2015 WL 3652830, at *3–4 (granting a motion to dismiss where, among other reasons, a defendant was never properly served

---

[3] Gaffney and Sussman do not appear to contend that the Lawyer Defendants also sought to avoid service in connection with Gaffney and Sussman's failed effort to obtain a waiver of service on January 17, 2022.  Such an argument would be ill-fated in any event since the only circumstance Gaffney and Sussman seemingly could rely on to bolster that contention is that the Lawyer Defendants did not waive service, which—as explained—they were not legally required to do.

and the plaintiff had no good reason for the deficiency); *King*, 2015 WL 1525251, at *5 (granting a motion to dismiss where the court did not issue the summons and collecting cases); *see also Hunter-Riley v. Prof. Collision*, 2021 WL 800848, at *2 (S.D. Ala. Feb. 5, 2021).

Gaffney and Sussman's reliance on the Eleventh Circuit's decision in *Horenkamp* does not dictate a different result. (Doc. 89 at 4–5). In *Horenkamp*, the Eleventh Circuit found that the district court had discretion to grant an extension of the service deadline under Rule 4(m) absent a good cause showing where the defendant had notice of the suit, the plaintiff had properly served the defendant in the interim, and the statute of limitations would have foreclosed the possibility of the plaintiff's refiling of her claim. 402 F.3d at 1133. This is not the situation here. As discussed above, there has not been *any* proper service on the Lawyer Defendants and there is no suggestion that Gaffney and Sussman face a statute of limitations issue.

III.

Based upon the foregoing, I respectfully recommend that the Court (1) grant the Lawyer Defendants' *Motion to Quash Service and Dismiss Complaint for Failure to Timely Serve [Them]* (Doc. 84), and (2) dismiss the pending claims against the Lawyer Defendants without prejudice.

Respectfully submitted this 12th day of July 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

12

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Charlene Edwards Honeywell, United States District Judge
Counsel of record