## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| TERESA M. GAFFNEY, <br> SARAH K. SUSSMAN, individually and as <br> Trustee of the Sussman Family Trust, <br>                       Plaintiffs, <br> v. <br><br> JUDGE PAUL L. HUEY, <br> JUDGE REX M. BARBAS, <br> JUDGE CAROLINE TESCHE ARKIN, <br> PHILLIP A. BAUMANN, P.A., <br> a/k/a BAUMANNKANGAS, P.A., <br> PHILLIP A. BAUMANN, <br> MICHAEL R. KANGAS, <br> CHAD CHRONISTER, <br> Sheriff of Hillsborough County, <br> JASON G. GORDILLO, <br> agent of Hillsborough County, <br> DEPUTY JONATHAN CARLTON, <br> CORPORAL GARY HARRIS, <br> CHIEF JUDGE RONALD FICARROTTA, <br> HILLSBOROUGH COUNTY, a municipality, <br>                       Defendants. | Case No.: 8:2021 CV 000021 <br><br> Judge Charlene Honeywell |

## EMERGENCY MOTION FOR ENTRY OF
## TEMPORARY RESTRAINING ORDER AND SCHEDULING OF
## PRELIMINARY INJUNCTION HEARING

Plaintiff, TERESA M. GAFFNEY, by and through her undersigned counsel,

seeks leave to add Defendants and to file Third Amended Complaint by a date

certain and to issue a Temporary Restraining Order and  Preliminary Injunction

pursuant to Federal Rule of Civil  Procedure 65(a)(1) enjoining The Florida Bar

through Defendants, GARY S. LESSER, President of The Florida Bar, in his

official capacity, LINDSEY M. GUINAND, Chief Branch Discipline Counsel -

Lawyer Regulation of The Florida Bar, in her individual capacity, PATRICIA

ANN TORO SAVITZ, Staff Counsel of The Florida Bar, in her individual

capacity, PETER R. RAMSBERGER, Referee of The Florida Bar, in his

individual capacity and MARIE T. RIVES, Assistant Attorney General.  In support

thereof, Plaintiff states as follows:

## INTRODUCTION

The Florida Bar granted Plaintiff, Teresa M. Gaffney, a law license in the

State of Florida in 1984.  Beginning in 2017, complaints were made to the Florida

Bar about Plaintiff's alleged misconduct as an attorney and while in court.

Plaintiff complained to Chief Judge Ronald Ficarrotta about sexual harassment

from Judge Paul Huey and Chief Judge did nothing and failed to order an

investigation pursuant 13th Judicial Circuit Administrative Order S-2018-4016 and

Administrative Order S-2004-071 provide as follows:

It is the policy of the Thirteenth Judicial Circuit that all complaints of sexual

harassment or sexual misconduct against any judge will be treated seriously

and acted upon promptly. The following procedures apply to complaints

against judges made by employees of the court system, applicants for

2

employment with the court system, and when applicable, attorneys, litigants, or other members of the public.

Compliance with these procedures by the chief judge constitutes a presumption of compliance with the disciplinary responsibilities under Canon 3D(1) of the Florida Code of Judicial Conduct.

...

If the person receiving the complaint is not the chief judge, the person receiving the complaint should forward it to the chief judge for investigation in accordance with section 4.

Now, since Plaintiff, Teresa M. Gaffney, filed this civil rights case against Judge Paul Huey as well as all of the alleged participants to a conspiracy to violate the Plaintiffs' Constitutional rights, certain unlawful retaliation is occurring against her.  Thus, Plaintiffs are seeking leave to add additional Defendants and to file a Third Amended Complaint and to file an Emergency Motion for Temporary Restraining Order.

Upon serving the four Defendant Judges in this case with summons and complaint, the Judges notified the Office of the Florida Attorney General and sought legal representation through that office.  Thus, Marie T. Rives, filed appearances in the civil rights case for the four judges through the Office of the

Florida Attorney General.  And, immediately began speaking with attorneys from The Florida Bar to set up an unlawful conspiracy to retaliate against Plaintiff, Teresa M. Gaffney, for complaining about sexual harassment by Judge Huey.  This is constitutionally protected speech as Courts have recognized that sexual harassment is sex discrimination in violation of Title VII at least since 1977. See, e.g., *Barnes v. Costle*,561 F.2d 983 (D.C. Cir. 1977) (first Court of Appeals to hold that sexual harassment is sex discrimination); see also *Otto v. Heckler*,781 F.2d 754, 756 (9th Cir.) (citing *Barnes* and recognizing that sexual harassment has been considered sex discrimination since 1977), amended,802 F.2d 337 (9th Cir. 1986); *Bator v. State of Hawaii*, 39 F.3d 1021, 1028 (9th Cir. 1994).

Plaintiff is seeking to file an amended complaint and plead causes of action against Defendants, Gary S. Lesser, President of The Florida Bar, in his official capacity, Lindsey M. Guinand, Chief Branch Discipline Counsel - Lawyer Regulation of The Florida Bar, in her individual capacity, Patricia Ann Toro Savitz, Staff Counsel of The Florida Bar, in her individual capacity, and Peter R. Ramsberger, Referee of The Florida Bar, in his individual capacity, because Marie Rives she influenced The Florida Bar's decision to file a professional complaint against Plaintiff, Teresa M. Gaffney.

The Florida Bar filed a professional complaint against Plaintiff, Teresa M.

Gaffney, and further used the void orders that were entered pursuant to the other conspiracy through ex parte communications to enter fixed orders against Plaintiff, Teresa M. Gaffney.

This is unlawful retaliation that violates Plaintiff's, Teresa M. Gaffney's, First Amendment right to free speech and Plaintiff's, Teresa M. Gaffney's, Fourteenth Amendment right to equal protection of the laws. "[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions ... for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006); *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1019 (9th Cir. 2020).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.* , 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe* , 457 U.S. 202, 216 (1982) ). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles* , 250 F.3d 668, 686 (9th Cir. 2001) [quoting *Barren v. Harrington* , 152 F.3d 1193, 1194 (9th Cir. 1998)].  See, *Sampson v.*

5

*Cnty. of Los Angeles*, 974 F.3d 1012, 1023 (9th Cir. 2020) - "we hold that the

Equal Protection Clause protects the right to be free from sexual harassment at the

hands of public officials."

