# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TERESA M. GAFFNEY and SARAH K. SUSSMAN,

    Plaintiffs,

v.                                           Case No: 8:21-cv-21-CEH-CPT

RONALD FICARROTTA, PAUL HUEY, REX BARBAS, CAROLINE TESCHE ARKIN, HILLSBOROUGH COUNTY, PHILLIP A BAUMANN, MICHAEL R KANGAS, CHAD CHRONISTER, JONATHON CARLTON, GARY HARRIS, JASON G GORDILLO, PHILLIP A. BAUMANN, P.A. and HILLSBOROUGH COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon Plaintiff Teresa M. Gaffney's Emergency Motion for Entry of Temporary Restraining Order and Scheduling of Preliminary Injunction Hearing (Doc. 105).

Teresa M. Gaffney asks the Court to enjoin the Florida Bar, "through" certain Florida Bar officials, from holding her disciplinary hearing on July 18, 2022. She seeks this relief on an emergency basis. But, critically, those individuals are not parties to this action, and Gaffney fails to provide any argument as to why the Court should allow her to amend the Second Amended Complaint at this late stage of the litigation.

Therefore, as discussed in more detail below, the Court will deny the Emergency Motion.

## DISCUSSION

In this action, Teresa M. Gaffney and Sarah K. Sussman sue numerous defendants, including state-court judges, attorneys, Hillsborough Country, and the Hillsborough County Sheriff. *See generally* Doc. 53.

In the Emergency Motion, Gaffney contends that the Florida Bar filed a complaint against her and used "void orders" from a "conspiracy through ex parte communications" to enter "fixed orders" against her.[1] *Id.* at 4–5. She attaches the Florida Bar complaint to the Emergency Motion. *Id.* at 22–49. She highlights that the Florida Bar will hold a hearing on "whether it should revoke or suspend" her law license "or publicly reprimand" her on July 18, 2022. *Id.* at 6. She describes the Florida Bar complaint as a product of "unlawful retaliation for complaining about Judge Paul Huey's sexual harassment" and for her fight to keep her residence, which, she contends, was unlawfully taken from her. *Id.* at 9.

If the Florida Bar hearing proceeds, she contends, she will face "the loss of an important property right"—her law license—based on the decision of a tribunal "that is neither free of bias and/or the appearance of bias," in violation of her due process-rights. *Id.* As such, she seeks an order enjoining the Florida Bar "through" certain individuals, such as Florida Bar President Gary Lesser, from "holding [her]

---

[1] Attorney James J. Macchitelli represents Gaffney in this action. *See* Doc. 73.

2

disciplinary hearing on July 18, 2022, through July 29, 2022." *Id.* at 1, 11. She also asks for an order scheduling a hearing on her request for a preliminary injunction. *Id.* at 18.

But none of the individuals against whom she seeks injunctive relief is a party to this action. And the Court may not enter injunctive relief against a non-party. *See, e.g.*, *Infant Formula Antitrust Litig., MLD 878 v. Abbott Labs.*, 72 F.3d 842, 842–43 (11th Cir. 1995) (affirming the district court's denial of the class-plaintiffs' motion for injunctive relief against a non-party for lack of subject-matter jurisdiction); *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1255 (11th Cir. 2020) ("The district court exceeded its authority by purporting to enjoin the Supervisors, none of whom have ever been a party to this lawsuit."); *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838 (11th Cir. 2009) ("[I]t is axiomatic that courts may only enjoin parties before the court . . . ."); *Jackson v. Baisden*, No. 21-13004-J, 2022 WL 610314, at *5 (11th Cir. Feb. 22, 2022) ("[T]o the extent that Jackson requested injunctive relief against officials at his prison who were not parties to the instant action, the district court lacked subject-matter jurisdiction to grant him the relief that he requested.").[2]

Likely realizing this dilemma, Gaffney, while contemporaneously seeking this injunctive relief, asks the Court to allow her to amend the Second Amended Complaint to name these parties as defendants:

---

[2] In limited circumstances, an injunction may bind a nonparty, such as those "who aid and abet the party bound by the injunction in carrying out the prohibited acts." *ADT LLC v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017). *See also* Fed. R. Civ. P. 65(d)(2)(C). Gaffney neither identifies an exception, nor argues that an exception applies.

> Gary S. Lesser, President of The Florida Bar, in his official capacity, Lindsey M. Guinand, Chief Branch Discipline Counsel - Lawyer Regulation of The Florida Bar, in her individual capacity, Patricia Ann Toro Savitz, Staff Counsel of The Florida Bar, in her individual capacity, and Peter R. Ramsberger, Referee of The Florida Bar, in his individual capacity . . . .

Doc. 105 at 4.

But she fails to offer any argument or legal support for her proposed late amendment. The Case Management and Scheduling Order's deadline to amend the pleadings—May 14, 2021—passed a long time ago. Doc. 35 at 2. Indeed, Gaffney previously moved to amend before that deadline (Doc. 43), but the Court initially denied that request before later granting a renewed request (Doc. 50).

Federal Rules of Civil Procedure 15 and 16 guide the determination of whether to allow an untimely amendment to the pleadings. *Johnson v. R.J. Reynolds Tobacco Co.*, No. 2:12-cv-618-FtM-29UAM, 2013 WL 38922991, at *2 (M.D. Fla. July 26, 2013). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks omitted). "Only after finding good cause exists to modify the schedule will the court proceed to determine whether amendment to the pleading is proper." *Johnson*, 2013 WL 3892991, at *2.

Allowing Gaffney to amend the Second Amended Complaint would require amending the CMSO's deadline to amend the pleadings. But Gaffney offers no

argument for amending the CMSO under the good-cause standard articulated above. Nor does Gaffney argue the existence of excusable neglect as a basis for an untimely amendment to the Second Amended Complaint. Further, although she offers the Florida Bar's purported motives in filing the complaint against her as a basis for her proposed amendment, the Florida Bar filed that complaint over one year ago. Only now, on the eve of her disciplinary hearing, does she seek amendment on an "emergency" basis.[3] As such, the Court will deny Gaffney's request to amend the Second Amended Complaint.

Therefore, based on the foregoing reasons, the Court will deny Gaffney's requests for a temporary restraining order, a preliminary injunction hearing, an amendment of the Second Amended Complaint, and all other requested relief in the Emergency Motion.

Accordingly, it is **ORDERED** that Plaintiff's Emergency Motion for Entry of Temporary Restraining Order and Scheduling of Preliminary Injunction Hearing (Doc. 105) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 15, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[3] She also failed to confer with any of the defendants about her proposed amendment in accordance with Local Rule 3.01(g). Doc. 105 at 18.