On July 18, 2022, The Florida Bar is scheduled to hold a hearing on whether

it should revoke or suspend Plaintiff's law license or publicly reprimand Plaintiff,

Teresa M. Gaffney.  The Florida Bar's complaint explains all of the facts that were

present in case number 2014-CA-003762 and all of the Plaintiff's actions to

reverse the fraud and ex parte case fixing that was present and in Count I of The

Florida Bar Complaint, it is alleged that Plaintiff has violated the following Rules

Regulating The Florida Bar:

1.   Rule 3-4.3 (Misconduct and Minor Misconduct);

2.   Rule 4-3.1 (Meritorious Claims and Contentions);

3.   Rule 4-3.3(a) (Candor Toward the Tribunal - False evidence; Duty to

      disclose);

4.   Rule 4-3.4(c) (Fairness to Opposing Party and Counsel - lawyer must

      not knowingly disobey an obligation under the rules of a tribunal);

5.   Rule 4-3.5(c) (Impartiality and decorum of the tribunal - Disruption

      of Tribunal);

6.   Rule 4-8.2(a) (Judicial and Legal Officials - Impugning

Qualifications and Integrity of Judge or Other Officers);

7.    Rule 4-8.4(a) (violate or attempt to violate the Rules of Professional

Conduct, knowingly assist or induce another to do so, or do so

through the acts of another);

8.    Rule 4-8.4(c) (Engaging in conduct involving dishonesty, fraud,

deceit or misrepresentation); and

9.    Rule 4-8.4(d) (Engaging in conduct in connection with the practice of

law that is prejudicial to the administration of justice).

A copy of The Florida Bar Complaint is attached and marked Plaintiff's Exhibit "A." These violations are ridiculous as every attorney has an obligation to zealously fight for the preservation of the United States Constitution and in this case the Florida Constitution also.

In Count II of The Florida Bar Complaint against Plaintiff, The Florida Bar alleges against Plaintiff, Teresa M. Gaffney, that she assisted her daughter Plaintiff, Sarah Sussman, to fraudulently file a Petition for Bankruptcy, fraudulently assisted her daughter in completing the credit counseling course required to be taken prior to filing for bankruptcy and further directed her daughter to smash a hard drive and spoil evidence. Count II alleges that Plaintiff violated the following Rules Regulating The Florida Bar:

1.     Rule 3-4.3 (Misconduct and Minor Misconduct);

2.     Rule 4-3.1 (Meritorious Claims and Contentions);

3.     Rule 4-3.3(a) (Candor Toward the Tribunal - False evidence; Duty to disclose);

4.     Rule 4-8.4(a) (Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or indue another to do so, or do so through the acts of another);

5.     Rule 4-8.4(c) (Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and

6.     Rule 4-8.4(d) (Engaging in conduct in connection with the practice of law that is prejudicial to the administration of justice).

A copy of The Florida Bar Complaint is attached and marked Plaintiff's Exhibit "A." These violations are ridiculous as Plaintiff had nothing to do with the filing of her daughter's bankruptcy as her daughter hired an attorney and paid that attorney a fee to file her bankruptcy.

The Plaintiff's Federal Civil Rights Complaint was filed January 5, 2021, and The Florida Bar Complaint was filed on June 22, 2021. The Florida Bar Complaint is imposing discipline against Plaintiff, Teresa M. Gaffney, for expressing constitutionally protected speech against unlawful sexual harassment.

8

The reason The Florida Bar Complaint was filed against Plaintiff is unlawful retaliation for complaining about Judge Paul Huey's sexual harassment and for Plaintiff fighting to keep her residence which was unlawfully taken from her in violation of the Florida Constitution, Article X, section 4 - Homestead Property. Further, the Referee for The Florida Bar continued to deny Plaintiff's Motions and further continued to deny Plaintiff "Due Process" by allowing a partial summary judgment against Plaintiff and in favor of The Florida Bar before discovery was completed and further refused to reconsider this Due Process violation.

Further a stay would be extremely important, the first to file rule is used to avoid differing outcomes and inconsistent results and also to avoid intimidation or harassment of witnesses. *See* Freedom Mortg. Corp. v. Irwin Fin. Corp., No. 08–146 GMS, 2009 WL 763899, at 4 (D. Del. Mar. 23, 2009). *See generally, Smith v. M'Iver, 22 U.S. (9 Wheat) 532, 535 (1824); Allstate Ins. Co. v. Clohessy, 9. F. Supp. 2d 1314, 1316 (M.D. Fla. 1998); Bellsouth Advertising & Publ. Corp. v. The Real Color Pages, Inc., 792 F. Supp. 775, 785 (M.D. Fla. 1991); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982).*

9

If The Florida Bar is allowed to proceed with the hearing on July 18, 2022, Plaintiff, Teresa M. Gaffney, faces the loss of an important property right – her law license – on the basis of a decision by a tribunal that is neither free of bias and/or the appearance of bias in violation of her constitutional due process right to have a fair and impartial tribunal adjudicate her right to her law license.

Plaintiff seeks leave to join additional Defendants and to file a Third Amended Complaint and files this Motion for Temporary Restraining Order to obtain injunctive relief from this Court preventing The Florida Bar from holding Plaintiff's discipline hearing on July 18, 2022, because the basis for The Florida Bar's charges is to unlawfully punish Plaintiff and to retaliate against her for expressing  constitutionally protected speech against unlawful sexual harassment that was committed by a 13th Circuit Court Judge, Judge Paul Huey, and zealously fighting against the cover-up and conspiracy formed between four judges which expanded to four judges, an Associate Attorney General, The Florida Bar through its prosecuting attorneys and supervisors.

For these same reasons, Plaintiff also brings this lawsuit and Motion for Temporary Restraining Order in order to obtain injunctive relief from this Court preventing Defendant, Gary S. Lesser, President of The Florida Bar, in his official capacity, as the final authority on whether Plaintiff's, Teresa M. Gaffney's, law

license shall be revoked or suspended or shall be publically reprimanded for expressing constitutionally protected speech against sexual harassment.

Accordingly, Plaintiff, Teresa M. Gaffney, now seeks an order from this Court enjoining The Floorida Bar from holding Plaintiff's disciplinary hearing on July 18, 2022, through July 29, 2022. For reasons set forth below, this Court should grant Plaintiff's requested relief.

## EXHAUSTION OF REMEDIES

There is typically a requirement that administrative remedies be exhausted before parties to an administrative action may avail themselves of a court of law. However, exhaustion is not required when to do so would be futile, or where the action which is the subject of the lawsuit is illegal.

Plaintiff's motion for summary judgment or alternatively to dismiss have been denied, despite detailed, researched briefs which showed that The Florida Bar through its prosecuting attorneys is violating Plaintiff's due process rights. Engle's Motion to Dismiss,  and  See  Exhibit 3, and  the Order denying said  motion.  The judge of this court need not be educated in the area of Attorney Disciplinary hearings in order to know when due process is being suppressed without any factual allegation or basis sufficient to satisfy the state's interest.

This Motion seeks, in part, to enjoin The Florida Bar from going forward

11

with its hearing. To have exhausted such remedies would have been extremely expensive and futile, as the entire hearing process is tainted and unconstitutional. Defendant The Florida Bar is the organization of all lawyers licensed by the Supreme Court of Florida to practice law in the state. The Florida Bar's core functions are to: Regulate the practice of law in Florida; ensure the highest standards of legal professionalism in Florida; and protect the public by prosecuting unethical attorneys and preventing the unlicensed practice of law.

First, Plaintiff's Motion to Stay The Florida Bar's hearing was denied by the referee and was subsequently denied by the Florida Supreme Court. A stay is the appropriate way to handle the matter and to preserve the due process of Plaintiff, Teresa M. Gaffney.

## LEGAL STANDARD

"A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1297 (11th Cir. 2005). A temporary restraining order may be issued without notice only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts

made to give notice and t1he reasons why it should not be required. *Fed. R. Civ. P.* 65(b)(1)(A)-(B).

The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief is to be granted, which are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex Rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005), citing, *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Since "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," Plaintiff need not prove her case in full, and the court's findings of fact and conclusions of law are not binding at a trial on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 393-95 (1981).

## ARGUMENT

1.    Plaintiff, Teresa M. Gaffney, is likely to succeed on the merits.

"A substantial likelihood of success on the merits requires a showing of only likely or probable, rather than certain, success." *Schiavo ex Rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). *Id*.

Plaintiff, Teresa M. Gaffney, has a constitutional right to due process of law that includes, among other things, a right to have a fair and impartial tribunal adjudicate her rights as they relate to her law license.See, e.g., *In re Murchison*, 349 U.S. 133,136 (1955). Plaintiff, Teresa M. Gaffney, has a right to have her matters adjudicated by a tribunal free from actual bias or even the appearance of bias. *Id*.; *Bakalis v. Golembeski*, 35 F.3d 318, 323-24 (7th Cir. 1994).

In this case, Plaintiff, Teresa M. Gaffney, will adduce evidence and testimony that will establish Judge Paul Huey's sexual harassment; the sexual harassment was complained about to Chief Judge Ronald Ficarrotta; pursuant to 13th Judicial Circuit Administrative Order S-2018-4016 and Administrative Order S-2004-071, it is the policy of the Thirteenth Judicial Circuit that all complaints of sexual harassment or sexual misconduct against any judge will be treated seriously and acted upon promptly; the Chief Judge did nothing; Plaintiff filed a Civil Rights lawsuit against 4 judges; the judges established a conspiracy to deny Plaintiff's Constitutional Rights; Associate Attorney General Marie Rives filed an appearance on behalf of the four judges; Associate Attorney General Marie Rives joined the

14

judges' conspiracy and had discussions with The Florida Bar and convinces it to file disciplinary action against Plaintiff in retaliation for complaining about Judge Paul Huey's sexual harassment and zealously fighting and defending against the Due Process violations that were instituted against Plaintiff.

Plaintiff will also prove that Judge Barbas's ex parte communications with judges from the 2d District Appeals Court in order to unlawfully sway them from not ruling for Plaintiff. Plaintiff will prove her case.

2.    Plaintiff lacks an adequate remedy at law.

A remedy at law is not sufficient to solve the problem – an award of damages alone is a seriously deficient remedy for the harms being suffered. See *Roland Mach.  Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). An award of monetary  damages will not compensate Plaintiff, Teresa M. Gaffney, for the loss of her Fourteenth Amendment right to have a fair and impartial tribunal preside over the Case known as 14-CA-003762. Moreover,  no amount of money damages could compensate her for the loss of her law license, without which she cannot earn a living. For this reason, Plaintiff, Teresa M. Gaffney has no adequate remedy at law and requires injunctive relief against Defendants as set forth above.

3.     Plaintiff faces irreparable harm absent a TRO and preliminary injunction.

The third factor is whether Engle will suffer irreparable harm without an injunction. Irreparable harm occurs when a party cannot be made whole by a damage award or other relief at the conclusion of trial. Vogel v. Am. Soc'y of Appraisers, 744 F.2d 598, 599 (7th Cir.1984). Irreparable harm is considered the most important equitable factor. Reinders Bros., Inc. v. Rain Bird Eastern Sales Corp., 627 F.2d 44, 52–53 (7th Cir.1980); Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2nd Cir.1985). Violations of constitutional rights, including the right to due process under the Fourteenth Amendment, inflict irreparable harm. See, e.g., Campbell v. Miller, 373 F.3d 834, 840 (7th Cir. 2004). Plaintiff's reputation will be irreversibly damaged if she is disciplined and her law license is suspended or revoked. If the motion is denied, Plaintiff will suffer irreversible harm.

4.     There is no harm to the Defendants and the Public Interest will be aided, not harmed, if a TRO is granted.

Once Plaintiff meets the foregoing threshold requirements, the Court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving

16

party will suffer if relief is denied." *Stuller, Inc. v. Steak N Shake Enters., Inc*., 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ty, Inc. v. Jones Group, Inc*., 237 F.3d 891, 895 (7th Cir. 2011)). The goal of the Court is to choose the course of action that minimizes the costs of being mistaken. *Am. Hosp. Supply*, 780 F.2d at 593. The Court must compare the potential irreparable harms faced by both parties to the suit: the irreparable harm risked by the moving party in the absence of a preliminary injunction against the irreparable harm risked by the nonmoving party if the preliminary injunction is granted. *Ty*, 237 F.3d at 895.

Conversely, The Florida Bar will suffer no harm if the July 18, 2022, hearing is stayed. Plaintiff does not seek to bar the entire hearing. Rather, Plaintiff only seeks to temporarily stay the hearing until Plaintiff's Civil Rights case is decided and the Post-trial motions that were filed in case numbers 14-CA-003762 and 19-CA-2729 are decided to determine if there is fraud present in the 13th Circuit Court. An adjudication free from bias or conflict of interest will only serve to increase the Florida Bar's legitimacy.

# CONCLUSION

WHEREFORE for all the foregoing reasons, the Plaintiff, Teresa M.

Gaffney, prays that this Honorable Court grant her Motion and enter an Order  (1)

imposing a Temporary  Restraining Order enjoining The Florida Bar from starting

Plaintiff's disciplinary hearing on July 18, 2022; (2) scheduling hearing on

Plaintiff's request for a preliminary injunction; and (3) granting her any and all

other further relief it deems necessary and just.

Respectfully submitted,

/s/ James J. Macchitelli

James J. Macchitelli

James J. Macchitelli
jimmymacclaw@gmail.com
Illinois Bar Number 6208773
1501 Perimeter Drive #400
Schaumberg, Illinois 60173
(847)-414-4532
Admitted Pro Hac Vice

## COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for the Plaintiffs certifies that he has not conferred with Counsel for the Defendants as the sole decision maker to stay the disciplinary proceedings denied Plaintiff's Motion to Stay.  Further, none of the other Counsels for the Defendants has authority to agree or object to Plaintiff's Motion.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing was provided to:

Marie T. Rives (Marie.Rives@myfloridalegal.com)

Stephen M. Todd (ToddS@hillsboroughcounty.org)

Marc S. Makholm (Mmakholm@teamhcso.com)

Jeffrey S. Weiss (jweiss@orlandolaw.net)

Lindsey Guinand (Lguinand@floridabar.org)

Patricia Ann Toro Savitz (Papsavitz@floridabar.org)

Peter R. Ramsberger, Referee (spitts@jud6.org)


Respectfully submitted,

/s/ James J. Macchitelli

James J. Macchitelli

James J. Macchitelli
jimmymacclaw@gmail.com
Illinois Bar Number 6208773
1501 Perimeter Drive #400
Schaumberg, Illinois 60173
(847)-414-4532
Admitted Pro Hac Vice

# PLAINTIFF'S

# EXHIBIT "A"

Filing # 129205744 E-Filed 06/22/2021 07:54:56 AM

## IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

    Complainant,

v.

TERESA MARIE GAFFNEY,

    Respondent.

_____/

Supreme Court Case
No. SC-

The Florida Bar File Nos.
2018-10,184 (13C)
2018-10,542 (13C)

### **COMPLAINT**

The Florida Bar, complainant, files this Complaint against Teresa Marie Gaffney, respondent, pursuant to the Rules Regulating The Florida Bar and alleges:

1.    Respondent is and was at all times mentioned herein a member of The Florida Bar admitted on July 30, 1984 and is subject to the jurisdiction of the Supreme Court of Florida.

2.    Respondent resided and practiced law in Hillsborough County, Florida, at all times material.

3.    The Thirteenth Judicial Circuit Grievance Committee C found probable cause to file this complaint pursuant to Rule 3-7.4, of the Rules Regulating The Florida Bar, and this complaint has been approved by the presiding member of that committee.

## Count I
*TFB File 2018-10,184 (13C)*

4.      Paragraphs 1 through 3 are realleged and incorporated herein by reference.

5.      Respondent was a defendant in a real property matter titled *Baumann, Administer Ad Litem of the Estate of Gaffney v. Teresa Gaffney and Sarah Sussman, Individually and as Trustee of the Sussman Family Trust*, case no. **14-CA-003762**, in and for Hillsborough County, Florida.

6.      From about June 2014 to June 2015, respondent was represented by the firm of Walters Levin Klingensmith & Thomison.

7.      Beginning in or around April 2015, respondent was represented by her husband, attorney Dov Sussman.

8.      Respondent also filed a notice of appearance to represent the other defendant in the matter, respondent's and Mr. Sussman's daughter, Sarah Sussman.

9.      The matter concerned the transfer of real property from the estate of respondent's father to respondent and her daughter before respondent's father's death.

10.     The plaintiff in the matter, Phillip A. Baumann, as Administer Ad Litem of the Estate of John J. Gaffney, raised issues as to the legality of

2

those transfers and whether the property needed to be used to pay the estate's legal fees.

11.    On February 5, 2015, plaintiff filed a Notice of Taking Deposition of respondent.

12.    Respondent was noticed, through counsel, that her deposition was scheduled for March 11, 2015.

13.    The day before her scheduled deposition, and over a month after being scheduled for her deposition, respondent, through counsel, filed a Motion for Protective Order Regarding Notice of Taking Deposition.

14.    The motion failed to allege a sufficient legal basis for a protective order under Rule 1.280, Fla. R. Civ. P.

15.    Respondent and her counsel failed to schedule the motion for a hearing.

16.    Respondent was not excused by order of the court from appearing for her deposition.

17.    On March 11, 2015, after respondent failed to appear at her deposition, plaintiff's counsel filed a Verified Response to Teresa Gaffney's Motion for Protective Order and Motion for Sanctions.

18.    Plaintiff's counsel scheduled respondent's motion for protective order and plaintiff's response and motion for sanctions for a hearing.

19.    The court denied respondent's motion by order dated August 7, 2015, and directed respondent to cooperate in scheduling her deposition.

20.    Thereafter, respondent and her counsel failed to cooperate in scheduling her deposition.

21.    On August 13, 2015, plaintiff's counsel filed a Motion to Compel Discovery, in which plaintiff sought assistance from the court in scheduling the depositions of respondent and Mr. Sussman.

22.    The court held a case management conference on September 16, 2015, and entered its second order compelling respondent to appear for a deposition to occur on October 16, 2015.

23.    At the October 16, 2015 deposition, respondent claimed that she was representing her father when she prepared the deed that transferred an interest in her father's homestead to herself and that all communications she had with him concerning that deed were privileged.

24.    A hearing was held during the deposition, and the court overruled the privilege objection and directed respondent to answer the question.

25.    Thereafter, respondent refused to answer the question based upon the attorney client privilege in direct violation of the order of the court.

26.    On or about March 29, 2016, an evidentiary hearing was held on plaintiff's motion for sanctions and contempt of court, and respondent failed to appear for the hearing.

27.    Respondent and her counsel failed to communicate to plaintiff or the court any reason for the non-appearance at the scheduled hearing.

28.    The court found the plaintiff was prejudiced due to the misconduct of respondent and Mr. Sussman.

29.    On or about April 22, 2016, the court issued an Order Granting Motions For Sanction, Striking Pleadings, And Entering Default Against Defendants Teresa Gaffney and Sarah K. Sussman, Individually and as Trustee, which granted motions for sanctions, struck pleadings, and entered a default against respondent.

30.    The court stated in part that, "…this Court finds that those Defendants have willfully and intentionally frustrated the Plaintiffs attempts to justly, speedily, and inexpensively prosecute this case. The Defendants' have contumaciously disregarded this Court's authority, the Rules Regulating the Florida Bar and the Florida Rules of Civil Procedure. Accordingly, this Court is granting Plaintiffs' request that Defendants' affirmative defenses and counterclaims/crossclaims be stricken as a sanction, that attorneys' fees and costs be awarded and that an ultimatum

5

is imposed so that the defendants and their counsel will comply with the law. As will be ordered in detail below, Defendants will be given one, final opportunity to comply with the law. If either fails to do so, her or its answer will be stricken and final judgment will be entered against her or it."

31.    The court further stated that respondent and Mr. Sussman frustrated the plaintiff's attempts to prosecute the case by failing to clear deposition and hearing dates, failing to follow court orders, and failing to appear at depositions and hearings and frustrating attempts to set and conduct same.

32.    The court concluded that respondent's disobedience was willful, deliberate, and contumacious, rather than an act of neglect or inexperience.

33.    On or about April 25, 2016, respondent submitted an Affidavit to the court stating that in her opinion, Judge Huey's conduct was tantamount to sexual extortion under color of law.

34.    Respondent also stated that in her opinion, Judge Huey was stalking her and filing false statements, under the guise of a judicial order, as a judge, because she refused his alleged sexual advances.

35.    Respondent further stated that Judge Huey had made material misrepresentations in his order, just as he threatened that he would do if

she did not acquiesce to his alleged sexual advances, and that it appears that Judge Huey uses his position as Judge to coerce or threaten harm if one does not agree to sexual favors.

36.   On or about April 29, 2016, the court entered an Order Treating Affidavit of Gaffney as Amended Motion to Disqualify Judge and Order Granting Motion to Disqualify Judge.

37.   The subsequent judge reconsidered Judge Huey's Order of April 22, 2016, based upon Judge Huey's disqualification.

38.   The court ruled that the rulings within the April 22, 2016, order were legally correct based upon the record.

39.   On or about July 6, 2016, a hearing for defendants' Motion for Reconsideration was held and all matters were addressed.

40.   On or about July 12, 2016, the court entered an order denying the Motion for Reconsideration.

41.   The defendants filed a motion for reconsideration of the proceedings of July 6, 2016, but a hearing was never re-scheduled after it was canceled.

42.   On August 23, 2016, Mr. Sussman filed a Motion (Verified) to Disqualify Judge Barbas which attached an Affidavit by Ms. Gaffney.

43.     Respondent's Affidavit stated in part: "In reviewing the Transcript of July 6, 2016, Judge Rex Barbas expressly condoned the behavior of Judge Paul Huey, to wit, the overt sexual harassment and the fear of repercussions of the sexual advances of Judge Paul Huey. Further, Judge Rex Barbas expressly condoned the unlawfully hearings conducted by Judge Paul Huey in violation of Florida Statutes 38.10."

44.     The Motion (Verified) to Disqualify Judge Barbas was denied.

45.     On or about September 6, 2016, the court entered a default final judgment against the defendants for failure to comply with court orders after their pleadings were struck as a sanction on April 22, 2016.

46.     On or about September 19, 2017, the court entered an Order Striking Defendants' Motion for a Hearing on Subject Matter Jurisdiction, Standing, Statute of Limitations, Breach of Fiduciary, Conflict of Interests, Filing an Unlawful Lis Pendens.

47.     The court found that the defendants' motion again argued the same matters contained in their original motion for reconsideration following Judge Huey's disqualification.

48.     The court found that since a default had been entered and the issues regarding personal jurisdiction and subject matter jurisdiction had already been addressed (and taken up on appeal which was denied), the

motion was a nullity, since judgment has been entered and the default never set aside.

49.    The court further found that the defendants again filed yet another motion for reconsideration alleging the same matters that they had previously argued and were a part of the order of July 12, 2016.

50.    By order dated February 12, 2019, the Second District Court of Appeal per curiam affirmed the ruling of the lower court in case no. **2D17-4238**.

51.    On or about June 17, 2019, the plaintiffs filed a Motion for Order to Show Cause and to Enforce Final Judgment**.**

52.    On or about June 20, 2019, the defendants filed a motion to disqualify opposing counsel Mr. Kangas, alleging Mr. Kangas engaged in ex parte communications with both Judge Huey and Judge Barbas during the litigation and that the final order in the case was written or ghostwritten by Mr. Kangas.

53.    On July 11, 2019, the defendants filed a supplement to the motion to disqualify Judge Rex Barbas, making the same allegations as the motion for disqualification of Mr. Kangas.

54.    On July 12, 2019, an evidentiary hearing was held on defendant's motion for disqualification.

55.     On or about July 22, 2019, Mr. Sussman filed another motion to disqualify Judge Barbas stating in part the following: "Judge Barbas has endorsed the conduct of a judicial sexual predator and allowed to stand an order made by the judicial sexual predator in retribution for his denial by Gaffney."

56.     The motion further stated in part that: "In opening the hearing with a decidedly misogynistic comment, Judge Barbas effectively announced that no woman will be treated fairly in his court. The rule of law has been supplanted by misogyny."

57.     The motion also stated in part that: "The final order demonstrates the court's profound animus to women, the final order stands for the proposition that the sexual extortion engaged in by Judge Huey was acceptable and had no impact on Judge Huey's retaliatory order."

58.     Mr. Sussman's motion attached an affidavit by respondent.

59.     On or about July 23, 2019, the court denied both motions to disqualify.

60.     In the July 23, 2019 order, the court stated in part: "Regarding the allegations that the undersigned found nothing wrong with Judge Huey's alleged actions, this court never made that statement. The sanction order issued by Judge Huey was not vacated because there was a factual

and legal basis to conclude that the defendants were being obstructionists during the proceedings."

61.    The court also stated in part: "The litany of actions delineated by Judge Huey for the sanctions were never rebutted by Mr. Sussman in a hearing that lasted an entire half day. Moreover, at the conclusion of the hearing, the undersigned provided Sussman with another opportunity to comply with the rules of discovery, and the court would then consider withdrawing the sanctions order."

62.    The court further stated in part that: "The defendants make the bold allegation that the undersigned Judge 'had no problem with the conduct and behavior of Judge Huey…' The court reiterated that it was not conducting a hearing regarding the alleged actions by Judge Huey. The defendants continually try to mislead the court and whoever else reads their motions filled with misstatements and innuendo."

63.    In the July 23, 2019 order, the court further stated in part that: "It is evident that the defendants continue to make motions to obstruct the progress of this case by continually arguing matters that have been continuous [sic] ruled upon and affirmed on appeal."

64.    On or about September 16, 2019, the court entered an Order on Defendants' Motion for Relief from Judgment and Defendants'

Supplemental Motion for Relief from Judgment finding that no new issues had been raised by the defendants or that the issues raised should have been raised on appeal.

65.     On or about September 26, 2019, the plaintiffs filed a Motion for Order to Show Cause and to Enforce Final Judgment, alleging that after entry of final judgment on October 16, 2017, Sarah Sussman recorded a lis pendens that purported to claim an interest in the Clark Avenue property on March 25, 2019.

66.     The lis pendens was filed by respondent's husband, Mr. Sussman.

67.     On or about September 26, 2019, the court entered an Order on Plaintiff's Motion for Order to Show Cause and to Enforce Final Judgment and Directions to the Clerk of the Court.

68.     The court stated that the final judgment held that: (a) Deed was declared null and void; and (b) Respondent was enjoined against any further disposition of the said property.

69.     Subsequent to the issuance of the final judgment, respondent filed two claims of lien on the said property each in the amount of $285,000 and filed in Official record book 25334 pages 568-570 and book 26389 pages 822-824.

70.    The court found that the claims of liens filed by respondent were dispositions upon the property, subject to the final judgment in this case, and the claims of lien filed by respondent were direct violations of the court's final Judgment.

71.    The court ordered that respondent shall show cause why she should not be held in indirect criminal contempt for violating the injunction prohibiting her from making any disposition of the same property.

72.    The court held that the liens filed by Mr. Sussman on behalf of respondent were null and void and the clerk was ordered to strike them from the public records.

73.    On or about October 17, 2019, the court entered an Order Scheduling Continued Hearing stating that the Amended Motion for Judgment of Attorneys' Fees against Teresa Gaffney dated September 16, 2019 and Plaintiff's Motion for Judgment of Attorneys' Fees dated May 12, 2016, were scheduled to be heard on October 11, 2019.

74.    The hearing did not conclude and was continued on November 22, 2019.

75.    On or about October 10, 2019, opposing counsel entered into a Stipulation for Dismissal of Indirect Criminal Contempt in the interest of avoiding delays in the case.

13

76.     Opposing counsel agreed to dismiss the contempt but not the findings that respondent violated the Final Judgment or the striking of the liens filed in contravention of the final judgment.

77.     On or about October 25, 2019, the court entered an Order Granting Stipulation.

78.     On or about October 30, 2019, the plaintiff filed an Emergency Verified Motion for Order to Show Cause and to Enforce Final Judgment stating that, on October 11, 2019, the very next day following the stipulation on October 10, 2019, respondent filed two new notices of lis pendens against the same property.

79.     On or about October 31, 2019, the court entered an Order to Show Cause and Arraignment on Order to Show Cause finding that on the very next day following the parties stipulation, October 11, 2019, in disregard of the court's authority and the Final Judgment Upon Default, Ms. Gaffney effectuated two new dispositions of the Clark Avenue Property, through the filing of two separate notices of lis pendens recorded in the Official Records of Hillsborough County, Florida, at Book 27024, Page 769, and Book 27024 Page 770-71, respectively.

80.     These two separate notices of lis pendens each purport to secure $8,000,000.00 in damages alleged to be owed to respondent.

81.    The court ordered respondent to appear on November 7, 2019.

82.    The court heard arguments and on November 25, 2019, granted defendant's motion to dismiss and further considered striking the recorded lis pendens and the award of fees and costs as a sanction.

83.    On November 14, 2019, respondent filed a motion to disqualify Judge Barbas, alleging the court failed to provide respondent the opportunity to respond to the emergency motion and that she was being incorrectly held in contempt.

84.    By order dated December 12, 2019, the court ruled in part that: "However, based upon the constant misrepresentations by counsel for the Defendant and Defendant Gaffney herself, the undersigned finds that he can no longer be fair and impartial towards the Defendant Gaffney nor her attorney, Sussman. For that reason, and that reason alone, this court ORDERS AND ADJUDGES that Defendant's Motion to Disqualify / Recuse is GRANTED."

85.    On or about April 8, 2019, respondent filed a notice of appearance for the plaintiff in case no. **19-CA-002729**, *Sarah Sussman v. Kangas, Estate of Gaffney, Baumann*, of which Mr. Sussman was also representing the plaintiff.

15

86.    At a hearing on defendants' Motion to Transfer Case on or about June 12, 2019, plaintiff opposed such transfer.

87.    On or about June 27, 2019, Mr. Sussman filed a motion to disqualify Judge Barbas, alleging the same allegations that were alleged in case no. 14-CA-003762.

88.    On or about July 23, 2019, the court entered an Amended Order Denying Motions to Disqualify finding that the instant case was filed in the East Division of the Court (Plant City) in an obvious attempt at forum shopping.

89.    The court further found that because of the attempt by the plaintiff in this case to forum shop and circumvent the rulings of the court and the affirmation by the Second District Court of Appeals, it was incumbent on the court to thwart the attempted illegal usurpation of the court's authority.

90.    Respondent has brought multiple appeals related to the above-referenced cases.

91.    In one appeal, case no. **2D20-1713,** Teresa Gaffney v. Baumann, Kangas, Mr. Sussman filed a Reply to Respondent's Response to Writ of Prohibition on June 18, 2020, on behalf of the plaintiffs.

92.     In the Reply, Mr. Sussman stated that respondent does not believe she can get a fair trial, hearing or ruling from Judge Tesche Arkin or any Judge in the Thirteenth Judicial Circuit.

93.     The Reply states in part that:

> "Through a series of investigations it was uncovered that Judge Huey, Kangas, Baumann, Judge Barbas and Judge Tesche Arkin and others acted in concert to deprive [respondent] of her due process rights, her civil rights and her property and the property of others to coverup the predatory sexual nature of Judge Huey and to punish [respondent] and to cover up the theft of property of John J. Gaffney by Tyler and Patchett with the help of Kangas and Baumann."

94.     The Reply further stated that Judge Barbas found nothing wrong with Judge Huey demanding sexual favors for a favorable ruling and that Judge Barbas had refused to allow witnesses to testify against Judge Huey.

95.     Respondent has moved to recuse various judges, in addition to those mentioned above.

96.     Respondent has also brought a federal civil rights lawsuit in case no. **8:21-cv-00021-sdm,** *Teresa Gaffney, Sarah Sussman v. Judge Ficarrotta, Judge Huey, Judge Barbas, Judge Tesche Arkin*.

97.     An amended complaint was filed on January 12, 2021, and Exhibit 1 to the amended complaint contains an affidavit of respondent.

17

98.    Respondent's complaint filed against four (4) Hillsborough County judges, alleges the following, in part:

99.    "The defendants further elected to act as a rump legislature and re-write Florida Statute 415.1111 and Florida Statute 95.11 to further accommodate their goal of confiscation of the Plaintiffs property."

100.   "To achieve this goal, the Defendants colluded, conspired and combined to bring about their unlawful purpose and took the necessary steps to perfect their conspiracy. Having utilized an unlawful means to effectuate an unlawful goal the Defendants confiscated the property of the Plaintiffs; the Defendants then conspired, combined and colluded to award attorney fees and costs against Teresa Gaffney and Sarah Sussman on a flawed judgment in a case which the bench described as 'dead on arrival', i.e., meritless. The collusive and conspiratorial actions taken by the Defendants, individually and as a collective body, were taken in furtherance of a conspiracy to seize valuable property from the Plaintiffs."

101.   "The actions were taken under color of law so that the Defendants, individually and collectively, could successfully defraud the Plaintiffs and punish the Plaintiffs for exposing the theft of property and the outing of Defendant Judge Paul Huey for his predatory sexual conduct and

18

other related acts effectuated in contravention of the law and which acts were set in motion under color of law."

102.   "The Defendants are as responsible as these attorneys in the theft of the assets as the Defendants aided and abetted, covered up and relied on false and fraudulent orders."

103.   "There was an admission against interest made by Judge Huey - admitting to the sexual harassment and stating that the underlying state court case was never viable and should have been dismissed. Judge Huey further stated that he wants to get away from this case because he knows that he is 'in trouble'."

104.   "On or about 4 April 2014, the Defendants conspired to utilize an order of the Probate Court which order was forged and was known by the Defendants to be forged."

105.   "In the course and scope of the underlying meritless litigation, (i.e., 3762), as described more fully above, the Defendants fabricated evidence and obstructed discovery which would have exposed the fabrication of evidence."

106.   "The misconduct, deceit and fabrication of evidence exercised by the Defendants was the sine qua non necessary for the Defendants to visit harm on the Plaintiffs."

107.   "Specifically, the Defendants actively participated in, or personally caused, the abuse of the Plaintiffs in a manner calculated to coerce submission to the nefarious goals of the Defendants and, for the Defendants to unlawfully secure money and property belonging to the Plaintiffs. The modus operandi described in this complaint appears to be motivated by animus and/or bias, which racial bias and/or gender bias constituted a purposeful discrimination."

108.   "At all times relevant in this complaint, the named defendants did in fact combine, collude and conspire to achieve by concerted action the accomplishment of an unlawful purpose or, alternatively, the accomplishment of a lawful purpose by unlawful means. At all times relevant the defendants conspired to, and in fact accomplished acts, unlawfully, willfully, and maliciously that resulted in injury to the Plaintiffs."

109.   "In short, the Defendants did conspire to do an unlawful act, or acts, or to do a lawful act or acts by unlawful means."

110.   "The Defendants in this action perpetrated overt act or acts in the pursuance of their conspiracy directed at the Plaintiffs."

111.   The plaintiffs are seeking damages in excess of $1,000,000.

112.   By reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: **Rule 3-4.3** (Misconduct and

Minor Misconduct); **Rule 4-3.1** (Meritorious Claims and Contentions); **Rule 4-3.3(a)** (Candor Toward the Tribunal - False evidence; Duty to disclose); **Rule 4-3.4(c)** (Fairness to Opposing Party and Counsel - lawyer must not knowingly disobey an obligation under the rules of a tribunal); **Rule 4-3.5(c)** (Impartiality and decorum of the tribunal - Disruption of Tribunal); **Rule 4-8.2(a)** (Judicial and Legal Officials - Impugning Qualifications and Integrity of Judge or Other Officers); **Rule 4-8.4(a)** (violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another); **Rule 4-8.4(c)** (Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and **Rule 4-8.4(d)** (Engaging in conduct in connection with the practice of law that is prejudicial to the administration of justice).

## COUNT II
*TFB File No. 2018- 10,542 (13C)*

113.  Paragraphs 1 through 3 are realleged and incorporated herein by reference.

114.  On or about October 16, 2017, in Hillsborough County case no. **14-CA-3762**, the court entered a Final Judgment Upon Default declaring that real property located at 119 S. Clark Avenue, Tampa, Florida belonged to the Estate of John J. Gaffney.

115.  Respondent and her husband, Dov Sussman, were living at the property at the time.

116.  On October 17, 2017, a writ of possession was issued by the Hillsborough County Clerk to be served upon respondent and Mr. Sussman and return possession of the Clark Avenue Property to the Estate.

117.  On October 23, 2017, the Hillsborough County Sheriff served the Writ of Possession at the Clark Avenue Property.

118.  On October 24, 2017, the following documents were filed with the Clerk of the Bankruptcy Court in the Middle District of Florida, Tampa Division, case no. **8:17-bk-08959-RCT** on October 24, 2017: (1) a handwritten Petition for Voluntary Bankruptcy of Sarah K. Sussman (respondent's daughter); and (2) a certificate of credit counseling, purporting to evidence that Sarah K. Sussman had taken the credit counseling course required to be taken prior to filing for bankruptcy.

119.  On or about February 20, 2018, at the 341 Meeting of the Creditors, Sarah Sussman admitted that she was in Washington D.C. for the entire month of October.

120.  Ms. Sussman testified that she reviewed and signed the Voluntary Petition for Bankruptcy, that the forms were mailed (not e-mailed)

22

to her and that after reviewing and revising same she mailed (not e-mailed) the Voluntary Petition for Bankruptcy back to the original sender in Florida.

121.  It is impossible (using overnight mail) to mail an item on October 23 to a recipient in Washington D.C., and for that recipient to receive same, and place the items back in the mail so that the original sender receives the return package on October 24.

122.  With respect to the credit-counseling course required by 11 USC s. 109(h), the course was allegedly taken by Sarah Sussman between 6:33 p.m. and 7:35 p.m. on October 23, 2017.

123.  Sarah Sussman admitted that she was in Washington D.C. on October 23, 2017.

124.  The subpoenaed records of Debtorcc.org (online credit counseling company) evidence that the IP (internet protocol) address of the computer from which the course was allegedly taken by Sarah K. Sussman was physically located in Tampa, Florida.

125.  The records also showed that respondent paid for the course, and that respondent's own e-mail address was used to register for the course.

126.   On February 27, 2017, Ms. Sussman was asked under oath to explain how she could be in Washington D.C. and take the Credit Counseling Course on a computer physically located in Tampa, Florida.

127.   Ms. Sussman could not do so.

128.   Furthermore, in response to the Preservation Letter, respondent directed her daughter to destroy the computer used to take the class.

129.   Respondent stated, "So in November of '17, December, somewhere around that time period, the computer actually just died. I told her to smash the hard drive and just toss the computer, because it was bad looking and pretty bad. She does it. She smashes the computer and throws it – the hard drive, like you're supposed to and get rid of it."

130.   On November 20, 2018, the bankruptcy court granted a Motion for Sanctions against Sarah Sussman for Spoliation of Evidence.

131.   On June 30, 2019, the bankruptcy judge dismissed the case and entered a Memorandum Decision Following Trial on Contested Matters that outlined facts leading to the conclusion the debtor did not complete the credit counseling course and granted the Administrator's Motion to Dismiss Case for Debtor's Failure to Comply with § 109(h)(1) and 521(b) and for Debtor's Fraud on the Court.

132.  Ultimately, on September 19, 2019, the appellate court affirmed the trial court's decision finding the final judgment predated the establishment of the property in bankruptcy.

133.  Respondent assisted with the filing of Ms. Sussman's bankruptcy petition when Ms. Sussman did not own the property in question.

134.  By reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: **Rule 3-4.3** (Misconduct and Minor Misconduct); **4-3.1** (Meritorious Claims and Contentions); **Rule 4-3.3(a)** (Candor Toward the Tribunal - False evidence; Duty to disclose); **Rule 4-8.4(a)** (Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or indue another to do so, or do so through the acts of another); **Rule 4-8.4(c)** (Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and **Rule 4-8.4(d)** (Engaging in conduct in connection with the practice of law that is prejudicial to the administration of justice).

WHEREFORE, The Florida Bar prays respondent will be appropriately disciplined in accordance with the provisions of the Rules Regulating The Florida Bar as amended.



Katrina S. Brown, Bar Counsel
Florida Bar No. 85373
Lindsey M. Guinand, Bar Counsel
Florida Bar No. 100030
The Florida Bar, Tampa Branch Office
2002 N. Lois Ave., Suite 300
Tampa, Florida 33607-2386
(813) 875-9821
kschaffhouser@floridabar.org -Primary
lguinand@floridabar.org -Primary
nstanley@floridabar.org -Secondary
tampaoffice@floridabar.org -Secondary


Patricia Ann Toro Savitz, Staff Counsel
The Florida Bar
651 E. Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5839
Florida Bar No. 559547
psavitz@floridabar.org

26

## CERTIFICATE OF SERVICE

I certify that this document has been efiled with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida; with a copy provided via email to Jodi Anderson Thompson, Counsel for Respondent, at jodi@jodiathompsonlaw.com; and that a copy has been furnished by United States Mail via certified mail No. 7017 1450 0000 7821 0988, return receipt requested to Jodi Anderson Thompson, Counsel for Respondent, to her official bar address at 3637 S. Hesperides Street, Tampa, Florida 33629-8337; and to Katrina S. Brown, Bar Counsel, Lindsey M. Guinand, Bar Counsel, The Florida Bar, Tampa Branch Office, 2002 N. Lois Avenue, Tampa, Florida 33607, by email to kschaffhouser@floridabar.org, lguinand@floridabar.org, nstanley@floridabar.org, tampaoffice@floridabar.org, on this 22nd day of June, 2021.


Patricia Ann Toro Savitz, Staff Counsel

**NOTICE OF TRIAL COUNSEL AND**
<u>**DESIGNATION OF PRIMARY EMAIL ADDRESS**</u>

PLEASE TAKE NOTICE that the trial counsel in this matter are Katrina S. Brown, Bar Counsel, and Lindsey M. Guinand, Bar Counsel, whose address, telephone number, and primary and secondary email addresses are The Florida Bar, Tampa Branch Office, 2002 N. Lois Ave., Suite 300, Tampa, Florida 33607-2386, (813) 875-9821, and kschaffhouser@floridabar.org (Primary); lguinand@floridabar.org (Primary); nstanley@floridabar.org (Secondary); tampaoffice@floridabar.org (Secondary). Respondent need not address pleadings, correspondence, etc. in this matter to anyone other than trial counsel and to Patricia Ann Toro Savitz, Staff Counsel, The Florida Bar, 651 E Jefferson Street, Tallahassee, Florida 32399-2300, psavitz@floridabar.org.

## <u>MANDATORY ANSWER NOTICE</u>

RULE 3-7.6(h)(2), RULES REGULATING THE FLORIDA BAR,
PROVIDES THAT A RESPONDENT SHALL ANSWER A COMPLAINT.